IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., <br><br> Plaintiffs, Counterclaim-Defendants <br><br> v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br> Defendants, Counterclaim-Plaintiffs. | Case No. 1:22-cv-11378-RGS <br><br> JURY TRIAL DEMANDED |

**JOINT STATEMENT PURSUANT TO RULE 26(F) AND LOCAL RULE 16(D)**

Counsel for Plaintiffs ModernaTX, Inc. and Moderna US, Inc., and Defendants Pfizer, Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US, Inc., hereby submit the following Joint Statement to the Court pursuant to Rule 26(F) and Local Rule 16.1(D)

The parties have met and conferred and have reached agreement on a substantial number of provisions of a Proposed Scheduling Order, which is enclosed herewith as Exhibit 1. However, the parties have not been able to agree entirely on the case schedule. The parties have set forth their respective positions on their proposed schedules below:

1.    Case Schedule:

(a)    [Plaintiffs' Position]: Plaintiffs propose trial in July of 2024, which is roughly 23 months from when this case was filed and 18 months from the date of this submission. Plaintiffs' proposal is reasonable given the nature of the issues and parties in this case. There are three patents-in-suit, two of which are related and in the same family. The only accused product is the COVID-19 vaccine sold by Defendants. Plaintiffs' proposal allows for 11 months of fact

discovery, followed by 3 months of expert discovery. That is an ample amount of time to pursue the expected infringement, validity, and damages issues in this case. Further, the parties in this case are direct competitors and Plaintiffs require a prompt resolution to minimize disruption to its business by resolving the matter efficiently. *See Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, C.A. 18-12029-ADB, 2019 WL 1767394, at *8 (D. Mass. Apr. 22, 2019) (finding, in the context of a motion to stay, that "in cases involving direct competitors . . . 'there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement . . . , including the potential for loss of market share and an erosion of goodwill.'"). Plaintiffs' proposal is consistent with other patent infringement cases in this district involving competitors. *See, e.g., Siemens Gamesa Renewable Energy A/S v. General Electric Co., et al.*, C.A. No. 21-10216-WGY, Dkt. 62 (trial scheduled 12 months after Rule 16 conference); *Akamai Technologies, et al v. Digital Island, Inc., et al.*, C.A. 00-11851-RWZ, Dkt. 174 (same; 13 months). Defendants' proposal to defer trial until February of 2025 (*i.e.*, 30 months after the date of the complaint) results in a schedule that is unnecessarily long.

      (b)    [Defendants' Position]: The parties differ as to the schedule post *Markman* briefing. Pfizer and BioNTech have proposed a schedule applying the timeframes of the local rules, ensuring that the close of fact discovery, close of expert discovery, and trial fall within the 24-month period prescribed by Local Rule 16.6. Pfizer and BioNTech believe this is an expeditious, but fair, time frame to apply in the present case. The pleadings themselves reflect the significant stakes in the case, the substantial discovery anticipated (Moderna proposed and Pfizer and BioNTech agreed to Moderna's requests to exceed the limits of the Federal Rules with regard to discovery per side), and worked to clarify procedure for certain party discovery outside the United States. Moderna is not seeking injunctive relief, and waited months after Moderna claims

the pandemic ended (i.e., Moderna says March 7, 2022) to first file suit (despite its claims of prejudice as a "competitor"). This is not a case where an accelerated schedule faster than the local rules is justified or appropriate. While Moderna asserts that it has only alleged infringement of three patents, the claims and defenses associated with the history of those patents tracing back to 2010, the accused products (COVID vaccines), and defenses and counterclaims will entail a number of party and non-party fact witnesses, substantial expert disclosures, and potential dispositive motions to set the case for jury trial. As to the two orders cited by Moderna, each case stands on its own circumstances, and they are not precedent for setting a schedule more compressed than the local rules provide. To the contrary, the *Siemens* case before Judge Young was transferred in after the parties agreed to a two-year schedule, and the *Akamai* case is from 2001, long before the patent local rules were adopted, and involved expedited discovery and a preliminary injunction motion. Other cases in this district follow the local rules, *see, e.g., Inline Plastics Corp. v. Lacerta Group, Inc.*, No. 18-11631-TSH (Dkt. 25) (trial scheduled 24 months after Rule 16 conference). Given the magnitude, complexity, and discovery demands of this case, the time periods provided by the local rules are appropriate.

Date: January 13, 2023

Respectfully submitted,

*/s/ Lee Carl Bromberg*
Lee Carl Bromberg (BBO # 058480)
Erik Paul Belt (BBO # 558620)
Wyley Proctor (BBO # 666613)
**MCCARTER & ENGLISH, LLP**
265 Franklin Street
Boston, MA 02110
P: 617.449.6500
F: 617.607.9200
lbromberg@mccarter.com
ebelt@mccarter.com
wproctor@mccarter.com

*/s/ Kevin S. Prussia*
William F. Lee (BBO# 291960)
Emily R. Whelan (BBO# 646982)
Kevin S. Prussia (BBO# 666813)
Andrew J. Danford (BBO# 672342)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com

OF COUNSEL:

Thomas H. L. Selby*
Stanley E. Fisher*
Kathryn S. Kayali*
Michael Xun Liu*
D. Shayon Ghosh*
Julie Tavares*
Derrick M. Anderson*
Haylee Bernal Anderson*
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

*Attorneys for Defendant and Counterclaim Plaintiff Pfizer Inc.*

* Admitted *pro hac vice*

/s/ Jeffrey S. Robbins
Jeffrey S. Robbins, BBO #421910
Jeffrey.Robbins@saul.com
Joseph D. Lipchitz, BBO #632637
Joseph.Lipchitz@saul.com
Gregory M. Boucher, BBO #665212
Gregory.Boucher@saul.com
**SAUL EWING ARNSTEIN & LEHR LLP**
131 Dartmouth Street, Suite 501
Boston, MA 02116
Tel: (617) 723-3300

OF COUNSEL:

Bruce M. Wexler*
Eric W. Dittmann*
Young J. Park*
Simon F. Kung*
Rebecca A. Hilgar*
Ryan Meuth*
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212) 318-6000

andrew.danford@wilmerhale.com

Amy K. Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
amy.wigmore@wilmerhale.com

*Counsel for Plaintiffs ModernaTX, Inc. and Moderna US, Inc.*

4

*Attorneys for Defendants and Counterclaim Plaintiffs BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US, Inc.*