**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MODERNATX, INC., and MODERNA US, INC. <br><br> Plaintiff, <br><br> v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br> Defendants. | Case No. 1:22-cv-11378-RGS |

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activity in the above-captioned action may call for the production or disclosure of trade secret or other proprietary or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), other private or competitively sensitive information, and/or personally identifiable information for which protection from public disclosure and from use for any purpose other than prosecuting and defending the above-captioned action is warranted.  Accordingly, Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Moderna") and Defendants Pfizer Inc. BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US, Inc. (collectively, "Defendants") (Plaintiffs and Defendants may collectively be referred to herein as "Parties"), hereby stipulate to and ask the Court to enter this Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## I.     DEFINITIONS

1.1     "CONFIDENTIAL" Material means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "CONFIDENTIAL," based on the

- 1 -

Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals information or material not generally known and which the Producing Party would normally not reveal to third parties, including but not limited to:

(a)     Confidential business information;

(b)     Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, could result in competitive harm to the disclosing party;

(d)     Sensitive, non-public personal, client, or customer information concerning individuals or other entities; and

(e)     Information as to which applicable law – foreign or domestic, including but not limited to the EU General Data Protection Regulation – requires the equivalent of "Confidential" treatment or other protection from unauthorized disclosure as set forth in this Order.

1.2     Counsel (without qualifier) means Outside Counsel and In-House Counsel.

1.3     Designating Party means any Party or Non-Party that designates Discovery Material produced by itself or any other Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY."

1.4     Designated In-House Counsel means In-House Counsel who seek access to "CONFIDENTIAL" information in this action.  Unless otherwise agreed to by the Parties, Designated In-House Counsel means up to three (3) in-house attorneys for each of Pfizer and BioNTech and Moderna, who are identified below or by further notice to the other party:

For Pfizer.

(1)

(2)

(3)

For BioNTech.

(1)

(2)

(3)

For Moderna.

(1)

(2)

(3)

1.5     Discovery Material means all items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced in this action.

1.6     Expert and/or Consultant means a person with specialized knowledge or experience in a matter pertinent to this action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in this action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

1.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" based on the Producing

Party's reasonable and good faith belief that the Discovery Material would not otherwise be adequately protected under the procedures set forth herein for CONFIDENTIAL Material, and would constitute or reveal:

>       (a)      Confidential trade secret, know-how, personnel, financial, or other proprietary information the disclosure of which would result in competitive, commercial, of financial harm to the Producing Party or its personnel, clients, or customers;

>       (b)      Information that is likely to cause harm to the interests of individuals (e.g., research subjects or patients) who are not parties to this litigation.

1.8      In-House Counsel means attorneys employed by a Party to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with this action.

1.9      Non-Party means any natural person or entity that is not a named Party to this action.

1.10      Outside Counsel means attorneys who are not employees of a Party and who have entered an appearance in this action, along with attorneys (including discovery attorneys), paralegals, and other support personnel (including temporary or contract staff) assisting them with this action.

1.11      Party means any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support personnel).

1.12      Privileged Material means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.13   Producing Party means any Party or Non-Party that produces Discovery Material in this action.

1.14   Professional Vendors means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.15   Protected Material means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.16   Receiving Party means any Party or Non-Party that receives Discovery Material from a Producing Party.

## II.   SCOPE

2.1   The protections conferred by this Order cover not only Protected Material, but also:

(a)   Any information copied or extracted from Protected Material;

(b)   All copies, excerpts, summaries, or compilations of Protected Material; and

(c)   Any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

2.2   The protections conferred by this Order do not cover the following information:

(a)   Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through litigation or otherwise; and

(b)     Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(c)     Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III.    DURATION

3.1     The confidentiality obligations imposed by this Order shall remain in effect (including after an order, mandate, or dismissal terminating this action with prejudice) until the Designating Party agrees otherwise in writing, this Court orders otherwise, or the information is made public by the Designating Party.

## IV.    DESIGNATING PROTECTED MATERIAL

4.1     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     <u>For documents in hardcopy form or any other tangible items</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material in such a way so as not to obscure any part of the text or content or in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored.

(b)     <u>In the case of electronically stored documents</u>, that the Producing Party note on the image for each document or in the file name when noting on the image is not practicable, in any suitable and readily viewable manner, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Whenever a Receiving Party to whom

electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation to such document.

          (c)    <u>For deposition transcripts,</u> that the Designating Party or Non-Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  Alternatively, a Designating Party or Non-Party may specify, at the deposition, or up to 30 days after receipt of the final transcript or recording that (1) the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or (2) the designating Party or Non-Party may designate the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days, subject to any other time periods agreed upon by the Parties and Non-Parties, shall be covered by the provisions of this Protective Order.

