IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MODERNATX, INC. and MODERNA US, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,<br><br>Defendants. | Case No. 1:22-cv-11378-RGS<br><br>**FILED UNDER SEAL** |

**DECLARATION OF YOUNG J. PARK IN SUPPORT OF MOTION TO COMPEL
SUPPLEMENTAL RESPONSES TO INTERROGATORY NOS. 1, 2, 4, AND 7**

I, Young J. Park, hereby declare:

1. I am an attorney with the law firm Paul Hastings LLP, and counsel for Defendants BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (together, "BioNTech"). I have personal knowledge of the facts contained in the declaration and, if called upon to do so, I could and would testify competently to the matters herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs ModernaTX, Inc. and Moderna US, Inc.'s ("Plaintiffs" or "Moderna") Responses and Objections to Interrogatory Nos. 1, 2, 4, and 7 in Plaintiffs' Responses and Objections dated March 9, 2023 to Defendants' First Set of Common Interrogatories (Nos. 1-11), which were served by Defendants BioNTech and Pfizer Inc. ("Pfizer") (collectively, "Defendants") on February 3, 2023.

3. Attached hereto as **Exhibit 2** is a true and correct copy of a letter dated March 21, 2023 sent by counsel for Defendants to counsel for Plaintiffs.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of a letter dated April 10, 2023 sent by counsel for Plaintiffs to counsel for Defendants.

5.      Attached hereto as **Exhibit 4** is a true and correct copy of a letter dated April 28, 2023 sent by counsel for Defendants to counsel for Plaintiffs.

6.      Attached hereto as **Exhibit 5** is a true and correct copy of a letter dated May 10, 2023 sent by counsel for Plaintiffs to counsel for Defendants.

7.      Attached hereto as **Exhibit 6** is a true and correct copy of a letter dated June 30, 2023 sent by counsel for Plaintiffs to counsel for Defendants.

8.      On April 18, 2023, I participated in a discovery conference that lasted for about an hour on behalf of BioNTech with the parties in this action, including Michael Liu, on behalf of Pfizer, and Kevin S. Prussia, on behalf of Plaintiffs. We discussed Plaintiffs' deficient responses to Defendants' First Set of Common Interrogatories and the parties' positions as set forth in their respective letters (Exs. 1 to 3), and I explained, *inter alia*, how Plaintiffs' responses fail to respond to the interrogatories as presented.

9.      During the discovery conference, I recall discussing with counsel for Plaintiffs their objections to responding, which included the following expressed positions:

- As to Interrogatory No. 1, Plaintiffs contended that Defendants were seeking expert opinions.

- As to Interrogatories Nos. 2 to 4, Plaintiffs contended that the word "conceive" was a term used in patent law with a special meaning.

- As to Interrogatory No. 4, Plaintiffs contended that the patentees disclosed a betacoronavirus "spike protein" that constituted a "genus," that SARS-

        CoV-2 was a type of betacoronavirus and "species" in that genus, and that the disclosure of a genus effectively disclosed its species.

- As to Interrogatory No. 7, Plaintiffs represented that a publication disclosing the complete mRNA sequence of Spikevax® exists but declined to identify it in response to the interrogatory because, *inter alia*, they were not obligated to cite every responsive document and the publication was available to Defendants.

10.    The conference concluded as to Interrogatory Nos. 1 to 4 and 7 with Plaintiffs declining to reconsider their responses, and not agreeing to supplement.

11.    On June 30, 2023, the parties had another discovery conference that lasted about one hour, which I attended on behalf of BioNTech, along with Michael Liu, on behalf of Pfizer, and Kevin Yurkerwich, on behalf of Moderna. I explained once more that, *inter alia*, Plaintiffs' responses to Defendants' Interrogatory Nos. 1 to 4, and 7 fail to respond to the interrogatories as presented, and that Defendants would have to seek relief from the Court if Plaintiffs continued to refuse to supplement their responses.

12.    During the discovery conference, Plaintiffs continued to disagree that their interrogatory responses were deficient, and did not agree to supplement their response to Interrogatory No. 1. Plaintiffs said that they would follow up in a letter as to whether they would consider supplementing their responses to Interrogatory Nos. 2 to 4, and 7 as Defendants requested.

13.     Later that day on June 30, 2023, Plaintiffs sent a letter to Defendants (Ex. 6) setting forth their positions following the discovery conference.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of July, 2023, in New York, New York.

*/s/ Young J. Park*
Young J. Park

## **CERTIFICATE OF SERVICE**

  I, Gregory M. Boucher, hereby certify that on July 5, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court via email pursuant to the Court's July 5, 2023 Order (Dkt. 90) granting in part Defendants' Motion to Seal (Dkt. 87), and I simultaneously served notice of such filing to all counsel of record to their registered electronic mail addresses.

              */s/ Gregory M. Boucher*
              Gregory M. Boucher (BBO# 665212)