# Exhibit 3

**WILMERHALE**

April 10, 2023

**Kevin S. Prussia**

+1 617 526 6243 (t)
+1 617 526 5000 (f)
kevin.prussia@wilmerhale.com

<u>Via E-Mail</u>

Ryan Meuth
Paul Hastings
200 Park Avenue
New York, NY 10166

Re: *ModernaTX, Inc. and Moderna US, Inc., v. Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.*, Case No. 1:22-cv-11378-RGS, Plaintiff's Responses to Defendants' First Set of Common Interrogatories (Nos. 1-11)

Dear Mr. Meuth,

ModernaTX, Inc. and Moderna US, Inc. ("Moderna") are in receipt of Pfizer Inc. ("Pfizer"), BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.'s ("BioNTech") (collectively, "Defendants") March 21, 2023 letter regarding Moderna's objections and responses to Defendants' First Set of Common Interrogatories (Nos. 1-11). I write in response to the same.

## General Objections

Defendants state that they "will not dwell on our disagreement with Moderna's general objections to the extent Moderna in fact provides responses to the Interrogatories." Defendants, however, identify only two of Moderna's General Objections in their letter. To the extent Defendants object to any of Moderna's other General Objections, Defendants have failed to explain the basis for their objection. For the avoidance of doubt, Moderna reserves all rights outlined in its General Objections.

As to General Objection No. 12, in which Moderna objected to "any Interrogatory to the extent that it seeks discovery of documents and/or information not limited to the Patents-in-Suit," Defendants contend that it is "artificially narrow." Moderna disagrees that the objection is artificially narrow. The Patents-in-Suit are the touchstone of this patent infringement lawsuit and it is hard to see how an Interrogatory not related to the subject matter of a patent in suit could be requesting relevant information. In any event, to the extent Defendants identify a specific Interrogatory they believe calls for documents and/or information not related to the Patents-in-Suit to which Moderna has failed to respond, Moderna will take Defendants' objection under consideration.

**WILMERHALE**

Ryan Meuth
Via E-Mail
Page 2

As to General Objection No. 21, Moderna maintains that many of Defendants' Interrogatories are compound and that Defendants have exceeded 20 common interrogatories. Notwithstanding that Objection, Moderna will respond to the interrogatories as detailed below.

## Specific Objections

**Interrogatory No. 1.** Moderna's response, which provides pinpoint citation (by page and line) to the disclosures in the relevant provisional applications that support the Asserted Claims, is appropriate. Moderna's response identifies the relevant applications for each patent family and shows ample written description support for the claims in those applications. As best as we can tell, Defendants' primary issue appears to be that Moderna cites too much written description support. Letter at 2 (complaining that the response spans "[s]even pages"). Of course, the breadth of Moderna's response does not make the response "[n]on-[r]esponsive," rather it reflects that the applications contain a robust description of many embodiments covered by Moderna's claims. In any event, Defendants have not yet identified any prior art that would make Moderna's priority claim an issue at this time. *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008).

**Interrogatory No. 2.** Moderna's response is appropriate. The full paragraph in the Complaint, which you selectively quote, states: "In 2010, Moderna scientists began studying new chemical modifications to the mRNA that could better avoid provoking an immune response. That work led to the discovery that mRNA molecules with a specific modification in which uridine is replaced with 1-methylpseudouridine were surprisingly superior to other chemically-modified mRNAs." Dkt. 1 ¶ 5. That discovery is part of the invention disclosed and claimed in the '574 patent. The Interrogatory seeks information specifically related to these discoveries, and Moderna answered Defendants' Interrogatory accordingly. Moderna's response is not a "pivot" away from these statements in Moderna's Complaint—it is entirely consistent with them. Moderna is not aware of anyone having made such discoveries prior to Moderna.

**Interrogatory No. 3.** Once again, Moderna's response is appropriate. The full paragraph in the Complaint, which you selectively quote, states that "Moderna's scientists made the groundbreaking discovery that replacing uridine in the mRNA molecule with 1-methylpsuedouridine resulted in surprisingly superior protein production—a severalfold increase over chemically-modified mRNAs studied before—with a significantly reduced immune response against the mRNA itself. Moderna further discovered that packaging that chemically-modified mRNA in a lipid nanoparticle formulation allowed for the efficient delivery of the mRNA to cells." Dkt. 1 ¶ 57. That discovery is part of the inventions described and claimed in the Patents-in-Suit, including the disclosure in the provisional applications Moderna cited. The Interrogatory seeks information specifically related to these discoveries, and Moderna answered Defendants' Interrogatory accordingly. Moderna's response is not a "pivot" away from

**WILMERHALE**

Ryan Meuth
Via E-Mail
Page 3

statements in Moderna's Complaint—it is entirely consistent with them. Moderna is not aware of anyone having made such discoveries prior to Moderna.

