# Exhibit 4



1(212) 318-6661
ryanmeuth@paulhastings.com

April 28, 2023

Kevin S. Prussia
WilmerHale
60 State Street
Boston, MA, 02109

Re:     *ModernaTX, Inc. et al. v. Pfizer Inc., et al.*, C.A. No. 1:22-11378-RGS (D. Mass.)

Dear Kevin,

On behalf of Defendants BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc., and Pfizer Inc., we write further to the parties' April 18, 2023 meet and confer.

I. **Plaintiffs' General Objections to Defendants' Common Interrogatories**

We understand that Plaintiffs will not seek to reduce the number of Defendants' remaining common interrogatories (nine) based on the current interrogatories having subparts or allegedly being compound and will proceed based on this understanding.

II. **Plaintiffs' Specific Responses to Defendants' Common Interrogatories**

**Interrogatory No. 1, Seeking, for Each Asserted Claim of the Patents-in-Suit, Identification of:  (1) "the earliest patent application to which you are claiming priority under 35 U.S.C. § 120"; and (2) "the written description support within such application for the priority claim of such Asserted Claim."**

**Interrogatory No. 2, Requesting Identification of the Person Whom Plaintiffs Contend:  (1) "first conceived of using chemical modifications to uridine in mRNA to avoid provoking an immune response, and particularly 1-methylpseudouridine modified mRNA"; and (2) "first discovered that mRNA molecules with 1-methylpseudouridine resulted in surprisingly superior protein production with a significantly reduced immune response, stating when such conceptions and discoveries occurred."**

**Interrogatory No. 3, Requesting Identification of:  (1) the person whom Plaintiffs contend "first conceived of packaging chemically-modified mRNA in a lipid nanoparticle formulation [with certain specified components in the specified ranges]**



Kevin S. Prussia
April 28, 2023
Page 2

**for delivery of the mRNA to cells"; (2) "when such conception occurred"; and (3) "the identity of any documents supporting such conceptions."**

**Interrogatory No. 4, Seeking Identification of the Person Whom Plaintiffs Contend: (1) "first conceived of the use of mRNA encoding for the full-length coronavirus spike protein in a SARS-COV-2 vaccine"; and (2) "discovered that mRNA encoding for a full-length coronavirus spike protein in a lipid nanoparticle formulation was highly effective at producing neutralizing antibodies to the coronavirus," along with when such conception occurred and documents supporting the same.**

**Interrogatory No. 7, Requesting Plaintiffs to: (1) "List out the full mRNA sequence of Spikevax®, with citations to any publications disclosing that sequence"; and (2) "provide a side-by-side comparison showing what you believe to be any identity or differences in structure between the mRNA sequences of Spikevax® and Comirnaty®."**

We understand that Plaintiffs are not amending or supplementing their current responses to these interrogatories.

**Interrogatory No. 5, Requesting that Plaintiffs: "Identify when you first tested a 1-methylpseudouridine modified mRNA and the reasons for conducting such tests."**

We understand that Plaintiffs will supplement their response to this interrogatory if they find additional information in the course of their fact investigation, including the discovery of a date or time frame of first testing.

**Interrogatory No. 6, Requesting Identification of: (1) "persons involved in design of the lipid nanoparticle formulation used in Spikevax®"; and (2) "reasons for their choice of each component and amount thereof, including comparisons to other lipid nanoparticle formulations or components thereof."**

We understand that Plaintiffs anticipate supplementing their response to this interrogatory pursuant to Rule 33(d) based on documents found in the course of their fact investigation, including supplementation of "reasons for [Plaintiffs'] choice of each component and amount thereof" of the lipid nanoparticle formulation used in Spikevax®.

**Interrogatory No. 8, Requesting Identification of: (1) "the persons involved in conceiving, creating, and issuing the Patent Pledge"; and (2) "each of their reasons for doing so, including benefits to Plaintiffs and reactions to such statements by competitors, shareholders, the public, and/or the United States Government."**



Kevin S. Prussia
April 28, 2023
Page 3

We understand that Plaintiffs are considering whether they will supplement their response to this interrogatory. Please let us know by May 1 if Plaintiffs will supplement their response with non-privileged information relating to individuals that were involved with the Patent Pledge and the facts and circumstances surrounding its issuance.

**Interrogatory No. 10, Requesting Plaintiffs to Describe in Detail, with Identification of Any Supporting Documents: "the measure and calculation of alleged damages" sought by plaintiffs, including "any royalty base and royalty rate used in such calculation."**

We understand that Plaintiffs will supplement their response to this interrogatory before expert discovery.

**Interrogatory No. 11, Requesting Plaintiffs, for Each of the Patents-in-Suit, to: "describe in detail the facts and circumstances concerning the first sale, first offer for sale, first description in a printed publication anywhere in the world, first disclosure to any individual or entity besides the USPTO, and first public use in the United States of the alleged invention(s) claimed in such patents."**

We understand that Plaintiffs are considering whether they will supplement their response to this interrogatory. Please let us know by May 1 if Plaintiffs will supplement their response to this interrogatory based on their knowledge of first offer for sale, first description in a printed publication anywhere in the world, first disclosure to any individual or entity besides the USPTO, and first public use in the United States of any product claimed by the patents-in-suit, to the extent such information is applicable.

Sincerely,

Ryan Meuth