# Exhibit 6

WILMERHALE

June 30, 2023

**Kevin M. Yurkerwich**

+1 617 526 6456 (t)
+1 617 526 5000 (f)
kevin.yurkerwich@wilmerhale.com

<u>**Via E-Mail**</u>

Gregory M. Boucher
Saul Ewing LLP
131 Dartmouth St., Suite 501
Boston, MA 02116
Gregory.Boucher@saul.com

Counsel,

We write to memorialize our discussion this morning and provide further information regarding Interrogatory Nos. 1-4 and 7 in response to Defendants' First Set of Common Interrogatories (Nos. 1-11).

**<u>Interrogatory No. 1</u>**

This contention interrogatory was served at the very beginning of discovery and seeks Moderna's position on a legal issue. Even though this information is equally available to Defendants through the public patents-in-suit, Moderna has included comprehensive citation support demonstrating how the claims are supported, with parenthetical explanations describing the information.

During the call, Moderna explained that we are not aware of any authority supporting Defendants' request for a claim-by-claim, limitation-by-limitation recitation of written description support for each of the asserted claims. We understand that Defendants are not seeking additional factual information in response to this interrogatory, but rather a change in the form in which the information is presented. We are not aware of any authority—and Defendants have not provided any such authority—supporting Defendants' position. Preparing detailed written-description claim charts on a limitation-by-limitation basis at this point in the case would be unduly burdensome and extend well beyond the proper scope of fact discovery. Moderna will not reformat its current interrogatory response into limitation-by-limitation claim charts at this time.

**<u>Interrogatory No. 2</u>**

During the call, Moderna noted that Interrogatory No. 2 is directed to who "first conceived" of using certain chemical modifications to uridine, and "particularly 1-methylpseudouridine modified mRNA." Moderna's Resps. and Objs. to Defs.' First Set of Common Interrogs. at 16-17 (Mar. 9, 2023) ("Moderna's Resps. and Objs."). As we have explained, conception is a legal determination tethered to a specific claimed invention. To the extent that this type of contention interrogatory were appropriate at this stage of the case—before

June 30, 2023
Page 2

WilmerHale

depositions, and well in advance of expert discovery—the interrogatory would only be relevant to the claims at issue, not information falling outside the bounds of the claimed inventions. During the call, Defendants suggested that Defendants were intending to use the word "conceived" in a non-legal sense, based on its "dictionary definition," which Defendants suggested means "to come up with" or "form the idea." No such definition is provided in the interrogatories, and Defendants' attempt to recast the interrogatory at this stage is improper.

Nevertheless, Moderna has responded to this interrogatory, including by identifying the Moderna scientists who first conceived of the inventions claimed in the '574 patent, Dr. Antonin de Fougerolles and Dr. Sayda M. Elbashir, and by referencing specific supporting technical documents. *See, e.g.*, Moderna's Resps. and Objs. at 17 (citing MOD_000051478-565, MOD_000052059-223).

Moderna is willing to supplement this interrogatory to provide additional factual information regarding the work done by Moderna scientists on chemically modified mRNA, including on chemical modifications to uridine, and 1-methylpseudouridine, in particular. Moderna has produced and will produce documents containing information responsive to this interrogatory, and intends to supplement the interrogatory with Bates citations.

## Interrogatory No. 3

During the call, Moderna explained that Interrogatory No. 3 is directed to who "first conceived" of something that differs from the claimed inventions. As we have explained, conception is a legal determination for a specific claimed invention. To the extent that this type of contention interrogatory were appropriate at this stage of the case—before depositions, and well in advance of expert discovery—the interrogatory would only be relevant to the claims at issue, not information falling outside the bounds of the claimed inventions. During the call, Defendants suggested that Defendants were intending to use the word "conceived" in a non-legal sense, based on its "dictionary definition," which Defendants suggested means "to come up with" or "form the idea." No such definition is provided in the interrogatories, and the attempt to recast the interrogatory at this stage is improper.

