# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) )   C.A. No. 1:22-11378-RGS |
| PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**MODERNA'S FIRST SET OF COMMON INTERROGATORIES TO DEFENDANTS
PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH,
AND BIONTECH US INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Moderna") propound the following interrogatories upon Defendants Pfizer Inc. ("Pfizer"), BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. ("BioNTech US," together with BioNTech SE and BioNTech Manufacturing GmbH, "BioNTech"). Moderna requests that Defendants separately answer the following interrogatories in writing under oath within thirty (30) days of service.

In answering these interrogatories, Moderna requests that Defendants give full and complete answers based on personal knowledge, as well as the knowledge of any agents, employees, investigators, attorneys, or other persons who may have obtained information on its behalf. To the extent that any answer to any of these interrogatories may at any time be incomplete or incorrect due to information acquired by Defendants subsequent to the filing of its answer, Moderna requests that Defendants promptly serve and file supplemental answers

reflecting the complete and correct information, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. Notwithstanding any definition set forth below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. As used herein, "you," "your," and "yours" in the case of Pfizer shall refer, collectively or singly, to Pfizer and all of Pfizer's corporate parents, corporate predecessors, corporate successors, and all past or present subsidiaries, affiliates, divisions, units, departments, officers, directors, principals, agents, employees, representatives, assigns, attorneys, experts, insurers, and each person acting or purporting to act on its behalf.

3. As used herein, "you," "your," and "yours" in the case of BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US shall refer, collectively or singly, to BioNTech and all of BioNTech's corporate parents, corporate predecessors, corporate successors, and all past or present subsidiaries, affiliates, divisions, units, departments, officers, directors, principals, agents, employees, representatives, assigns, attorneys, experts, insurers, and each person acting or purporting to act on its behalf.

4. The term "Defendants' BLA" means Biologics License Application No. 125742 and any supplemental BLA submissions.

5. The term "Defendants' IND" means Investigational New Drug Application No. 19736 and any supplemental IND submissions.

6. The term "Comirnaty®" means the composition that is Defendants' COVID-19 vaccine product(s).

7. The term "Spikevax®" means the composition that is Moderna's COVID-19 vaccine product(s).

8. The term "Patents-in-Suit" means U.S. Patent Nos. 10,898,574 (the "'574 patent"), 10,702,600 (the "'600 patent"), and 10,933,127 (the "'127 patent").

9. The term "mRNA" means messenger ribonucleic acid or messenger RNA.

10. The term "betacoronavirus" means the genus of coronaviruses that includes, among others, MERS-CoV, SARS-CoV, and SARS-CoV-2.

11. The term "COVID-19" means a respiratory disease caused by SARS-CoV-2.

12. The term "SARS-CoV-2" means severe acute respiratory syndrome coronavirus 2, including all mutants and variants thereof.

13. "FDA" means the United States Food and Drug Administration, including any of its centers, departments, divisions, offices, subsidiaries, and/or other units.

14. The term "Project Lightspeed" means Defendants' development program for an mRNA vaccine for COVID-19, which Defendants have referred to publicly as "Project Lightspeed."

15. As used herein, "identify" with respect to persons and documents, "plaintiff" or "plaintiffs," "defendant" or "defendants," "persons," and "state the basis" shall have the definitions set forth in District of Massachusetts Local Rule 26.5.

16. As used herein, "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and specifically includes documents (such as email, word processing files, and other computerized data) that may exist only in electronic form.  A draft or non-identical copy is a separate document within the meaning of this term.

17. As used herein, "communication" means every contact of any nature, whether oral or written, from one person to another, whether in form of facts, ideas, observations, inquiries, or otherwise, and any evidence of such contact, including without limitation any correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, computer files, electronic or magnetic media, or other documents containing such contacts.

18. As used herein, "concerning" means referring to, relating to, reflecting, discussing, describing, showing, commenting on, evidencing, comprising, constituting, or summarizing.

19. As used herein, "including" means including but not limited to.

20. As used herein, "describe" shall have the same meaning as "state the basis" as defined by District of Massachusetts Local Rule 26.5.

21. As used herein, "identify," when used in reference to a communication, means to specify the form of the communication; if the communication was in written form, identify the communication in conformity with the preceding paragraph of these Definitions and Instructions; if the communication was not in written form, specify: (1) the manner in which the communication was made; (2) the participants or witnesses to the communication; (3) the subject matter and content of the communication; (4) the date of the communication; and (5) whether attorney-client privilege, work product immunity, or any other exemption from discovery is claimed, in which case you shall provide the basis for the exemption claimed.

