# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br> Defendants. | Case No. 1:22-cv-11378-RGS |

**MODERNA'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
FIRST REQUEST FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 26 and 36, the Local Rules, and the Court's Scheduling Order (Dkt. 62), Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Plaintiffs") hereby respond to Defendants Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.'s (collectively, "Defendants") First Request for Admission.

These objections and responses are based on currently available documents and things as part of an ongoing search-and-review process. Plaintiffs reserve the right to amend and/or supplement their responses, including as provided by Fed. R. Civ. P. 26(e).

Plaintiffs will make reasonable efforts to respond to the Requests, subject to their objections, as Plaintiffs understand and interpret each Request. If Defendants subsequently assert an interpretation of any Request that differs from Plaintiffs' interpretation, Plaintiffs reserve the right to supplement or amend their objections and responses.

Plaintiffs' responses to the Requests are made without waiver and with preservation of:

1. All questions as to competency, relevance, materiality, privilege, or admissibility of the responses and their subject matter for any purpose in this lawsuit (including trial) or in any other action or matter;

2. The right to object to the use of any such responses or their subject matter, on any ground in this lawsuit (including trial) or in any other action or matter;

3. The right to object on any ground at any time to a demand or request for further responses; and

4. The right to review, correct, add to, supplement, or clarify any of these responses at any time.

## **GENERAL OBJECTIONS**

Plaintiffs incorporate each of the following General Objections into their responses for each Request, regardless of whether Plaintiffs expressly refer to each General Objection in Plaintiffs' response to a specific Request.

1. Plaintiffs object to the Definitions and Instructions to the extent that they are broader than, or impose conditions, obligations, or duties that exceed or differ from those required by the Federal Rules of Civil Procedure. Plaintiffs' responses are limited to the scope of the discovery set forth therein.

2. Plaintiffs object to each Request to the extent it is vague, ambiguous, overly broad, and unduly burdensome, or seeks discovery not relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.

3. Plaintiffs object to each Request to the extent it is overly broad and unduly burdensome.

4. Plaintiffs object to any Request that seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. Plaintiffs intend to and do claim all such applicable protections and privileges. Plaintiffs' inadvertent disclosure of

information protected from disclosure by any privilege, doctrine, or immunity shall not constitute a waiver by Plaintiffs of such objections or protections.

5. Plaintiffs object to each Request to the extent it seeks disclosure of information that Plaintiffs are under an obligation to a third party or court order not to disclose. Plaintiffs will disclose any such information in accordance with the Protective Order and after complying with their obligations to the third party and/or court, or advise Defendants if they are precluded from disclosing such based on any contractual or other legal obligation, including by applying necessary redactions to protect information that is confidential to third parties.

6. Plaintiffs object to each Request to the extent it seeks information that would violate the privacy rights of third parties (including Plaintiffs' current and former employees and any patients or consumers); confidentiality or non-disclosure arrangements between Plaintiffs and any of their actual or potential suppliers, current or former employees, or other persons or entities not connected to this litigation; the confidentiality of settlement discussions or agreements; or any court orders restricting the disclosure of such documents, including by applying necessary redactions to protect information that is confidential or private to third parties.

7. Plaintiffs object to each Request to the extent that it seeks information that Plaintiffs are precluded from disclosing under legal obligations of any kind, including domestic or foreign privacy laws.

8. Plaintiffs object to each Request to the extent it seeks information protected from disclosure by the Federal Rules, or the Local Rules.

These General Objections apply to each Request.  To the extent that Plaintiffs cite specific objections in response to specific Requests, those specific citations are provided because Plaintiffs

believe them to be particularly applicable to those Requests. Specific Objections are not to be construed as a waiver of any General Objection.

## OBJECTIONS TO DEFENDANTS' DEFINITIONS

Plaintiffs hereby incorporate by reference the objections to Definitions set forth in Plaintiffs' Responses and Objections to Defendants' First Set of Common Requests for Production of Documents and Things.

## OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that You do not seek any monetary relief for activities occurring before March 8, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to the General Objections set forth above, Moderna objects to this request as vague and ambiguous with respect to the term "monetary relief for activities occurring before March 8, 2022."

Subject to and without waiving the foregoing objections, Moderna responds as follows:

Admitted that, consistent with Moderna's patent pledge, Moderna is not seeking damages for activities occurring before March 8, 2022. Denied as to the rest.

In particular, Moderna reserves the right to seek monetary relief for willful infringement based on, among other things, Defendants' knowledge and copying of Moderna's patented technology before March 8, 2022.

Date:  September 5, 2023						Respectfully submitted,

/s/ Kevin S. Prussia
William F. Lee (BBO# 291960)
Emily R. Whelan (BBO# 646982)
Kevin S. Prussia (BBO# 666813)
Andrew J. Danford (BBO# 672342)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000
william.lee@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com
andrew.danford@wilmerhale.com

Amy K. Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC  20037
(202) 663-6000
amy.wigmore@wilmerhale.com

*Counsel for ModernaTX, Inc. and Moderna US, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 5, 2023, I caused true and correct copies of the foregoing Moderna's Responses and Objections to Defendants' First Request for Admission to be served on the following counsel by email:

*/s/ Annaleigh E. Curtis*
Annaleigh E. Curtis (BBO# 696165)

| | |
|---|---|
| Lee Carl Bromberg | Jeffrey S. Robbins |
| Erik Paul Belt | Joseph D. Lipchitz |
| Wyley Proctor | Gregory M. Boucher |
| MCCARTER & ENGLISH, LLP | SAUL EWING ARNSTEIN & LEHR LLP |
| 265 Franklin Street | 131 Dartmouth Street, Suite 501 |
| Boston, MA 02110 | Boston, MA 02116 |
| P: 617.449.6500 | Tel: (617) 723-3300 |
| lbromberg@mccarter.com | Jeffrey.Robbins@saul.com |
| ebelt@mccarter.com | Joseph.Lipchitz@saul.com |
| wproctor@mccarter.com | Gregory.Boucher@saul.com |
| | |
| Thomas H. L. Selby | Bruce M. Wexler |
| Stanley E. Fisher | Eric W. Dittmann |
| Kathryn S. Kayali | Young J. Park |
| Michael Xun Liu | Simon F. Kung |
| D. Shayon Ghosh | Rebecca A. Hilgar |
| Julie Tavares | Carl J. Minniti, III |
| Derrick M. Anderson | Michael Ryan Meuth |
| Haylee Bernal Anderson | PAUL HASTINGS LLP |
| WILLIAMS & CONNOLLY LLP | 200 Park Avenue |
| 680 Maine Avenue, S.W. | New York, NY 10166 |
| Washington, DC 20024 | (212) 318-6000 |
| Telephone: 202-434-5000 | brucewexler@paulhastings.com |
| Facsimile: 202-434-5029 | ericdittmann@paulhastings.com |
| tselby@wc.com | youngpark@paulhastings.com |
| sfisher@wc.com | simonkung@paulhastings.com |
| kkayali@wc.com | rebeccahilgar@paulhastings.com |
| mliu@wc.com | carlminniti@paulhastings.com |
| sghosh@wc.com | ryanmeuth@paulhastings.com |
| jtavares@wc.com | |
| danderson@wc.com | |
| handerson@wc.com | |