# EXHIBIT 2

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br> Defendants. | Case No. 1:22-cv-11378-RGS <br><br> **CONFIDENTIAL** <br><br> **SUBJECT TO THE PROTECTIVE ORDER** |

**DEFENDANTS' SUPPLEMENTAL**
**RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET**
**OF COMMON INTERROGATORIES TO DEFENDANTS (NOS. 3, 7, 8, AND 9)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, Defendants Pfizer Inc. ("Pfizer"), BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (together with BioNTech SE and BioNTech Manufacturing GmbH, "BioNTech" and, collectively with Pfizer, "Defendants"), by their undersigned counsel, hereby object and respond as follows to Plaintiffs ModernaTX, Inc.'s and Moderna US, Inc.'s (collectively, "Plaintiffs") First Set of Common Interrogatories to Defendants (Nos. 3, 7, 8, and 9).

## GENERAL OBJECTIONS

Defendants' General Objections, Objections to Definitions, and Objections to Instructions contained in Defendants' Responses and Objections to Plaintiffs' First Set of Common Interrogatories to Defendants (Nos. 1–10), served on March 9, 2023, form a part of, and are hereby incorporated into, the response to the Interrogatory set forth below. Nothing in those responses, including any failure to recite a specific objection in response to a particular Interrogatory, should

December 2019, BioNTech also conducted testing of mRNA (which included, among other things, pseudouridine) to investigate how different variables (TSS, 5'UTR, 3'UTR, purification, phosphatase treatment and enzymatic polyadenylation) may affect mRNA translation and chemokine induction.  BNT_COMIR_0005628.

BioNTech has produced additional documents this month and will continue to produce documents next month per the parties' agreement.  BioNTech confirms it will further supplement their responses to this Interrogatory under Rule 33(d) as appropriate.

BioNTech reserves the right to supplement this answer further after the parties have conducted additional discovery.

**INTERROGATORY NO. 7:**

Identify and describe your knowledge of Moderna's development of mRNA vaccines, including but not limited to your knowledge of Moderna's use of 1-methylpseudouridine; your knowledge of Moderna's use of lipid nanoparticles in mRNA vaccines; your knowledge of Moderna's development of mRNA vaccines for infectious diseases; your knowledge of Moderna's development of mRNA vaccines for coronaviruses; your knowledge of Moderna's development of an mRNA vaccine for COVID-19; and how, when (including the first awareness of such development work), and who had such knowledge of Moderna's development work.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants incorporate their General Objections as though set forth fully herein.

Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case, including because the Interrogatory seeks: (1) information regarding "Moderna's development of mRNA vaccines" generally rather than with respect to the Patents-at-Issue or any COVID-19 vaccine product(s) and irrespective of whether or not such knowledge relates to the alleged infringement of the Patents-at-Issue; (2) "how, when . . ., and who had knowledge" of various topics without regard to whether information regarding such topics might be more appropriately sought through document discovery; and (3) information after Plaintiffs'

October 2020 Patent Pledge, as defined in Defendants' First Set of Common Requests for Production.

Defendants further object to this Interrogatory because it is compound, vague, and overly broad, insofar as it separately seeks the identities of anyone "who had such knowledge" on at least six separate topics without specifying any particular timeframe. Defendants further object to this Interrogatory to the extent it lacks foundation and assumes facts not in evidence, including whether Defendants had any knowledge of: "Moderna's development of mRNA vaccines" at any particular timeframe.  Defendants further object to this Interrogatory as premature, as discovery is just beginning and Defendants' investigation is ongoing.

(1) Subject to and without waiving the foregoing General and specific objections, Defendant BioNTech responds as follows: The fact that BioNTech and Moderna, among others, were developing COVID-19 vaccines was a matter of widespread publicity and public interest. BioNTech further notes that discovery has only just commenced in this matter and its investigation is ongoing. BioNTech reserves the right to supplement this answer after the parties have conducted additional discovery.

