# EXHIBIT 12

# EXHIBIT S

CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER

**WILMERHALE**

August 28, 2023

Annaleigh E. Curtis

<u>Via E-Mail</u>

+1 617 526 6694 (t)
+1 617 526 5000 (f)
annaleigh.curtis@wilmerhale.com

Ryan Meuth
Paul Hastings
200 Park Avenue
New York, NY 10166

Michael Liu
Williams & Connolly
680 Maine Avenue SW
Washington, DC 20024

Re:  *ModernaTX, Inc. and Moderna US, Inc., v. Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.*, Case No. 1:22-cv-11378-RGS

Counsel:

I write regarding continuing deficiencies in Defendants' interrogatory responses, particularly the supplemental responses to Interrogatory Nos. 3, 7, 8, and 9, as well as Defendants' failure to supplement their response to Interrogatory No. 6, as promised. In light of the long history of prior discussions on these requests and Defendants' clear refusal to respond fully, Moderna intends to move the Court to compel Defendants' response to at least Interrogatory Nos. 7 and 8. The parties have met and conferred on this issue on several occasions, Moderna agreed to refrain from filing until after Defendants served their promised supplemental response on August 25, 2023, which remains deficient, and we understand that Defendants are refusing to provide a full response.

## Defendants' Inclusion of Non-Responsive Material

As an initial matter, we note that Defendants included in their supplemental responses a significant amount of non-responsive material. This material appears calculated to (1) advance Defendants' self-serving arguments rather than provide factual responses, and (2) obscure the fact that Defendants have failed to respond in a complete way. This is improper.

## Defendants' Deficient Supplemental Responses

***Interrogatory No. 3.*** *Identify and describe your use of chemically modified nucleosides in mRNA vaccines other than 1-methylpseudouridine, including date when you first began using such chemically modified nucleosides in mRNA vaccines, and your testing of such chemically modified nucleosides in mRNA vaccines (either in vivo or in vitro).*

WILMERHALE

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**
August 28, 2023
Page 2

First, Defendants have apparently limited their response to "the use of mRNA that includes a modified nucleoside in connection with the development of the mRNA component of Comirnaty®." The scope of the interrogatory covers work done by Defendants related to any mRNA vaccine, and it is not clear how Defendants' new limitation affects the scope of their response. Defendants' work on chemical modifications for any mRNA vaccine are relevant to the issues in this case, including to Defendants' copying of Moderna's work.

Second, it is unclear from Defendants' response whether either Defendant conducted any work on modified mRNA, and if so what sort of work, prior to "October to November 2013." Defendants must provide specific dates and information regarding their use of chemically modified mRNA.

Third, it appears that Defendants have cherry-picked certain research for inclusion in their Interrogatory response rather than providing a full response that identifies all of Defendants' research on chemical modifications.

Please immediately confirm that you will supplement your response to provide a response to the full scope of the Interrogatory no later than September 5, 2023.

***Interrogatory No. 6.*** *Identify and describe the collaboration between Pfizer and BioNTech relating to a COVID-19 vaccine product, including but not limited to the circumstances leading to the collaboration, the scope of the collaboration, the status of the collaboration, any payments, funding, or other consideration exchanged between Pfizer and BioNTech relating to the collaboration, and any agreements between Pfizer and BioNTech relating to the collaboration.*

In response to Moderna's identification of significant deficiencies in Defendants' response to Interrogatory No. 6, Defendants stated on August 16, 2023 that they would supplement their response. August 16, 2023 Letter from Jung. Despite this promise, Defendants have not supplemented their response. Please immediately confirm that you will supplement your response to provide a response to the full scope of the Interrogatory no later than September 5, 2023.