      The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated

"'"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, and any extensions agreed upon by the Parties (and Non-Parties where applicable), the transcript shall be treated only as actually designated.

(d)     For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the report.

(e)     Use of material designated "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" in exhibits to pleadings or other documents filed with the Court and trial exhibits must be carefully limited to the portion(s) of the document actually being used.

4.2     Inadvertent Failures to Designate: If corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material of the Producing Party learning of the inadvertent failure to designate.  The Party discovering such inadvertent failure to designate must promptly notify counsel for the Receiving Party in writing.  Upon such notification of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order and notify the Producing Party of any disclosure of the Protected Material, including identifying the persons or entities to whom the Protected Material was disclosed, within ten days of the notification by the Producing Party.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation upon its notification to the Receiving Party.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order.

4.3     Upward Designation of Information or Items Produced by Other Parties or Non-Parties: A Party may upward designate (i.e., change any Discovery Material produced without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to one of those designations, or change any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section V regarding challenging designations.

4.4     Privilege Logs: Each party shall provide a privilege log in accordance with the Standard for Discovery, Including Discovery of Electronically Stored Information (ESI Protocol) filed in this case.  In accordance with that document, the parties are not required to log documents marked "REDACTED—PRIVILEGED," and are not required to include any information regarding information generated after the filing of the complaint.

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The Designating Party shall, within five business days after service of the written notice, advise the objecting Party, in writing, of the basis for its designation or re-designation.  The objecting Party and the Designating Party shall, within five business days after service of the written objections, meet and confer concerning the objections, unless otherwise agreed.  The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

5.3    <u>Judicial Intervention</u>: If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 5.2, the Party challenging the designation may seek relief within 10 business days from the Court in accordance with its rules and procedures.  At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling.

## VI.   ACCESS TO AND USE OF DISCOVERY MATERIAL

6.1   Basic Principles.  A Receiving Party may access or use Protected Material that is disclosed or produced by a Producing Party only in connection with the investigation of, prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to the claims and defenses that have been or may be asserted in this action or any related appellate proceeding.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any other business or commercial purpose.  With respect to disclosure of Discovery Material as required by law, the party intending to reveal such Discovery Material shall provide reasonable notice and opportunity to object to the party that produced the Discovery Material, unless consent from the party that produced the Discovery Material was previously obtained.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this action, each Receiving Party must comply with the provisions of Section 12.1, below.

6.2   This Order does not preclude any Party or Non-Party from using Protected Material with the written consent of the Designating Party or by order of a court of competent jurisdiction.

6.3   The recipient of any Protected Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order.

6.4     _Disclosure of Confidential Material_: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed by a Receiving Party only to the following persons:

(a)     The Receiving Party's Outside Counsel

(b)     Designated In-House Counsel of the Receiving Party;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

(d)     The Court and its personnel;

(e)     Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(f)     Court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action;

(g)     The author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(h)      During their depositions, witnesses who testify pursuant to Federal Rule of Civil Procedure 30(b)(6) may be shown Confidential Material designated by the party producing the witness, unless otherwise agreed by the Designating Party or ordered by the Court;

(i)      Professional jury, trial, or litigation consultants, mock jurors, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)      Any other person agreed to by the Designating Party in writing; and

(k)      Any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

6.5      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed by a Receiving Party only to the following persons:

(a)      The Receiving Party's Outside Counsel

(b)      Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

(c)      Designated In-House Counsel of the Receiving Party who have signed both the "Agreement To Be Bound By Protective Order" (Exhibit A), and "Certification of Non-

Competitive Decision-Maker" (Exhibit B).   Designated In-House Counsel shall maintain

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents at a secure location

(such as a password protected folder or locked cabinet) accessible only by the Designated In-

House Counsel.

(d)        Before sending any copy of a HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY document to the Designated In-House Counsel, Outside Counsel

shall use reasonable efforts to first mark such document with an additional legend indicating the

name of the Designated In-House Counsel to whom the document is being provided, e.g.,

"PROVIDED TO [NAME]," except that documents containing attorney work product and/or

expert reports (including drafts thereof) do not need to be marked solely because they reference

information from HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents.

Notwithstanding this paragraph, Designated In-House Counsel may receive copies of any

documents marked HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY used during a

court hearing or deposition, regardless of whether such documents have been marked.  For the

avoidance of doubt, the selection of documents for provision to Designated In-House Counsel

shall retain its attorney work product protection and communications with In-House Counsel

shall retain their attorney client privilege, and nothing in this Protective Order shall waive any

privilege or immunity.  For the further avoidance of doubt, nothing in this paragraph shall be

construed as permitting any discovery relating to the provision of documents to Designated In-

House Counsel, including identification of such documents or their disclosure.