      **Interrogatory No. 4.** Moderna's response is appropriate. Defendants complain that "Plaintiffs' response avoids the substance of the interrogatory entirely" and contend that the interrogatory "relates to Plaintiffs' allegation in the Complaint that Pfizer and BioNTech 'chose to follow Moderna's path of using mRNA encoding for the full-length spike protein of SARS-COV-2—the exact same design used in Moderna's Spikevax®.'" Letter at 3 (quoting Dkt. 1 ¶ 65). But Defendants did not draft an interrogatory inquiring about the design of Spikevax® or Pfizer and BioNTech's choice to copy Moderna's design. Instead, Defendants asked about the "conce[ption] of the use of mRNA encoding for the full-length coronavirus spike protein in a SARS-COV-2 vaccine." Moderna provided a fulsome response to that interrogatory, explaining that Dr. Ciaramella and Dr. Himansu's "conception of the use of mRNA encoding for a full-length betacoronavirus spike protein in a lipid nanoparticle vaccine composition encompassed conception of the use of mRNA encoding for full-length spike proteins of betacoronaviruses that had not yet evolved, including SARS-CoV-2."

      **Interrogatory No. 5.** Moderna's response is appropriate. The interrogatory seeks identification of when Moderna first tested a 1-methylpsuedouridine modified mRNA. Moderna's response, which states, among other things, that "Moderna tested mRNA modified with a N1-methylpseudouridine before the priority date of the '574 patent, April 2, 2012," is entirely responsive to that Interrogatory. Although it is hard to tell how Defendants' Interrogatory is "derived from" the statements in Moderna's Complaint that Defendants cite (Letter at 3), Moderna's response is perfectly consistent with those statements. Moderna's Complaint states that "Moderna's scientists made the groundbreaking discovery that replacing uridine in the mRNA molecule with 1-methylpseudouridine resulted in surprisingly superior protein production" and explains that Defendants "chose to use the very same 1-methylpsuedouridine modification first pioneered by Moderna years earlier." Dkt. 1 ¶¶ 57-58. Moderna tested 1-methylpsuedouridine many times and has identified documents describing several tests in its response to Defendants' Interrogatory, dated before the priority date of the '574 patent, April 2, 2012. 2012 is "years" earlier than Defendants' choice to use the 1-methylpsuedouridine modification in Comirnaty.

      **Interrogatory No. 6.** Moderna's response, which identifies the factors involved in selecting "each component and amount thereof in Spikevax," is appropriate. Defendants are wrong that Moderna's response "does not provide the reasons for Moderna's choice of ***each component*** that is used in Spikevax®'s lipid nanoparticle formulation." Letter at 4 (emphasis in original). Moderna's response explicitly states that "[t]he choice of ***each component*** and amount thereof in Spikevax® was based on a range of factors including stability, tolerability, transfection efficiency, scalability, among other considerations" (emphasis added). Defendants are also

WILMERHALE

Ryan Meuth
Via E-Mail
Page 4

wrong that "Plaintiffs have also failed to identify any persons involved in those design decisions." Letter at 4. Moderna's response identifies Kimberly Hassett.

**Interrogatory No. 7.** Moderna's response, which identifies the full nucleotide sequence of Spikevax, is appropriate. Defendants complain that Moderna's response "does not identify 'any identity or differences in structure between the mRNA sequences of Spikevax® and Comirnaty®,' as the interrogatory requires." Letter at 4. But Defendants ignore, (i) that Defendants have yet to produce a single document in this litigation, including any document identifying the mRNA sequence of Comirnaty, (ii) that an interrogatory asking Moderna to "provide a side-by-side comparison" of any "identity or differences in structure between the mRNA sequences" is clearly seeking expert discovery, and (iii) that such a comparison is entirely irrelevant to any claim or defense. Defendants state that this interrogatory relates to Moderna's copying allegations. But this interrogatory does not seek the basis for Moderna's copying contentions and the patent claims in this litigation are not limited to any specific mRNA sequence. Further, Defendants further complain that Moderna's response fails to cite any public publications disclosing the full mRNA sequence of Spikevax®. But, as noted above, Moderna's response already identifies the full mRNA sequence of Spikevax, including with citation to specific documents. Moderna has no obligation to cite each and every document that exists that identifies the full mRNA sequence of Spikevax, and Defendants fail to articulate how the public disclosure of the full mRNA sequence of Spikevax relates to any issue in this case.