As we explained, Moderna has already provided a robust answer in response to this interrogatory. For example, Moderna stated that "[t]he first persons to conceive of a pharmaceutical composition comprising a plurality of lipid nanoparticles comprising a cationic lipid, a sterol, and a PEG-lipid, wherein the lipid nanoparticles comprise an mRNA encoding a polypeptide, wherein the mRNA comprises one or more uridines, one or more cytidines, one or more adenosines, and one or more guanosines and wherein substantially all uridines are modified uridines, were Dr. Antonin de Fougerolles and Dr. Sayda M. Elbashir." Moderna's Resps. and Objs. at 18 (citing MOD_000052059-223). Moderna also described the work that Drs. Ciaramella and Himansu carried out on mRNA-LNP formulations in detail.

During the call, Defendants suggested that the key aspect of Interrogatory No. 3 that they were seeking information on was who Moderna contends "first conceived of packaging chemically-modified mRNA in a lipid nanoparticle formulation for delivery of the mRNA to

June 30, 2023
Page 3

**WilmerHale**

cells." Moderna's Resps. and Objs. at 18. Based on the information currently known by Moderna, Moderna scientists, led by Drs. de Fougerolles and Elbashir, first conceived of packaging chemically modified mRNA in a lipid nanoparticle formulation for delivery of the mRNA to cells no later than April 2, 2012. Moderna will supplement its interrogatory responses to incorporate this information. In addition to Moderna's detailed narrative response, Moderna has produced and will produce documents responsive to this interrogatory, and intends to supplement the response to Interrogatory No. 3 with Bates citations.

**Interrogatory No. 4**

During the call, Moderna explained that Moderna has already answered Interrogatory No. 4, as shown by the detailed response at pages 20-22 of Moderna's Resps. and Objs. at 20-22. For example, Moderna stated that Drs. Ciaramella and Himansu's "conception of the use of mRNA encoding for a full-length betacoronavirus spike protein in a lipid nanoparticle vaccine composition encompassed conception of the use of mRNA encoding for full-length spike proteins of betacoronaviruses that had not yet evolved, including SARS-CoV-2." *Id.* at 21-22.

Defendants stated that they are not satisfied with Moderna's response, that Moderna "needs to provide information after the SARS-CoV-2 virus became known," and that Moderna cannot answer by referring to the earlier work done by Moderna scientists (which is provided in the current interrogatory response). Moderna explained that the parties appear to have a dispute regarding the substance of the response and not whether Moderna has responded to the interrogatory. As we explained, there is no legitimate basis to move to compel Moderna to provide a different substantive response to this interrogatory.

Moreover, Moderna reiterated that conception is a legal determination for a specific claimed invention. To the extent that this type of contention interrogatory were appropriate at this stage of the case—before depositions, and well in advance of expert discovery—the interrogatory would only be relevant to the claims at issue, which are directed to betacoronaviruses. And Moderna's response provided information concerning Drs. Ciaramella and Himansu's conception of the use of mRNA encoding for a full-length betacoronavirus spike protein in a lipid nanoparticle vaccine composition.

In addition to Moderna's detailed narrative response, Moderna has produced and will produce documents responsive to this interrogatory, and has cited and will cite specific documents using Bates citations.

**Interrogatory No. 7**

Defendants do not, and cannot, contend that Moderna's response to Interrogatory No. 7 does not provide the information sought by the Interrogatory, i.e., the mRNA sequence for Moderna's vaccine. During the call, Moderna asked what additional information Defendants are seeking with respect to Interrogatory No. 7. Defendants suggested that they were seeking publications with the mRNA sequence for Moderna's vaccine dated before December 2020.

June 30, 2023
Page 4

WILMERHALE

After Moderna pointed out that the December 2020 date is not contained within the interrogatory, Defendants suggested that they are just seeking the publications that substantiate Moderna's denial of Defendants' allegation that Moderna has not publicly disclosed the mRNA sequence in Moderna's vaccine. But that is not what Interrogatory No. 7 calls for—and, in any event, Defendants have not explained how the date of disclosure of Moderna's mRNA sequence is relevant to any issue in the case.

In view of the above, we do not believe that the parties are at an impasse requiring the court's intervention on any interrogatory, including in view of Moderna's stated intention to supplement Interrogatories Nos. 2-4 and 7. Although we do not believe that there are legitimate grounds for Defendants to file a discovery motion, we confirm that the information contained in Moderna's interrogatory responses should be treated as Confidential under the Protective Order to the extent that information is referenced in any motion, and Moderna assents to a sealing motion requesting that information be sealed.

Best regards,

Kevin M. Yurkerwich