22. As used herein, "identify," when used in reference to a thing, means to specify the identity of a thing, produce the thing for inspection by Moderna or specify: (1) its general description; (2) its particular physical characteristics (size, shape, weight, color, etc.); (3) the date

on which it was made; (4) the identity of the person(s) who made it; (5) the identity of the person(s) who asked that it be made; (6) the present condition of the thing; and (7) the present location of the thing.

23. As used herein, "relate to," "relates to," "refers to," or "relating to" means relating to, referring to, mentioning, discussing, reflecting, containing, stating, describing, embodying, evidencing, constituting, dealing with, or making reference to in any way.

24. As used herein, "thing" shall mean any physical specimen or other tangible item other than a document, in your possession, custody, or control.

25. The terms "all," "each," and "any" shall be construed as all and any.

26. The use of the singular form of any word shall include the plural form and vice versa.

27. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

28. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

29. Words in the masculine, feminine, or neuter form shall include each of the other genders.

30. The use of any definition for the purposes of these interrogatories shall not be deemed to constitute an agreement or acknowledgement on the part of Moderna that such definition is accurate, meaningful, or appropriate for any other purpose in this litigation.

## INSTRUCTIONS

1. If you object to any portion of any interrogatory, you should identify the portion to which you object, state the basis for the objection, and respond to the remainder.

2.      If you perceive any ambiguity in construing any interrogatory or any applicable definition or instruction, you should assume a reasonable meaning, state what the assumed meaning is, and respond to the interrogatory according to the assumed meaning.

3.      If you identify a document, you shall identify the custodian of the document.

4.      If you object to any interrogatory on the basis of a contention that it is overbroad, you should provide a response that narrows the interrogatory in a way that eliminates the purported over-breadth and state the extent to which you have narrowed that interrogatory for the purpose of your response.

5.      In answering each interrogatory, furnish all information that is now available to you regardless of whether the information is possessed directly by you or your agents, employees, representatives, independent contractors, investigators, or, unless privileged, by your attorneys or by their agents, employees, representatives, or investigators.

6.      If you are withholding or intend to withhold any information requested by an interrogatory by reason of the attorney-client privilege, work-product doctrine, or other privilege, doctrine, or immunity, please provide a privilege log identifying: (i) the information, document, or communication alleged to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (ii) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (iii) the information, document, or communication's current custodian; and (iv) all bases, factual and legal, upon which such protection from discovery rests.

7. If, for reasons other than privilege, you refuse to respond to all or a portion of an interrogatory, state in writing the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

8. Supplemental responses to these interrogatories should be provided as additional information becomes available, in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify and describe the development history of Project Lightspeed, including but not limited to, all potential vaccine designs, including all mRNA vaccine designs and including without limitation BNT162b1 and BNT162b2, for COVID-19 that you considered, tested, or developed; your reasons for selecting vaccine candidates for preclinical and clinical testing; your reasons for selecting BNT162b2 over other vaccine candidates, including without limitation your reasons for selecting BNT162b2 over BNT162b1; the timeline for your development work on Project Lightspeed; and any other formal or informal names given to the project to develop a COVID-19 vaccine.

### INTERROGATORY NO. 2

Identify and describe your use of 1-methylpseudouridine in mRNA vaccines, including the date when you first began using 1-methylpseudouridine in mRNA vaccines, and your testing of 1-methylpseudouridine in mRNA vaccines (either *in vivo* or *in vitro*).

### INTERROGATORY NO. 3

Identify and describe your use of chemically modified nucleosides in mRNA vaccines other than 1-methylpseudouridine, including date when you first began using such chemically

modified nucleosides in mRNA vaccines, and your testing of such chemically modified nucleosides in mRNA vaccines (either *in vivo* or *in vitro*).

**INTERROGATORY NO. 4**

Identify and describe your use of lipid nanoparticles in mRNA vaccines, including but not limited to when you first began using lipid nanoparticles in mRNA vaccines; the composition of the lipid nanoparticles used in your mRNA vaccines; other delivery methods besides lipid nanoparticles that you have tested or used for mRNA vaccines; your reasons for using lipid nanoparticles in mRNA vaccines; all mRNA vaccine candidates for which you have used lipid nanoparticles; and any interaction with third parties, including Acuitas Therapeutics Inc., including without limitation communications, contracts, agreements, assignments, or licenses, related to your use of lipid nanoparticles in mRNA vaccines.