(2) Subject to and without waiving the foregoing general and specific objections, Defendant Pfizer responds as follows: Moderna's development of an mRNA vaccine for COVID-19 was a matter of public knowledge based on Moderna's public announcements. Moderna also publicly pledged that it would not enforce any of its patents against vaccine manufacturers during the pandemic. Pfizer further notes that discovery has only just commenced in this matter and its investigation is ongoing. Pfizer reserves the right to supplement this answer after the parties have conducted additional discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

(1) Subject to and without waiving the foregoing general and specific objections and Defendants' original response, BioNTech further responds:

BioNTech maintains its objection to the relevancy of this interrogatory. While Moderna has asserted that the interrogatory is relevant to "willfulness," Moderna has also represented to the Court that "Moderna has never asserted that Defendants copied the Spikevax® mRNA sequence," which belies the alleged need for this requested discovery. D.I. 99, Plaintiffs' Opposition to Defendants' Motion to Compel Discovery, at 12. Moreover, the '574 patent in suit does not, in fact, have any data showing the performance of an mRNA containing only 1-methylpseudouridine. *See* Ho 6/23/23 Dep. Tr. at 120:4-11. The relevancy of this requested discovery is also contrary to the fact that BioNTech had been researching and developing modified mRNA for treatment of various diseases since it was founded in 2008. D.I. 45, Counterclaim ¶¶ 22-24. For example, years before the COVID-19 pandemic struck the world, BioNTech had already begun investigating the possibility of developing an mRNA vaccine for infectious diseases such as HIV, Zika, and the flu. *Id.* When the pandemic struck, BioNTech was poised to, and did, successfully design its COVID-19 mRNA vaccine candidate, undertaking research efforts wholly independent of Moderna, and then partnering with Pfizer to jointly bring the vaccine through clinical development, FDA approval, and into public use in the United States. *Id.*, Counterclaim ¶¶ 25-27.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

BioNTech will also be producing additional documents this and next month, and expect those productions to include additional documents responsive to this interrogatory.  Defendants confirm they will further supplement their responses under Rule 33(d) as appropriate.

BioNTech reserves the right to supplement this answer after the parties have conducted additional discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving the foregoing general and specific objections and Defendants' original response, BioNTech and Pfizer also maintain their objections to the relevancy and breadth of this Interrogatory in view of Moderna's admission that the accused product (Comirnaty®) is not a copy of Moderna's Covid-19 vaccine (SpikeVax®).  D.I. 99, Plaintiffs' Opposition to Defendants' Motion to Compel Discovery, at 12 ("Moderna has never asserted that Defendants copied the Spikevax® mRNA sequence.").

As to the '574 patent, that patent issued on January 26, 2021, which was long after BioNTech had designed the Covid-19 vaccine and during Moderna's patent pledge.  Moreover, Moderna's expert admits that the '574 patent is directed to mRNA to make six proteins ***unrelated to Comirnaty®*** and contains no disclosure relating to vaccines.  *See* 6/23/23 Ho Tr. at 51:21-52:6, 105:9-24.  The '574 patent discloses a combination of chemical modifications in the context of those six proteins and Moderna does not assert that any of those combinations of chemical modifications are contained in Comirnaty®.  *See* 6/23/23 Ho Tr. at 106:12-16, 107:1-18, 116:19-23, 120:4-11.  The '574 patent in suit does not, in fact, have any data showing the performance of an mRNA containing only 1-methylpseudouridine.  *See* 6/23/23 Ho Dep. Tr. at 120:4-11.  Further,

there is no assertion that the mRNA of the '574 patent utilized a formulation like that in Comirnaty®.  In short, Moderna has conceded it is not alleging that Pfizer and BioNTech copied the subject matter made and used in the '574 patent.  D.I. 99, Plaintiffs' Opposition to Defendants' Motion to Compel Discovery, at 12 ("Moderna has never asserted that Defendants coped the Spikevax® mRNA sequence.").

Accordingly, any inquiries as to awareness of the application for that patent would have no relevance to the subject matter accused of infringement in this case.

As to the '127 and '600 patents, those patents issued on March 2, 2021 and July 7, 2020, respectively, which was also after BioNTech had designed the Covid-19 vaccine.  The '127 and '600 patents only disclose data for a vaccine for one betacoronavirus, which was created for MERS-CoV—a betacoronavirus different from the one being treated with Comirnaty®.  *See* 6/23/23 Ho Tr. at 138:23-139:17; 185:13-15.  And the '127 and '600 patents do not describe the specific mRNA structure of the MERS-CoV vaccine.  It, therefore, comes as no surprise that there is no assertion that the '600 or '127 patents describe a formulation for a betacoronavirus vaccine used in Comirnaty®.  *See* 6/23/23 Ho Tr. at 185:13-15.  In short, Moderna has not alleged that the subject matter made and used in those patents was copied and any inquiries as to awareness of the application for that patent are irrelevant to the subject matter accused of infringement in this case.