***Interrogatory No. 7.*** *Identify and describe your knowledge of Moderna's development of mRNA vaccines, including but not limited to your knowledge of Moderna's use of 1-methylpseudouridine; your knowledge of Moderna's use of lipid nanoparticles in mRNA vaccines; your knowledge of Moderna's development of mRNA vaccines for infectious diseases; your knowledge of Moderna's development of mRNA vaccines for coronaviruses; your knowledge of Moderna's development of an mRNA vaccine for COVID-19; and how, when (including the first awareness of such development work), and who had such knowledge of Moderna's development work.*

**WILMERHALE**

**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**
August 28, 2023
Page 3

First, BioNTech's statements that there is no allegation of copying for any of the Patents-in-Suit is incorrect. That Moderna does not assert that Pfizer and BioNTech copied the exact sequence of Spikevax is entirely irrelevant to whether they copied aspects of the patented technology. The Patents-in-Suit do not claim the sequence itself, but Defendants copied, for example, Moderna's antigen design and its use of 1-methylpseudouridine-modified mRNA in an LNP.

Second, Defendants must describe their knowledge of Moderna's work beyond issued patents or Moderna's IP statements and marking website. For example, if Defendants were aware of Moderna's work via patent applications, competitive intelligence activities, or publications, Defendants must describe their awareness with specificity as to dates and circumstances. Defendants specifically must describe their knowledge of Moderna's use of 1-methylpseudouridine, LNPs, and vaccine development, as requested by the interrogatory.

Finally, with respect to Pfizer's response specifically, Pfizer must provide a complete answer regarding its interactions with Moderna. For example, Pfizer does not describe earlier interactions between Moderna and Pfizer prior to 2016. Nor does Pfizer mention that it signed a CDA with Moderna in 2016 as one of the companies with "RNA platforms for vaccines" that Pfizer was "exploring" in that timeframe.

***Interrogatory No. 8.*** *Identify and describe your awareness or tracking of the prosecution or issuance of the patent applications leading to the Patents-in-Suit or any other Moderna patent or patent application, including when, where, and how you first became aware of such patent or patent application, and identify all persons with knowledge of those circumstances and all documents (by Bates range) relating to those circumstances.*

Defendants' supplemental response continues to carve out Defendants' knowledge of any patent application or patent claiming or discussing 1-methylpseudouridine. As we have explained, Defendants' knowledge of Moderna's patent applications claiming 1-methylpseudouridine is highly relevant to willfulness and copying.

Further, Defendants must provide the actual date and circumstances under which they became aware of Moderna's patents and applications. It is not enough to point to Moderna's public patent marking website and say that Defendants were aware of the patents listed there "at least as early as" October 2020. If that is the earliest date Defendants were aware of each of those patents, Defendants should state as much. Pfizer admits it was aware of "particular publicly available Moderna applications and patents before October 2020, yet provides no specific response about which applications or patents, the dates they learned of them, or the specific circumstances. Both Defendants must provide this information.

WilmerHale

CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER
August 28, 2023
Page 4

***Interrogatory No. 9.*** *Describe the factual and legal bases and supporting evidence for Defendants' contention that the Patents-in-Suit are unenforceable including by implied license, waiver, implied waiver, and acquiescence.*

Defendants' response to Interrogatory No. 9 is inadequate. For example, Defendants state that acquiescence requires reasonable detrimental reliance. However, Defendants have not provided any evidence or even assertion that they have detrimentally relied on the cited Moderna statements. Indeed, Defendants have already stated elsewhere that they "did not rely" on those statements. *See, e.g.*, June 27, 2023, Defendants' Supplemental Noninfringement Contentions, Ex. A at 11. In light of Defendants' prior statements and failure to identify any reasonable detrimental reliance, we expect that Defendants will withdraw their affirmative defense of acquiescence.

Further, Defendants assert in several places that they "would be prejudiced by the relief Moderna is seeking in this case." However, nothing in Defendants' responses supports this conclusory statement.

Immediately supplement your response to Interrogatory No. 9 to identify all facts currently known to Defendants that support your affirmative defenses.

Sincerely,

/s/ Annaleigh E. Curtis


Annaleigh E. Curtis