(e)        The Court and its personnel;

(f)        Special masters, mediators, or other third parties who are appointed by the

Court or retained by the Parties for settlement purposes or resolution of discovery or other

disputes and their necessary personnel and, in the case of persons retained by the Parties, who

have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(g)     Court reporters and/or videographers, their staffs, and Professional

Vendors who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) to the

extent that such disclosure is reasonably necessary for this action;

(h)     The author, addressees, or recipients of the document, or any other natural

person who reviewed or had access to such document during his or her employment as a result of

the substantive nature of his or her employment position, or who is specifically identified in the

document or its accompanying metadata;

(i)     During their depositions, witnesses who testify pursuant to Federal Rule of

Civil Procedure 30(b)(6) may be shown Confidential Material designated by the party producing

the witness, unless otherwise agreed by the Designating Party or ordered by the Court;

(j)     Professional jury, trial, or litigation consultants, and Professional Vendors

to the extent that such disclosure is reasonably necessary for this action who have signed the

"Agreement To Be Bound By Protective Order" (Exhibit A) and only as permitted by section 6.7

below; and

(k)     Any other person agreed to by the Designating Party in writing.

(l)     Any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

material produced in discovery shall be made available in an electronic format allowing it to be

reasonably reviewed and searched.  The Receiving Party's Outside Counsel shall host any

electronically stored "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material at

their offices and/or the offices of any data hosting Professional Vendor, provided that only

Outside Counsel (and their support staff) and the hosting Professional Vendor shall have direct

access to the database(s) that store the entirety of the production of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material;

6.6     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts or Consultants.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert or Consultant any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that provides (1) the full name of the Expert or Consultant and the city and state of his or her primary residence and (2) the Expert or Consultant Professional Vendor's current resume, (3) the Expert's qualifications, including a list of all publications the Expert authored in the previous five years and a list of all other cases in which the Expert or Consultant testified as an expert at trial or by deposition in the previous four years, and (4) any work the Expert or Consultant has previously undertaken for or against any of the Parties.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert or Consultant unless the Party receives a written objection from the Designating Party within five business days of delivering the request, or as otherwise agreed by the parties.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within _five_ business days of the written objection, or as otherwise agreed by the parties.  If no agreement is reached, the Party

- 16 -

seeking to prevent the disclosure to the Expert or Consultant must initiate the applicable dispute resolution mechanism within three days.

In any such proceeding, the Party opposing disclosure to the Expert or Consultant shall bear the burden of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

## VII.   PROSECUTION, FDA, AND COMPETITION BAR

7.1     Absent consent from the Producing Party and/or further order of this Court, from the date of this Protective Order forward, any individual who accesses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including but not limited to outside counsel of record under paragraph 1.10 (an "accessing individual"), shall not be involved, on behalf of any party, in the preparation or prosecution of any patent applications having claims encompassing RNA vaccines, ionizable lipids, or lipid nanoparticles, including manufacture or use thereof, for the duration of this Action and for one year after entry of final judgment from which no appeal may be taken (or the dismissal of this Action). This provision shall not preclude an accessing individual's involvement in opposition, inter partes review, or other post-grant proceedings before the United States Patent and Trademark Office or any foreign patent-granting authority, provided that the accessing individual is not involved in any aspect of drafting or amending patent claims.

7.2     Absent consent of the Producing Party and/or further order of this Court, any individual who accesses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not directly or indirectly participate in the preparation or submission of any Citizen Petition that would prohibit or delay approval of another Party's product containing RNA vaccines for the duration of this Action and for one year after entry of final judgment from which no appeal may be taken (or the dismissal of this Action). For

purposes of clarity, accessing individuals shall be permitted to counsel their own Party concerning obtaining approval for the Party's own BLA, or other regulatory drug or biologic application, including responding to Citizen Petitions and/or deficiency correspondence. Any person participating in the preparation or submission of such a response or comment shall be prohibited from using "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information produced by any other party.

      7.3     Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in any Competitive Decision-Making (strategic business decisions, including marketing, financial, product development/design, and pricing decisions, on issues affecting competition) relating to or relevant to RNA vaccines, including the manufacture or use thereof, for the duration of this Action and for one and a half years after entry of final judgment from which no appeal may be taken (or the dismissal of this Action) without first obtaining (1) consent from the Producing Party or (2) an order from the Court.  Competitive Decision-Making shall be interpreted consistently with the Federal Circuit's decision in *In re Deutsche Bank*, 605 F.3d 1373 (Fed. Cir. 2010), and shall not include decision-making as an attorney related to this Action.