**Interrogatory No. 8.** Moderna's response is appropriate. Defendants' statement that Moderna has "refus[ed] to identify any reasons for, and benefits from, the Patent Pledge" (Letter at 4) is belied by the actual response in the interrogatory (which spans multiple pages). Moderna's response explains that "Moderna's reason for issuing the Patent Pledge is that intellectual property should not be a barrier to access to medicine during a pandemic" and that Moderna's promise to "never enforce our patents for COVID-19 vaccines against companies manufacturing in or for the 92 low- and middle-income countries in the Gavi COVAX Advance Market Commitment (AMC), provided that the manufactured vaccines are solely for use in the AMD 92 countries" was made to "ensure equitable access across the world, including through our agreement with COVAX to provide up to 650 million doses of our vaccine through 2022 to low- and middle-income countries at our lowest-tiered price, with tens of millions of additional doses committed directly to the African Union." Defendants complain that the response does not identify "benefits from, the Patent Pledge (including from, *inter alia*, the United States Government)," but that assumes facts that Moderna is not aware of. Further, Defendants complain that the response states "[t]he Patent Pledge was issued by Moderna," but there is nothing incorrect about that statement and Defendants' letter does not explain how the identity of "the persons involved in conceiving, creating, and issuing the Patent Pledge and each of their reasons for doing so" are relevant to Defendants' cited defenses and counterclaims.

WilmerHale

Ryan Meuth
Via E-Mail
Page 5

**Interrogatory No. 9.** Moderna's response is an appropriate use of Rule 33(d). Defendants' Interrogatory requests "each item of funding that you have received relating to mRNA vaccines from the United States Government (including any agency thereof), including the contractual terms governing any such funding, any licenses or other rights given to the United States Government or any third party in exchange for such funding, and all persons involved in the negotiation of funding agreements with the United States Government relating to mRNA vaccines."  A narrative response to such an interrogatory is clearly burdensome, and "the burden of deriving or ascertaining the answer" from Moderna's business records is "substantially the same for either party," making the use of Fed. R. Civ. P. 33(d) appropriate.  Furthermore, the interrogatory explicitly seeks information from the United States Government, which is a third-party.  Any relevant, responsive documents might contain third-party confidential information, and Moderna is required to notify those third parties prior to production and give them an opportunity to object.

**Interrogatory No. 10.** Moderna's response is appropriate.  Defendants have yet to produce a single document in this case.  Moderna provided a robust, four-page response explaining several legal bases for a damages award, several types of harm Moderna suffered for which it seeks compensatory economic damages, several types of damages to which Moderna is entitled, an express statement of certain damages Moderna is *not* seeking, and a factual basis for Moderna's belief that Defendants have benefitted substantially from their infringement.  As Moderna explained, it is "not able to provide a final calculation of such damages at this time because necessary facts are within Defendants' or third parties' control, and because the period for expert discovery has not yet begun."  It is not reasonable to request that Moderna provide a dollar figure or "the underlying facts, including the duration and geographic scope of Defendants' revenue," prior to receiving discovery.  Further, much of the information that Defendants appear to seek is the subject of expert discovery.

**Interrogatory No. 11.** Moderna's response is appropriate.  Defendants' objection to Moderna's response makes no sense.  The Interrogatory requested the "facts and circumstances concerning the first sale, first offer for sale" and "first public use in the United States of the alleged invention(s) claimed in such patents."  Moderna responded that "[t]he inventions claimed in the Asserted Patents were first commercially used and sold as Spikevax® (COVID-19 Vaccine, mRNA)," and explained the circumstances surrounding that sale and use.  Moderna agrees that it has "not argued that any patent is limited in scope to Spikevax®," but that does not diminish the fact that the first sale and public use of Spikevax® is the first sale and public use of the patented inventions.  Defendants' final sentence is puzzling, but, in any event, Defendants cannot create a dispute by inserting words (i.e., "[that]") into Moderna's response that are not there: "Plaintiffs are required to respond to the interrogatory as posed, not pivot by limiting their response to 'inventions claimed in the Asserted Patents *[that]* were first commercially used and sold as Spikevax®'" (emphasis added).

WILMERHALE

Ryan Meuth
Via E-Mail
Page 6

* * *

      As noted in Moderna's Interrogatory responses, discovery is ongoing. Moderna will supplement its response to this Interrogatory on a rolling basis, in accordance with the Court's Scheduling Order (Dkt. 62), as promised in its response. To the extent Defendants are not satisfied with these responses to the alleged deficiencies outlined in Defendants' letter, Moderna is willing to meet and confer.

Best regards,


*/s/ Kevin S. Prussia*
Kevin S. Prussia