**INTERROGATORY NO. 5**

Identify and describe your development or attempted development of any mRNA vaccine product(s) for infectious diseases prior to Comirnaty®, including the individuals involved in the development work and the time period of each individual's involvement.

**INTERROGATORY NO. 6**

Identify and describe the collaboration between Pfizer and BioNTech relating to a COVID-19 vaccine product, including but not limited to the circumstances leading to the collaboration, the scope of the collaboration, the status of the collaboration, any payments, funding, or other consideration exchanged between Pfizer and BioNTech relating to the collaboration, and any agreements between Pfizer and BioNTech relating to the collaboration.

**INTERROGATORY NO. 7**

Identify and describe your knowledge of Moderna's development of mRNA vaccines, including but not limited to your knowledge of Moderna's use of 1-methylpseudouridine; your knowledge of Moderna's use of lipid nanoparticles in mRNA vaccines; your knowledge of Moderna's development of mRNA vaccines for infectious diseases; your knowledge of Moderna's development of mRNA vaccines for coronaviruses; your knowledge of Moderna's development of an mRNA vaccine for COVID-19; and how, when (including the first awareness of such development work), and who had such knowledge of Moderna's development work.

**INTERROGATORY NO. 8**

Identify and describe your awareness or tracking of the prosecution or issuance of the patent applications leading to the Patents-in-Suit or any other Moderna patent or patent application, including when, where, and how you first became aware of such patent or patent application, and identify all persons with knowledge of those circumstances and all documents (by Bates range) relating to those circumstances.

**INTERROGATORY NO. 9**

Describe the factual and legal bases and supporting evidence for Defendants' contention that the Patents-in-Suit are unenforceable including by implied license, waiver, implied waiver, and acquiescence.

**INTERROGATORY NO. 10**

Identify on a quarterly and annual basis (inside and outside the United States separately) the gross unit sales, net unit sales, gross revenue, net revenue, cost of goods sold, gross profit, net profit, gross profit margin, net profit margin, and analysis, forecast or projection of sales, including but not limited to projected revenues, projected gross and net profits, and projected

9

prices and costs, including development, manufacturing, marketing and selling expenses, of all Comirnaty® made at least in part in the United States, and identify the person(s) most knowledgeable about such financial information (and the subject matter(s) known by them) and all documents (by Bates range) setting forth or otherwise reflecting such financial information.

Date:  January 20, 2023

Respectfully submitted,

/s/  Andrew J. Danford
William F. Lee (BBO# 291960)
Emily R. Whelan (BBO# 646982)
Kevin S. Prussia (BBO# 666813)
Andrew J. Danford (BBO# 672342)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000
william.lee@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com
andrew.danford@wilmerhale.com

Amy K. Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6000
amy.wigmore@wilmerhale.com

*Counsel for Plaintiffs ModernaTX, Inc. and Moderna US, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

**VIA EMAIL**

Lee Carl Bromberg
Erik Paul Belt
Wyley Proctor
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
P: 617.449.6500
lbromberg@mccarter.com
ebelt@mccarter.com
wproctor@mccarter.com

Thomas H. L. Selby
Stanley E. Fisher
Kathryn S. Kayali
Michael Xun Liu
D. Shayon Ghosh
Julie Tavares
Derrick M. Anderson
Haylee Bernal Anderson
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029
tselby@wc.com
sfisher@wc.com
kkayali@wc.com
mliu@wc.com
sghosh@wc.com
jtavares@wc.com
danderson@wc.com
handerson@wc.com

**VIA EMAIL**

Jeffrey S. Robbins
Joseph D. Lipchitz
Gregory M. Boucher
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Tel: (617) 723-3300
Jeffrey.Robbins@saul.com
Joseph.Lipchitz@saul.com
Gregory.Boucher@saul.com

Bruce M. Wexler
Eric W. Dittmann
Young J. Park
Simon F. Kung
Rebecca A. Hilgar
Carl J. Minniti, III
Michael Ryan Meuth
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000
brucewexler@paulhastings.com
ericdittmann@paulhastings.com
youngpark@paulhastings.com
simonkung@paulhastings.com
rebeccahilgar@paulhastings.com
carlminniti@paulhastings.com
ryanmeuth@paulhastings.com

/s/ *Gillian T. Farrell*
Gillian T. Farrell
WILMER CUTLER PICKERING
    HALE & DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800