Mere awareness of a company, the nature of its business, or even the fact that a company generally may have patents, is not probative of whether a particular accused product infringes a particular patent.  *See* 35 U.S.C. § 271; *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996) (explaining the steps for a determination of infringement).  It thus also is not and cannot be evidence of deliberate infringement of a particular patent.

BioNTech and Pfizer further maintain their objection to this Interrogatory on the grounds that it is compound, vague, and overly broad, insofar as it separately seeks the identities of anyone "who had such knowledge" on at least six separate topics without specifying any particular timeframe.  BioNTech and Pfizer further maintain their objection to this Interrogatory to the extent it lacks foundation and assumes facts not in evidence, including whether BioNTech and Pfizer had any knowledge of "Moderna's development of mRNA vaccines" at *any* particular timeframe. BioNTech and Pfizer further maintain their objection to this Interrogatory on the ground that it is premature, as BioNTech and Pfizer's investigation is ongoing.

(1)     Subject to and without waiving the foregoing general and specific objections, BioNTech further responds as follows:  BioNTech has been researching and developing mRNA for treatment of various diseases since it was founded in 2008.  D.I. 45, Counterclaim ¶¶ 22-24. For example, years before the COVID-19 pandemic struck the world, BioNTech had already begun investigating the possibility of developing an mRNA vaccine for infectious diseases such as HIV, Zika, and the flu.  *Id*.  When the pandemic struck, BioNTech was poised to, and did, successfully design its COVID-19 mRNA vaccine candidate, undertaking research efforts independent of Moderna, and then partnering with Pfizer to jointly bring the vaccine through clinical development, FDA approval, and into public use in the United States.  *Id*., Counterclaim ¶¶ 25-27.

BioNTech has known of the existence of Moderna since at least October 23-24, 2013, when the 1st International mRNA Health Conference was held in Tübingen, Germany.  *See* University of Tübingen's 1st International mRNA Health Conference Program (Oct. 23-24 2013), https://www.mrna-conference.com/inhalt/uploads/2019/03/International_mRNA_Health_Conference_2013_Program_Booklet.pdf.  Representatives from both companies attended that conference, as well as representatives from the University of Tübingen, University of

Pennsylvania, HS LifeSciences, Novartis, University of Bonn, University of Brussels, CureVac, ethris, Sangamo BioSciences, Novartis Institutes for BioMedical Research, dievini, Pfizer, Sanofi Pasteur, Tekmira Pharmaceuticals, Shire, Phase Rx, University of Salzburg, Ghent University, Federal Research Institute for Animal Health Germany, University of Salzburg, Twincore, Paul-Ehrlich-Institute, and PEI.  *See generally id.*  During that conference, Moderna does not appear to have presented information about technology, but rather focused on the challenges of building a biotech company, including the challenges of building a biotech company that was trying to develop mRNA drugs.  *Id*. at 8.

Representatives from BioNTech and Moderna also attended the 3rd International mRNA Health Conference held in Berlin, Germany on November 11-12, 2015, along with representatives from the German Cancer Research Center, University of Maryland School of Medicine, CureVac, University of Pennsylvania, GSK Vaccines, DARPA, University of Tubingen, Paul-Ehrlich-Institute, Novartis Vaccines, PhaseRX, Georgia Institute of Technology, Arcturus Therapeutics, Acuitas Therapeutics, University Children's Hospital Munich, Ludwig-Maximillians-University Munich, Alexion, Novartis Institutes of BioMedical Research, ethris, Argos Therapeutics Inc., AstraZeneca, Massachusetts Institute of Technology.  *See generally* 3rd International mRNA Health Conference Program (Nov. 11-12, 2015), https://www.mrna-conference.com/inhalt/uploads/2019/03/International_mRNA_Health_Conference_2015_Program_Booklet.pdf.  At this time, the organizing committee for the conference consisted of representatives from BioNTech, Moderna, and CureVac.  *Id.* at 3.