      7.4     The foregoing restrictions of Paragraphs 7.1 through 7.3 shall apply only to individuals accessing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" of another party, and not to the firms or organizations by which they are employed.  The Prosecution, and FDA Bars shall begin when an individual first accesses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information, and the Competitive Decision-Making Bar shall begin when an individual first accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including identifying the persons or entities to whom the disclosure was made, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A).  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

## IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1     Pursuant to Federal Rule of Evidence 502(d), the production of documents or materials that the Producing Party thereafter claims to be subject to the attorney-client privilege, work-product immunity, or other privilege or immunity ("Privileged Information") shall not constitute a waiver of, or estoppel as to, any claim of privilege or other protection, either as to the Protected Information or as to any other documents or communications embracing the same or similar subject matter, in the above-captioned action or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9.2     Upon discovery by a Producing Party (whether by notice from the Receiving Party or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within five business days of such discovery, request the return or deletion of such Privileged Information by sending a written notification ("Clawback Notice") to the Receiving Party, which shall identify the documents or ESI in question by Bates number or otherwise.  If the Producing Party discovers that Privileged Information has been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing Party may orally request the destruction of the information and that the Receiving Party immediately cease examination or argument regarding the document.  Upon such an oral request, the Receiving Party shall immediately cease examination or argument regarding such information, with the exception of eliciting testimony or providing argument regarding the facts that would otherwise be provided on a privilege log.  The Producing Party shall provide written notice, as discussed above, within five business days of any oral request regarding Privileged Information.  For purposes of this Protective Order, "discovery" shall mean "actual notice;" the production of Privileged Information alone is insufficient to constitute actual notice.

9.3     After receiving a Clawback Notice from the Producing Party that documents or materials subject to the attorney-client privilege, work-product immunity, or other protection have been produced, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  In addition, the Receiving Party shall return the documents or materials and all copies within five days from receiving notice, or provide written confirmation of the destruction of the original and all copies of the identified documents, including all documents and things generated by a Receiving Party which contain information derived, including through summary, description, or quotation, from the

returned/destroyed materials.  The Receiving Party shall not utilize the information contained in

the returned/destroyed documents or materials for any purpose, or disseminate or transmit such

information.  The Producing Party shall, within fourteen days of the date of the Clawback

Notice, reproduce any document or ESI that is comprised only partially of Privileged

Information with the Privileged Information redacted.

(a)     If the Receiving Party wishes to contest that any such document or thing is

protected by the attorney-client privilege, work-product immunity, or other protection mandated

by local law, the Receiving Party shall so notify the producing party in writing when the

document or thing is returned to the Producing Party or destroyed by the Receiving Party

("Notice of Designation").

(b)     Within five business days after receiving a Notice of Designation, the

Producing Party shall provide to the Receiving Party for each such document or thing a

description of the basis for the claim of privilege, immunity, or other protection.

(c)     Within five business days after the Receiving Party receives such

description, the parties shall meet and confer in a good faith attempt to resolve the dispute.  In

the event that the Parties do not resolve their dispute, within five business days of the meet and

confer, the Receiving Party may seek relief from the Court to compel production of such

documents and things, the protection of which is still disputed.  In any such motion to compel

production of the returned/destroyed document, the Receiving Party shall not rely upon in any

manner or assert as a ground for ordering production the fact, circumstances, or contents of the

production.  Any such motion shall be filed under seal.

(d)     The parties may agree in writing to extend the time periods set forth in (b)

and (c) above.

(e)     The Producing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the information in question.

(f)     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced. If a Receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the Producing Party, and identify the document(s) or ESI in question, within ten business days of such discovery.

(g)     Nothing in this order limits the right of any party to petition the Court for an in camera review.

(h)     This order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use information produced under this order to support a claim or defense.

## X.     FILING PROTECTED MATERIAL

10.1     A Party that seeks to file any Protected Material must file under seal in accordance with the Court's procedures.  Any Party that submits any filings under seal is responsible for preparing and filing timely a redacted version of such filings.  The Designating Party shall provide reasonable assistance in identifying any portions of the documents that contain Protected Material and require redaction.

## XI.     FINAL DISPOSITION

11.1     Within sixty days after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, Expert work product, work product of Professional Vendors, and work product of jury consultants, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

11.2    This Order shall survive the termination of this action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## XII.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

12.1    Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its

own prior designation with respect to its own "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material.