During the 3rd International mRNA Health Conference, Mr. Bancel appears to have presented on Moderna's vaccine approaches.  *Id.* at 10.  Mr. Bancel appears to have explained, among other things, that Moderna started with a focus on protein therapeutics, but added other

drug modalities with a team at Valera LLC focused on infectious disease vaccines. *Id.* He also appears to have stated that the company had partnered with Merck to develop new vaccines. *Id.*

By September 6, 2013, BioNTech was aware that Moderna had announced it entered into an agreement with AstraZeneca to develop nucleoside-modified mRNA for protein replacement therapy. BNT_COMIR_0447203; BNT_COMIR_0447202. By October 2, 2013, Moderna had publicly announced that it received a grant from DARPA to develop an mRNA vaccine against infectious diseases. Press Release, Moderna, DARPA Awards Moderna Therapeutics a Grant for up to $25 Million to Develop Messenger RNA Therapeutics (Oct. 2, 2013), https://investors.modernatx.com/news/news-details/2013/DARPA-Awards-Moderna-Therapeutics-a-Grant-for-up-to-25-Million-to-Develop-Messenger-RNA-Therapeutics/default.aspx.

The fact that BioNTech and Moderna, among others, were developing COVID-19 vaccines was a matter of widespread publicity and public interest. Press Release, Moderna, Moderna Announces Funding Award from CEPI to Accelerate Development of Messenger RNA (mRNA) Vaccine Against Novel Coronavirus (Jan. 23, 2020), https://investors.modernatx.com/news/news-details/2020/Moderna-Announces-Funding-Award-from-CEPI-to-Accelerate-Development-of-Messenger-RNA-mRNA-Vaccine-Against-Novel-Coronavirus/default.aspx. On or after October 8, 2020, BioNTech also became aware of Moderna's public pledge to relinquish the right to enforce its COVID-19 related patents. D.I. 45-33; Moderna Inc to Discuss Updates on Respiratory Syncytial Virus (RSV) Vaccine Program Call (Oct. 8, 2020), https://s29.q4cdn.com/435878511/files/doc_events/2020/10/08/Conference-Call-Update-Transcript-(10.08.20).pdf.

██████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████

BiONTech further identifies, in accordance with Federal Rule of Civil Procedure 33(d), the following documents describing awareness of Moderna's COVID-19 vaccine (SpikeVax®) development:   BNT_COMIR_0107328;   BNT_COMIR_0447198-BNT_COMIR_0447199; BNT_COMIR_0447200-BNT_COMIR_0447201;   BNT_COMIR_0447204; BNT_COMIR_0447205;   BNT_COMIR_0090997;   BNT_COMIR_0447206-BNT_COMIR_0447219;   BNT_COMIR_0067063;   BNT_COMIR_0447220-BNT_COMIR_0447234;   BNT_COMIR_0242708;   BNT_COMIR_0447377-BNT_COMIR_0447384.

BiONTech has produced additional documents this month and will continue to produce documents next month per the parties' agreement, and expect those productions to include additional documents responsive to this Interrogatory.  BiONTech and Pfizer confirm they will further supplement their responses under Rule 33(d) as appropriate.

BiONTech reserves the right to supplement this answer further after the parties have conducted additional discovery.

(2)   Subject to and without waiving the foregoing general and specific objections, Pfizer further responds ███████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████████████████

████████  ██████████  █████  ██████    ██  ██  █████████████  ████  ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████    ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████    ██████████████████████

████████████████████

        ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████  Individuals

at Pfizer were further aware of public information that Moderna released regarding their vaccine

candidate.  █████████████████████████████████████████████

█████████████████████████  In addition, individuals at Pfizer were aware of

Moderna's publications regarding testing of its SARS-CoV-2 vaccine.  ████████████████

███████████████████████████████████████████████

██████████

Pfizer further states that its investigation is ongoing and reserves the right to supplement this interrogatory response.