## XIII.   LEGAL PROCESS

13.1     If a Receiving Party is served with a discovery request, subpoena, or an order

issued in other litigation, or receives some other form of legal process or request from any court,

federal or state regulatory or administrative body or agency, legislative body, self-regulatory

organization, or other person or entity purporting to have authority to require the production

thereof, that seeks disclosure of any information or items designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

Receiving Party must promptly notify, to the extent permitted by law and the rules, requirements,

or requests of any relevant governmental or self-regulatory organization, the Designating Party,

in writing (by electronic mail and overnight courier, if possible), and shall provide the Producing

Party with an opportunity to object to the production of such materials.

13.2     The notice shall include a copy of the discovery request, subpoena, order, or other

form of legal process.

13.3     If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

determination by the court from which the subpoena or order issued, unless the Party has

obtained the Designating Party's permission.  The Designating Party shall bear the burden and

expense of seeking protection in that court of its confidential material and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to

disobey a lawful directive from another court.

## XIV.   NON-PARTIES

14.1    Any Party, in seeking discovery from Non-Parties in connection with this action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to any Party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order with respect to designating material as Protected Material set forth in this Order for the Parties to this action.  Any Non-Party producing Discovery Material or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

## XV.   NOTICES

15.1    All notices required by this Order must be provided by email to Outside Counsel of record for each Party.  If applicable, notices to a Non-Party shall be in writing.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

## XVI.   AMENDMENT OF ORDER

16.1    This Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Order is believed by any Party to be inadequate, and nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause, in the form of a written Amended Stipulated Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections

on a case-by-case basis, including, without limitation, an order that certain information may not be discovered at all.

## XVII.  MISCELLANEOUS

17.1    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17.2    <u>No Modification of Privileges</u>: Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, drafts of any reports or disclosure required under Federal Rule of Civil Procedure 26(a)(2), (unless privilege over the draft has otherwise been waived) and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

17.3    <u>No Waiver</u>: Review of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as permitted in Section VI above in connection with this action shall not waive the confidentiality of the information or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

17.4    <u>Execution</u>: This Order shall become effective as a stipulation as among the executing Parties immediately upon written agreement of the Parties, subject to any subsequent modifications if and when so-ordered by the Court.  Execution of this Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any document,

communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

17.5    <u>Successors</u>: This Order shall be binding upon the Parties hereto, their successors, and anyone else who obtains access to Protected Material.

17.6    <u>Other Proceedings</u>: By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Protected Material shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SO ORDERED this __1st__ day of __May_____, 2023.


**/s/ Richard G. Stearns**
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MODERNATX, INC., and MODERNA US, INC.<br><br>                    Plaintiff,<br><br>                    v.<br><br>PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,<br><br>                    Defendants. | Case No. 1:22-cv-11378-RGS |

**<u>Agreement To Be Bound By Protective Order</u>**

I, _____, have been informed that on _____,

the U.S. District Court for the District of Massachusetts entered a protective order in the above-

captioned litigation (the "Protective Order"). I have read the Protective Order and I agree to

abide by the obligations of the Protective Order as they apply to me. I agree to not email or

otherwise share any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" material to anyone except as required pursuant to my work on

this case. I agree to promptly and securely destroy and copies of material designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

including both electronic and printed copies, as soon as they are no longer necessary for my

work on this case. I voluntarily submit to the jurisdiction of the U.S. District Court for the

District of Massachusetts for purposes of any proceeding related to the Protective Order,

including my receipt or review of information that has been designated as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."


Dated: _____        Signature: _____

Printed Name: _____

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MODERNATX, INC., and MODERNA US, INC. <br><br>                    Plaintiff, <br><br>                    v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br>                  Defendants. | Case No. 1:22-cv-11378-RGS |

**CERTIFICATION OF NON-COMPETITIVE DECISION-MAKER**

I, _____ [print or type full name] am the

_____[job title] at

_____[party name].  I am not involved in strategic business decisions (including

marketing, financial, product development/design, and pricing decisions, on issues affecting

competition) relating to or relevant to RNA vaccines, including the manufacture or use thereof.

If at any time after I execute this Certificate of Non-Competitive Decision-Maker and

during the pendency of the Action I become an employee of a competitor of the opposing Party,

or if I become a competitive decision maker at my employer, I will promptly inform the counsel

for my employer, and I will not thereafter review any Designated Materials marked by the

opposing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and

until the Parties agree or the Court orders otherwise. I have read the contents of the Protective

Order and agree to abide by its provisions. I further consent to the jurisdiction of the Court to resolve any issues with respect to my compliance with the Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]