**INTERROGATORY NO. 8:**

Identify and describe your awareness or tracking of the prosecution or issuance of the patent applications leading to the Patents-in-Suit or any other Moderna patent or patent application, including when, where, and how you first became aware of such patent or patent application, and identify all persons with knowledge of those circumstances and all documents (by Bates range) relating to those circumstances.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants incorporate their General Objections as though set forth fully herein. Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, the common interest privilege and/or any other applicable privilege. Defendants further object to this Interrogatory to the extent that it calls for a legal conclusion. Defendants further object to this Interrogatory to the extent it seeks discovery of advice of counsel prior to the deadlines set forth in Local Rule 16.6(f).

Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case, including because the Interrogatory seeks: (1) "all persons" and "all documents" that concern Defendants' knowledge and first awareness of the "Patents-in-Suit or any other Moderna patent or patent application;" and (2) "when, where, and how [Defendants] became aware" of various topics without regard to whether information regarding such topics might be more appropriately sought through document discovery.

Defendants further object to this Interrogatory on the grounds that it is compound, vague, and ambiguous, including with respect to whether "awareness" or "tracking" applies to

"prosecution" or "issuance" of the patent applications leading to the Patents-in-Suit, or in the alternative, to "any other Moderna patent or patent application." Defendants further object to this Interrogatory because it is compound, vague, overly broad, insofar as it separately seeks the identities of "all persons with knowledge" on variety of separate topics.

(1)     Subject to and without waiving the foregoing general and specific objections, Defendant BioNTech responds as follows: This request seeks information protected by the attorney-client privilege and attorney work product doctrine. BioNTech further states that, to the extent Moderna is seeking disclosure of advice of counsel, such a request is premature pursuant to Local Rule 16.6(f), which requires such disclosure to be made not later than 28 days after entry of the Court's claim-construction ruling.

(2)     Subject to and without waiving the foregoing General and specific objections, Defendant Pfizer responds as follows: This request seeks information protected by the attorney-client privilege and attorney work product doctrine. Pfizer further states that, to the extent Moderna is seeking disclosure of advice of counsel, such a request is premature pursuant to Local Rule 16.6(f), which requires such disclosure to be made not later than 28 days after entry of the Court's claim-construction ruling.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving the foregoing general and specific objections and Defendant's original response, and with the understanding that this interrogatory does not seek information protected by the attorney-client privilege and attorney work product doctrine, BioNTech further responds that it was not aware of the prosecution or issuance of the patent applications leading to the Patents-in-Suit. BioNTech maintains its objection that Plaintiffs'

request for information regarding "any other Moderna patent or patent application" is overbroad and unduly burdensome, and not proportional to the needs of this case.

BioNTech reserves the right to supplement this answer after the parties have conducted additional discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving the foregoing general and specific objections and Defendant's original response, and with the understanding that this interrogatory does not seek information protected by the attorney-client privilege and attorney work product doctrine, BioNTech further responds that it was not aware of the prosecution or issuance of the patent applications leading to the Patents-in-Suit. BioNTech maintains its objection that Plaintiffs' request for information regarding "any other Moderna patent or patent application" is overbroad and unduly burdensome, and not proportional to the needs of this case. BioNTech further states that it will search the agreed-upon custodians and non-custodial files, as defined in Defendants' document request responses, and log any privileged documents regarding the Moderna patents-in-suit prior to commencement of this litigation.

BioNTech reserves the right to supplement this answer after the parties have conducted additional discovery.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Subject to and without waiving the foregoing general and specific objections and consistent with those objections, BioNTech and Pfizer maintain their objections to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any party's claim or defense nor proportional to the needs of the case. As Moderna has now admitted, the accused product (Comirnaty®) is not a copy of Moderna's Covid-19 vaccine (SpikeVax®).

D.I. 99, Plaintiffs' Opposition to Defendants' Motion to Compel Discovery, at 12 ("Moderna has never asserted that Defendants copied the Spikevax® mRNA sequence.").

As to the '574 patent, that patent issued on January 26, 2021, which was long after BioNTech had designed the Covid-19 vaccine and during Moderna's patent pledge.  Moreover, Moderna's expert admits that the '574 patent is directed to mRNA to make six proteins ***unrelated to Comirnaty®*** and contains no disclosure relating to vaccines.  *See* 6/23/23 Ho Tr. at 51:21-52:6, 105:9-24.  The '574 patent discloses a combination of chemical modifications in the context of those six proteins and Moderna does not assert that any of those combinations of chemical modifications.  *See* 6/23/23 Ho Tr. at 106:12-16, 107:1-18, 116:19-23, 120:4-11.  The '574 patent in suit does not, in fact, have any data showing the performance of an mRNA containing only 1-methylpseudouridine.  *See* 6/23/23 Ho Dep. Tr. at 120:4-11.  Further, there is no assertion that the mRNA of the '574 patent utilized a formulation like that in Comirnaty®.  In short, Moderna has conceded it is not alleging that Pfizer and BioNTech copied the subject matter made and used in the '574 patent.  D.I. 99, Plaintiffs' Opposition to Defendants' Motion to Compel Discovery, at 12 ("Moderna has never asserted that Defendants copied the Spikevax® mRNA sequence.").

Accordingly, any inquiries as to awareness of the application for that patent have no relevance to the subject matter accused of infringement in this case.

As to the '127 and '600 patents, those patents issued on March 2, 2021 and July 7, 2020, respectively, which was also after BioNTech had designed the Covid-19 vaccine.  The '127 and '600 patents only disclose data for a vaccine for one betacoronavirus, which was created for MERS-CoV—a betacoronavirus different from the one being treated with Comirnaty®.  *See* 6/23/23 Ho Tr. at 138:23-139:17; 185:13-15.  And the '127 and '600 patents do not describe the specific mRNA structure of the MERS-CoV vaccine.  It, therefore, comes as no surprise that there

is no assertion that the '600 or '127 patents describe a formulation for a betacoronavirus vaccine used in Comirnaty®.  *See* 6/23/23 Ho Tr. at 185:13-15.  In short, Moderna has not alleged that the subject matter made and used in those patents was copied and any inquiries as to awareness of the application for that patent are irrelevant to the subject matter accused of infringement in this case.

Nonetheless, in the interest of avoiding Moderna's unnecessary threatened motion practice and the attendant burden to the parties and the Court it will create, BioNTech and Pfizer provide the following information without waiver of their objections to relevance and disproportionality. BioNTech and Pfizer reserve the right to object to follow up discovery.  BioNTech and Pfizer also object to this Interrogatory to the extent it seeks to information protected by the attorney-client privilege or attorney-work product, either expressly or implicitly, and no waiver is intended by providing these answers.  Moderna has agreed that information such as the date of knowledge, individuals involved, and high-level circumstances are all information that would be appropriate for a privilege log, and therefore disclosure would not effect a waiver.  *See* 8/22/23 Email from A. Curtis to Y. Park.

(1)    Subject to and without waiving the foregoing general and specific objections, BioNTech further responds as follows:  BioNTech became aware of the existence of certain Moderna patent applications, which applications are among the application numbers appearing on the list of applications in the chain of priority subsequently identified on the face of the patents-in-suit, at least as early as October 2020, which is when Moderna issued a "Statement by Moderna on Intellectual Property Matters during the COVID-19 Pandemic" ("Patent Pledge").  D.I. 45-33. In the Patent Pledge, Moderna stated it "will not enforce our COVID-19 related patents against those making vaccines intended to combat the pandemic."  *Id.*  Moderna also directed the public to patents in its possession that were purportedly "relevant to our mRNA-1273 vaccine against

COVID-19." *Id.*  The webpage hyperlinked to the Patent Pledge identified the following patents: U.S. Patent No. 11,622,972, U.S. Patent No. 11,524,023, U.S. Patent No. 11,485,972, U.S. Patent No. 10,898,574, U.S. Patent No. 10,703,789, U.S. Patent No. 10,702,600, U.S. Patent No. 10,577,403, U.S. Patent No. 10,442,756, U.S. Patent No. 10,266,485, U.S. Patent No. 10,064,959, and U.S. Patent No. 9,868,692. *See* https://www.modernatx.com/patents.  BioNTech is continuing to investigate its first awareness of Moderna's patent applications related to the patents-in-suit, and will supplement its response to this Interrogatory as needed.

(2)     Subject to and without waiving the foregoing General and specific objections, Pfizer responds as follows:  Pfizer became aware of the prosecution of Moderna patent applications and issuance of Moderna patents that Moderna indicated may be pertinent to a COVID-19 vaccine at least as early as October 2020. ███████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ In particular, on October 8, 2020, Moderna issued a "Statement by Moderna on Intellectual Property Matters during the COVID-19 Pandemic" ("Moderna's October 2020 Pledge"), which provided links to "[a] summary of [Moderna's] intellectual property" and "[a] selection of representative issued US patents relevant to our mRNA-1273." D.I. 45-33.  In reference to Moderna's intellectual property, Moderna stated that "while the pandemic continues, Moderna will not enforce our COVID-19 related patents against those making vaccines intended to combat the pandemic." *Id.* ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

███████████████

In addition, Pfizer further states that it is aware of the following Moderna patents identified at https://www.modernatx.com/patents, and which are included in Moderna's October 2020 Pledge: U.S. Patent No. 11,622,972; U.S. Patent No. 11,524,023; U.S. Patent No. 11,485,972; U.S. Patent No. 10,898,574; U.S. Patent No. 10,703,789; U.S. Patent No. 10,702,600; U.S. Patent No. 10,577,403; U.S. Patent No. 10,442,756; U.S. Patent No. 10,266,485; U.S. Patent No. 10,064,959; U.S. Patent No. 9,868,692.

Pfizer further states that its investigation is ongoing and reserves the right to supplement this interrogatory response.

**INTERROGATORY NO. 9:**

Describe the factual and legal bases and supporting evidence for Defendants' contention that the Patents-in-Suit are unenforceable including by implied license, waiver, implied waiver, and acquiescence.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants incorporate their General Objections as though set forth fully herein.

Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, the common interest privilege and/or any other applicable privilege. Defendants further object to this Interrogatory to the extent that it calls for a legal conclusion. Defendants further object to this Interrogatory to the extent it seeks discovery of advice of counsel prior to the deadlines set forth in Local Rule 16.6(f).

Defendants further object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the phrase "[d]escribe the factual and legal bases and supporting evidence for Defendants' contention"; Plaintiffs have not defined such phrase or explained how its scope varies (if at all) from the phrase "state the basis" as used in Local Rule 26.5(c)(8).

Dated: August 25, 2023

Respectfully submitted:

DEFENDANT AND COUNTERCLAIM-PLAINTIFF PFIZER INC.

DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS BIONTECH SE, BIONTECH MANUFACTURING GMBH, AND BIONTECH US INC.

By their Counsel,

/s/ Michael Xun Liu

_____
Lee Carl Bromberg (BBO # 058480)
Erik Paul Belt (BBO # 558620)
Wyley Proctor (BBO # 666613)
**MCCARTER & ENGLISH, LLP**
265 Franklin Street
Boston, MA 02110
P: 617.449.6500
F: 617.607.9200
lbromberg@mccarter.com
ebelt@mccarter.com
wproctor@mccarter.com

OF COUNSEL:

Thomas H. L. Selby*
Stanley E. Fisher*
Kathryn S. Kayali*
Michael Xun Liu*
D. Shayon Ghosh*
Julie Tavares*
Derrick M. Anderson*
Haylee Bernal Anderson*
**WILLIAMS & CONNOLLY LLP**

680 Maine Avenue, S.W
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029
* Admitted pro hac vice

*Attorneys for Defendant and Counter-Claim Plaintiff Pfizer Inc.*

By their Counsel,

/s/ Gregory M. Boucher

_____
Jeffrey S. Robbins, BBO #421910
Jeffrey.Robbins@saul.com
Joseph D. Lipchitz, BBO #632637
Joseph.Lipchitz@saul.com
Gregory M. Boucher, BBO #665212
Gregory.Boucher@saul.com
SAUL EWING LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Tel: (617) 723-3300

OF COUNSEL:

Bruce M. Wexler*
Eric W. Dittmann*
Young J. Park*
Simon F. Kung*
Rebecca A. Hilgar*
Ryan Meuth*
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
(212) 318-6000

*Attorneys for Defendants and Counter-Claim Plaintiffs BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, I caused true and correct copies of the foregoing document to be served on the following counsel by email:

William F. Lee (BBO# 291960)
Emily R. Whelan (BBO# 646982)
Kevin S. Prussia (BBO# 666813)
Andrew J. Danford (BBO# 672342)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com
andrew.danford@wilmerhale.com

Amy K. Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
amy.wigmore@wilmerhale.com

/s/ Ashley N. Mays-Williams
Ashley N. Mays-Williams