# EXHIBIT 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC.,<br><br>                Plaintiffs,<br><br>                v.<br><br>PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,<br><br><br><br><br><br>                Defendants. | Case No. 1:22-cv-11378-RGS<br><br><br><br>**REDACTED** |

# PFIZER AND BIONTECH'S OPPOSITION TO MODERNA'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 7 AND 8

**Table of Contents**

**Page(s)**

I.     Introduction ..............................................................................................................1

II.    Background ...............................................................................................................2

     A.     Pfizer and BioNTech Dispute Moderna's Copying Allegations .............................2

     B.     During the Pandemic, Moderna Pledged Not to Enforce Its Patents and Moderna Does Not Allege Damages for Any Activity Before March 8, 2022 ..........................................................................................................................4

     C.     Procedural History with Respect to the Present Dispute ........................................4

III.    Argument ..................................................................................................................6

     A.     Interrogatory No. 7 ..................................................................................................7

          1.     Pfizer and BioNTech Have Properly Answered Interrogatory No. 7 ..........7

          2.     Moderna's Motion Does Not Identify Any Specific Information That Pfizer and BioNTech Failed to Produce .............................................11

     B.     Interrogatory No. 8 ................................................................................................14

          1.     Pfizer and BioNTech Have Answered the Proper Scope of Interrogatory No. 8.........................................................................................14

          2.     Pfizer and BioNTech's Awareness of Moderna's Patents Before the Date in Their Response to Interrogatory No. 8 Is Not Relevant or Proportional to the Needs in the Case ......................................................15

          3.     Pfizer and BioNTech's Awareness of Non-Asserted Patents and Applications Is Not Relevant .....................................................................17

IV.    Conclusion .............................................................................................................18

## Table of Authorities

**Cases**                                                                                        **Page(s)**

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021).....................................................................................16

*Crane Security Technologies., Inc. v. Rolling Optics AB*,
   337 F. Supp. 3d 48 (D. Mass. 2018) ..........................................................................17

*Frechette v. Gaudette*,
   No. 2:17-CV-00172-LEW, 2019 WL 1509592 (D. Me. Apr. 5, 2019) ...................................11

*Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc.*,
   344 F.R.D. 68 (D.N.H. 2023) .............................................................................6, 11

*Galenski Farm v. Nutrien Ag Sols., Inc.*,
   No. 3:20-CV-30016-MGM, 2022 WL 17094689 (D. Mass. Nov. 21, 2022)............................7

*Johnson v. Couturier*,
   261 F.R.D. 188 (E.D. Cal. 2009) .........................................................................6, 11

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019)..............................................................................16

*Torres v. Johnson & Johnson*,
   No. CV 3:18-10566-MGM, 2018 WL 4054904 (D. Mass. Aug. 24, 2018) ......................6, 11

*Trustees of Bos. Univ. v. Everlight Elecs. Co.*,
   212 F. Supp. 3d 254 (D. Mass. 2016) ......................................................................16

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016)..............................................................................17

**Rules**

Fed. R. Civ. P. 26...................................................................................................11

Fed. R. Civ. P. 33........................................................................................... passim

## I.    Introduction

Pfizer and BioNTech have answered Interrogatory Nos. 7 and 8.  Accordingly, Pfizer and BioNTech respectfully request that Moderna's motion to compel be denied.

*First*, in response to Interrogatory No. 7, Pfizer and BioNTech provided a fulsome narrative response and, pursuant to Fed. R. Civ. P. 33(d) ("Rule 33(d)"), appropriately directed Moderna to specific documents bearing on Moderna's request.  Although Moderna contends that Pfizer and BioNTech's responses are "incomplete and evasive," its motion fails to identify specific information missing from the responses.  Instead, it asserts that, because Pfizer and BioNTech allegedly copied Moderna's research in developing their COVID-19 vaccine, Pfizer and BioNTech must have more detailed information that they did not include in their interrogatory responses.  But Pfizer and BioNTech dispute Moderna's allegation of copying.  And as explained in response to Interrogatory No. 7, there was in fact no copying.  BioNTech designed the COVID-19 vaccine independently and without reliance on Moderna's work, and Pfizer then worked with BioNTech to bring that vaccine through FDA approval and administration to patients.  While Moderna may dispute that BioNTech and Pfizer developed their vaccine independently, this dispute on the substance of Pfizer and BioNTech's responses does not make those responses deficient or incomplete.

*Second*, Moderna has articulated two bases for Interrogatory No. 8:  willfulness and indirect infringement.  Pfizer and BioNTech's responses to Interrogatory No. 8 provide Moderna with the relevant information for these issues.  Pfizer and BioNTech described how both companies were aware of the Patents-in-Suit at least as early as October 2020, almost a year and a half before March 8, 2022, which is the earliest time when Moderna alleged damages for its claims of patent infringement.  Moderna fails to show that additional information by way of an interrogatory

response would be relevant or proportional to the needs of this case, and this Court should deny Moderna's motion to compel.

## II.     Background

### A.     Pfizer and BioNTech Dispute Moderna's Copying Allegations

In its motion, Moderna incorrectly contends that "Pfizer and BioNTech were aware of Moderna's development efforts and copied the claimed inventions to arrive at the accused products," and further asserts that "Pfizer and BioNTech discarded those other designs in favor of Moderna's patented technology." D.I. 117, at 4.  While Pfizer and BioNTech do not seek a finding by the Court on issues of substance at this time, Pfizer and BioNTech dispute Moderna's unsupported inferences of copying, which form the bases of its motion to compel.

BioNTech had been working in the RNA field for more than a decade before the COVID-19 pandemic struck.  *See* Ex. 1, PFIZER_COMIR_00705223 at 705236.  During that time, BioNTech developed various mRNA platforms for use in oncology and infectious disease indications.  *See id.*  BioNTech's vaccine development was based on extensive internal research, development, and testing—not Moderna's Patents-in-Suit.

In January 2020, BioNTech recognized the pandemic potential of SARS-COV-2 (the virus that causes COVID-19) and set out to develop a vaccine for this virus.  BioNTech created multiple mRNA vaccine candidates, including those encoding a stabilized form of the full-length spike protein and those encoding only the receptor-binding domain ("RBD") portion of the spike protein.  These vaccine candidates leveraged various RNA platforms that BioNTech had created in its previous work.  *See* Ex. 1, PFIZER_COMIR_00705223 at 705230-705233.  By April 2020, based on results from its preliminary animal studies, BioNTech decided to conduct Phase I human

clinical studies with four different mRNA constructs.[1]  Although it was much more expensive, complex, and challenging to test four different mRNA constructs in human clinical trials, by doing so, BioNTech obtained head-to-head scientific data allowing it to determine which candidates to take further in clinical development.

By early July 2020, the data from Phase I human clinical studies indicated that two of the constructs tested, BNT162b1 and BNT162b2, were the most promising mRNA constructs.  While both BNT162b1 and BNT162b2 were shown to be safe and effective, BNT162b2 exhibited fewer potential side effects and, in animal studies, earlier virus clearance.  Ex. 2, PFIZER_COMIR_00006845 at 6857; Ex. 3, PFIZER_COMIR_00006511 at 6535.  Based on their experimental results, BioNTech and Pfizer decided to proceed with the BNT162b2 construct for Phase II/III clinical studies.  Ex. 2, PFIZER_COMIR_00006845 at 6857.  Following positive results from Phase II/III clinical studies, on December 11, 2020, the United States Food and Drug Administration ("FDA") granted Emergency Use Authorization for Comirnaty®.

BioNTech and Pfizer used the results of that testing to select the final COVID-19 vaccine candidate.  Thus, this selection process was not based on Moderna's vaccine (which had not even been published before the design of BioNTech's vaccine, as Moderna has admitted).  *See* Ex. 18, Moderna's August 3, 2023 Supplemental Response to Interrogatory No. 7, at 71.

---

[1] The four constructs were:  (1) mRNA including unmodified uridines encoding a protein derived from a spike protein's RBD (BNT162a1); (2) mRNA including modified uridines encoding a protein derived from a spike protein's RBD (BNT162b1); (3) mRNA including modified uridines encoding a protein derived from a full spike protein (BNT162b2); and (4) self-amplifying RNA with unmodified uridines encoding a protein derived from a full spike protein (BNT162c2).  Ex 1, PFIZER_COMIR_00705223 at 705230; Ex. 4, PFIZER_COMIR_00705191 at 705197.

**B.     During the Pandemic, Moderna Pledged Not to Enforce Its Patents and Moderna Does Not Allege Damages for Any Activity Before March 8, 2022**

Although Moderna previously announced that it was not going to assert any patents during the pandemic, it nevertheless alleged patent infringement with respect to three particular patents. On October 8, 2020, Moderna published a statement representing that, "while the pandemic continues, Moderna will not enforce our COVID-19 related patents against those making vaccines intended to combat the pandemic." D.I. 45-33 (hereinafter, the "Patent Pledge"). Moderna's President, Steven Hoge, made clear that "what we're trying to say today as clearly as we can is we will not enforce these patents for any activity undertaken on the pandemic . . . . it will not be our intention retrospectively to kind of come back around and say, no, no, now we're going to enforce for activity that happened in the pandemic." Ex. 5, at 12.

Subsequently, on March 7, 2022, without addressing its original Patent Pledge to not enforce its COVID-19 related patents while the pandemic continues, Moderna published a second statement declaring that "vaccine supply is no longer a barrier to access" in certain countries and that "[i]n these countries, the Company expects those using Moderna-patented technologies will respect the Company's intellectual property." D.I. 45-30, at 1. Several months later, Moderna filed this lawsuit. Moderna's Complaint states that Moderna is not seeking any damages before March 8, 2022, which Moderna has confirmed through a response to BioNTech and Pfizer's request for admission. D.I. 1, at ¶ 28; Ex. 6, Moderna's RFA Response. Thus, although the pandemic continued after March 7, 2022, by Moderna's own allegations and admissions, the damages period alleged by Moderna in this case can begin no earlier than March 8, 2022.

**C.     Procedural History with Respect to the Present Dispute**

In January 2023, Moderna served Interrogatory Nos. 7 and 8 on Pfizer and BioNTech. Interrogatory No. 7 asks Pfizer and BioNTech to identify and describe their "knowledge of

4

Moderna's development of mRNA vaccines.  D.I. 117-2, at 7.  Interrogatory No. 8 asks Pfizer and BioNTech to "[i]dentify and describe your awareness or tracking of the prosecution or issuance of the patent applications leading to the Patents-in-Suit or any other Moderna patent or patent application."  D.I. 117-2, at 17.

The parties met and conferred in April 2023 regarding the proper scope of the interrogatories.  Pfizer and BioNTech agreed to supplement their responses, including the response to Interrogatory No. 7, under Rule 33(d), by citing documents from which Moderna can ascertain the information sought by the interrogatory, to which Moderna did not object.  Ex. 7, Laupheimer Letter, at 6 ("Defendants must supplement the response to identify, *via Rule 33(d) or otherwise*, the documents it contends provide all information responsive to the Interrogatory.") (emphasis added).  With respect to Interrogatory No. 8, Pfizer and BioNTech objected to this interrogatory as facially overbroad and seeking privileged information.  D.I. 117-2, at 17-18.

Over the next several months, Pfizer and BioNTech collected and reviewed documents in response to Moderna's discovery requests and produced well over a million pages of documents. Pfizer and BioNTech also continued their factual investigation, which encompassed the subject matter of Moderna's interrogatories.

On August 15, in the midst of document discovery, Moderna asked if Pfizer and BioNTech's responses to Interrogatory Nos. 3, 7, 8 and 9 were confidential for purposes of filing a motion to seal.  Ex. 8, at 2.  In response, Pfizer and BioNTech stated that they were "not aware of any dispute between the parties that would require Plaintiffs to file a motion to seal with respect to discovery requests" and asked what Moderna believed to be in dispute.  *Id.* at 1-2.  Citing correspondence that was exchanged over two months ago, between March and June, Moderna answered that there was a dispute on certain interrogatory responses.  *Id.* at 1.  Moderna also

subsequently asserted that it was relying on the parties' meet and confer from four months earlier to satisfy its obligation to meet and confer under Local Rule 7.1(a). *Id.*

In hopes of avoiding unnecessary motion practice, Pfizer and BioNTech offered to supplement their responses on August 25—six business days after Moderna first stated it was filing a motion to compel.  In their supplement, Pfizer and BioNTech provided a detailed narrative response to Interrogatory No. 7 that described Pfizer and BioNTech's knowledge of Moderna's research and its work on mRNA vaccines.  D.I. 117-2, at 10-17.  Pfizer and BioNTech also described each parties' general awareness of Moderna's patents in response to Interrogatory No. 8, and acknowledged that both parties were aware of the Patents-in-Suit before March 8, 2022, the start of Moderna's alleged damages period.  In addition, Pfizer and BioNTech identified specific documents under Rule 33(d) that were responsive to Moderna's interrogatories.  *Id.* at 21-23.  For the reasons described below, Pfizer and BioNTech have answered the proper scope of both interrogatories.  Moderna nonetheless filed the present motion to compel.

## III.    Argument

"The burden is on the party moving to compel discovery to show that the opposing party's answer is incomplete or evasive."  *Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc.*, 344 F.R.D. 68, 71 (D.N.H. 2023).  Courts in this district have denied motions to compel interrogatory responses based on "a vague, undeveloped, and unsupported contention that [a party] is required to do more."  *Torres v. Johnson & Johnson*, No. CV 3:18-10566-MGM, 2018 WL 4054904, at *5 (D. Mass. Aug. 24, 2018).  Instead, the moving party has an "obligation to identify the specific information that [the other party] has failed to produce and establish its relevance to his claims." *Id.*  In answering an interrogatory, a party is not required to "give a complete rendition of each and every minute, factual detail which will surface at trial."  *Johnson v. Couturier*, 261 F.R.D. 188, 192 (E.D. Cal. 2009).

6

### A.    Interrogatory No. 7

Pfizer and BioNTech answered Interrogatory No. 7 by providing both a narrative response as well as citations to specific documents pursuant to Rule 33(d) that describe their knowledge of Moderna's research relating to mRNA vaccines.  Nothing more is required under Rule 33.  Pfizer and BioNTech have "sufficiently answered the interrogatory as propounded."  *Galenski Farm v. Nutrien Ag Sols., Inc.*, No. 3:20-CV-30016-MGM, 2022 WL 17094689, at *5 (D. Mass. Nov. 21, 2022).

Moderna's assertion that Pfizer and BioNTech's responses are incomplete is based on its (disputed) *argument* that Pfizer and BioNTech copied certain features disclosed in the Patents-in-Suit, and therefore must possess detailed and undisclosed information about Moderna's research and development efforts.  But this argument is not a basis to allege that undisclosed evidence exists.  Pfizer and BioNTech have fully answered the interrogatory, and Moderna's disagreement with Pfizer and BioNTech's answer does not mean the answer is incomplete.

### 1.    Pfizer and BioNTech Have Properly Answered Interrogatory No. 7

Pfizer and BioNTech each provided the information sought by Interrogatory No. 7.  Pfizer and BioNTech's supplemental responses are over six pages long.  D.I. 117-2, at 10-17.  Their respective responses describe any awareness of Moderna's work and identify specific senior scientists and executives who would have been aware of Moderna generally.  *Id.* at 12-17.

Pfizer's supplemental response describes Pfizer's knowledge of Moderna's research at an appropriate level of detail.  For example, Pfizer explains that ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████



Pfizer's interrogatory response stated that, ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████ Contrary to Moderna's

assertions, this response provides ample and specific information about the information in Pfizer's possession.



By identifying these documents, Pfizer has directly answered Moderna's interrogatory by describing its knowledge of Moderna's research on mRNA vaccines.

BioNTech likewise explained that it knew of the existence of Moderna since at least October 23-24, 2013, when the first International mRNA Health Conference was held in Tübingen, Germany, where BioNTech presented.  D.I. 117, at 12-13.  BioNTech answered that, at the 2013 conference, Moderna presented on the challenges of building a biotech company, but did not appear to have presented any information about its technology.  *Id.*  BioNTech also described how it became aware in 2013 that Moderna entered into an "agreement with AstraZeneca to develop nucleoside-modified mRNA for protein replacement therapy."  D.I. 117, at 14.

In addition, BioNTech answered that "[r]epresentatives from BioNTech and Moderna also attended the 3rd International mRNA Health Conference" in 2015, during which BioNTech presented and Stéphane Bancel, Moderna CEO, appears to have presented. *Id.* at 13-14. BioNTech further cited the program materials for the mRNA Health Conference, which show that Moderna's CEO presented at the "Vaccines" section of the conference. *Id.* BioNTech also identified a press release that Moderna issued on October 2, 2013, announcing that it received a grant from the U.S. Government to develop an mRNA vaccine against infectious diseases. *Id.* at 14. Thus, BioNTech's interrogatory response identifies and describes its earliest knowledge of Moderna based on a reasonable search of hundreds of thousands of pages of documents that were produced as of the date its response was served.

BioNTech also provided a fulsome response regarding its knowledge of Moderna's efforts to develop a COVID-19 vaccine, *i.e.*, an mRNA vaccine for an infectious disease. *Id.* at 14-15. As BioNTech explained, on January 23, 2020, Moderna publicly announced its intention to develop a COVID-19 vaccine. *Id.* at 14. BioNTech further explained that, as of June 2021 (after BioNTech/Pfizer's and Moderna's respective vaccines were approved), BioNTech conducted experiments on Moderna's vaccine. *Id.* at 15. BioNTech also identified documents pursuant to Rule 33(d) describing its awareness of Moderna's COVID-19 vaccine development. *Id.* Once again, BioNTech's supplemental response was based on a reasonable search of hundreds of thousands of pages of documents that were produced as of the date the response was served.

Pfizer and BioNTech have already provided the information that Moderna contends Interrogatory No. 7 seeks. For instance, Moderna's motion demands that Pfizer and BioNTech describe "[w]hat Defendants knew about Moderna's work on mRNA vaccines . . . , when they knew it, what they were saying about it internally and to each other[.]" D.I. 117, at 9. Pfizer and

BioNTech's responses identify specific individuals who were aware of Moderna's work, documents that summarize what those scientists knew, and describes their assessment of Moderna's research. *See Fujifilm N. Am. Corp.*, 344 F.R.D. at 71 (denying motion to compel where Defendants "failed to show that" Plaintiffs' answer to the interrogatory was "incomplete or evasive" given that Plaintiffs "provided extensive answers and supplements to the interrogatory, especially in light of the Rule 26(b)(1)'s requirement that discovery be proportional to the needs of the case."). Because Pfizer and BioNTech have answered Interrogatory No. 7, the Court should deny Moderna's motion.

### 2. Moderna's Motion Does Not Identify Any Specific Information That Pfizer and BioNTech Failed to Produce

Moderna asserts—without any evidence or support—that Pfizer and BioNTech "do[] not offer the full story of their knowledge of Moderna's work prior to COVID-19." D.I. 117, at 10. Moderna's speculative assertion falls short of "identify[ing] the specific information that [Pfizer and BioNTech] ha[ve] failed to produce and establish its relevance to [its] claims," as required to meet its burden on a motion to compel. *Torres*, 2018 WL 4054904, at *5. Pfizer and BioNTech "provide[d] an adequate response to the central questions underlying" the interrogatories. *Frechette v. Gaudette*, No. 2:17-CV-00172-LEW, 2019 WL 1509592, at *4 (D. Me. Apr. 5, 2019). And Rule 33 does not demand that Pfizer and BioNTech "give a complete rendition of each and every minute, factual detail which will surface at trial." *Johnson*, 261 F.R.D. at 192.

Moderna asserts that Pfizer and BioNTech were "aware of Moderna's development efforts and copied the claimed inventions to arrive at the accused products" and therefore must describe "how they were using that knowledge" of "Moderna's work on mRNA vaccines." D.I. 117, at 4, 9. But this *incorrectly* presumes that Pfizer and BioNTech relied on Moderna's work or patents in developing their own vaccines. As Pfizer and BioNTech discussed above, *see supra* at 2-3, and

emphasized in their interrogatory responses, they developed the vaccine without relying on Moderna's research, patents, or patent applications.  D.I. 117-2, at 9 ("When the pandemic struck, BioNTech was poised to, and did, successfully design its COVID-19 mRNA vaccine candidate, ***undertaking research efforts wholly independent of Moderna***, and then partnering with Pfizer to jointly bring the vaccine through clinical development, FDA approval, and into public use in the United States.").  In opposing BioNTech and Pfizer's motion to compel an interrogatory response relating to Moderna's copying allegations, Moderna represented that it "has never asserted that Defendants copied the Spikevax® mRNA sequence."  D.I. 99, Opposition to Motion to Compel, at 12-13.

Moderna also points to the presence of chemical modifications such as 1-methylpseudouridine in the mRNA of the COVID-19 vaccines.  But that does not support an inference that there are undisclosed answers to the interrogatory.  Rather, Pfizer and BioNTech have explained that Drs. Katalin Karikó and Drew Weissman first discovered, described, and patented the use of naturally occurring modified uridines, such as 1-methylpseudouridine, for therapeutic purposes (before Moderna was even founded).  *See, e.g.*, Ex. 12, WO 2007/024708 at [001], [0056].  Dr. Karikó joined BioNTech in 2013, providing her long history of expertise and experience with mRNA technology.

BioNTech and Pfizer have also shown that Moderna took a license to the Karikó/Weissman patented technology of mRNA that contains naturally occurring uridine modifications, including 1-methylpseudouridine.[2]  *See, e.g.*, Ex. 13, U.S. Patent No. 8,691,966, at Claim 1.  █████

---

[2] Drs. Karikó and Weissman made their groundbreaking discoveries while at the University of Pennsylvania.  Moderna obtained a license to their technology from Cellscript, LLC, which was the University of Pennsylvania's successor-in-interest with respect to this technology.  *See* D.I. 45, ¶ 31.



Consistent with the above, Moderna's co-founder, Derrick Rossi, stated that Dr. Karikó's work "is what allows these mRNA vaccines and any mRNA therapeutics down the road."  *See generally* D.I. 45, ¶ 8.  Moderna's motion to compel is based on a false presumption that BioNTech copied Moderna in designing its COVID-19 vaccine.[3]

---

[3] Although Moderna's motion focuses largely on 1-methyl-pseudouridine, BioNTech and Pfizer also have shown that lipid nanoparticles were also known before the filing of the Moderna Patents-in-Suit.  *See, e.g.*, Exs. 15 and 16, WO 2012/006369, and WO 2011/140627.  BioNTech and Pfizer have also shown that the modified spike protein used in the COVID-19 vaccines came from scientists at the United States National Institute of Allergy and Infectious Diseases, a division of the National Institutes of Health, which created a modified coronavirus spike protein that is stabilized in the prefusion conformation not described in any Moderna Patent-in-Suit.  *See* Ex. 17, Moderna, Inc., Annual Report (Form 10-K), at 46 (Feb. 24, 2023).  Moderna's arguments are predicated on its disputed copying allegations, which does not support Moderna's motion to compel a further response to Interrogatory No. 7.

Because Pfizer and BioNTech have described their knowledge of Moderna's research after a reasonable search of the available information, they respectfully request that Moderna's motion to compel with respect to Interrogatory No. 7 be denied.

      **B.**      **Interrogatory No. 8**

The Court should also deny Moderna's motion to compel a further response to Interrogatory No. 8, which asks Pfizer and BioNTech to "[i]dentify and describe your awareness or tracking of the prosecution or issuance of the patent applications leading to the Patents-in-Suit or any other Moderna patent or patent application." D.I. 117-2, at 17.

          **1.**      **Pfizer and BioNTech Have Answered the Proper Scope of**
                    **Interrogatory No. 8**

Pfizer and BioNTech have already answered the proper scope of Interrogatory No. 8 by describing their awareness of the Patents-in-Suit before Moderna's alleged damages period began. *See* D.I. 1, at ¶ 28. In its supplemental response, BioNTech responded that it "became aware of the existence of certain Moderna patent applications, which applications are among the application numbers appearing on the list of applications in the chain of priority subsequently identified on the face of the patents-in-suit, at least as early as October 2020, which is when Moderna issued [its Patent Pledge]." D.I. 117-2, at 21. BioNTech further answered that Moderna's Patent Pledge "directed the public to patents in its possession that were purportedly 'relevant to our mRNA-1273 vaccine against COVID-19'" by linking to a Moderna webpage that identified "U.S. Patent No. 10,703,789, U.S. Patent No. 10,702,600, U.S. Patent No. 10,577,403, U.S. Patent No. 10,442,756, U.S. Patent No. 10,266,485, U.S. Patent No. 10,064,959, and U.S. Patent No. 9,868,692." *Id.* at 21-22.

Likewise, Pfizer responded in relevant part that "Pfizer became aware of the prosecution of Moderna patent applications and issuance of Moderna patents that Moderna indicated may be pertinent to a COVID-19 vaccine at least as early as October 2020." *Id*. at 22.  Pfizer further stated:



*Id*. at 22-23.  In addition, Pfizer further states that it is aware of the following Moderna patents: U.S. Patent No. 11,622,972; U.S. Patent No. 11,524,023; U.S. Patent No. 11,485,972; U.S. Patent No. 10,898,574; U.S. Patent No. 10,703,789; U.S. Patent No. 10,702,600; U.S. Patent No. 10,577,403; U.S. Patent No. 10,442,756; U.S. Patent No. 10,266,485; U.S. Patent No. 10,064,959; U.S. Patent No. 9,868,692.  *Id.* at 22.  Pfizer also identified the in-house attorneys at Pfizer who would have been aware of Moderna's patents.

Moderna alleges damages for patent infringement beginning no earlier than March 8, 2022. D.I. 1, ¶ 28; Ex. 6, Moderna's RFA Response.  Pfizer and BioNTech have responded to Interrogatory No. 8 by stating that both companies were aware of the Patents-in-Suit for Moderna's entire alleged damages period.

### 2. Pfizer and BioNTech's Awareness of Moderna's Patents Before the Date in Their Response to Interrogatory No. 8 Is Not Relevant or Proportional to the Needs in the Case

Although Pfizer and BioNTech disclosed their awareness of the Patents-in-Suit as of October 2020, which was well before the damages period asserted by Moderna starting in March 2022, Moderna nevertheless seeks information on the circumstances surrounding how Pfizer and BioNTech may have learned of other Moderna patents or applications for patents even before that

time.   Moderna contends that "[t]he circumstances under which Defendants learned about Moderna's patents and patent applications that cover or discuss material related to the Patents-in-Suit are relevant to willful infringement," and "Defendants' 'knowledge of the patents in suit' is also relevant to induced infringement and contributory infringement."  D.I. 117, at 11.  But neither rationale justifies Moderna's motion to compel.

*First*, Moderna's assertion of willful infringement does not support its motion.  Moderna confirmed in its response to Pfizer and BioNTech's request for admission that, "consistent with Moderna's patent pledge, Moderna is not seeking damages for activities occurring before March 8, 2022."  Ex. 6, Moderna's RFA Response; *see also* D.I. 1, ¶ 28.  Willful infringement, if found, may form a basis for imposing enhanced damages (if other requirements are met).  *SRI Int'l, Inc. v. Cisco Sys., Inc.,* 930 F.3d 1295, 1310 (Fed. Cir. 2019).  Since Moderna is not seeking *any damages* before March 2022, information before BioNTech and Pfizer's interrogatory response identifying knowledge as of October 2020 is not relevant to asserting *enhanced damages*.

*Second*, willful infringement requires "deliberate or intentional infringement."  *Bayer Healthcare LLC v. Baxalta Inc.,* 989 F.3d 964, 988 (Fed. Cir. 2021).  "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct."  *Id.* at 987.  Moderna cannot be alleging a "specific intent to infringe" patents during a time when Moderna pledged that it was not asserting its patents at all.  *Id.*; *see also Trustees of Bos. Univ. v. Everlight Elecs. Co.,* 212 F. Supp. 3d 254, 258 (D. Mass. 2016).

*Third*, for the same reason, Pfizer and BioNTech's knowledge of Moderna's patent or patent applications before March 8, 2022 is also not necessary to prove indirect infringement in the alleged damages period in view of the information that Pfizer and BioNTech already provided

16

about knowledge of the patents in that period.  Moderna does not show a need for a further response to Interrogatory No. 8.

### 3.     Pfizer and BioNTech's Awareness of Non-Asserted Patents and Applications Is Not Relevant

Because Pfizer and BioNTech have acknowledged they were aware of the Patents-in-Suit before Moderna's alleged damages period, knowledge of patents and applications that are not asserted in this lawsuit are not relevant.  Moderna's only asserted basis for seeking this information is willfulness and indirect infringement, where it is knowledge of the *Patents-at-Issue* that is a required element.  *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.").  But Pfizer and BioNTech have *already stated* that they knew of the Patents-in-Suit before the entire time period for which Moderna seeks damages.

The only case that Moderna cites, *Crane Security Technologies., Inc. v. Rolling Optics AB*, 337 F. Supp. 3d 48, 52, 57-59 (D. Mass. 2018), is inapposite.  In *Crane*, the Court found the accused infringer's "extensive knowledge" of the patentee's patents supported the jury's finding that the accused infringer knew it infringed the patents-in-suit and awarded enhance damages.  *Id.* Here, Pfizer and BioNTech both acknowledge they knew about the Patents-at-Issue before Moderna's alleged damages period, and Moderna does not show why it needs information about *other* patents or applications.

For its part, Moderna's motion acknowledges that the breadth of the interrogatory as propounded is overbroad and attempts, for the first time, to limit its interrogatory to "just patents or applications that cover or discuss material related to the Patents-in-Suit."  D.I. 117, at. 13. Moderna's interrogatory contains no such limitation, and Moderna had not attempted to narrow its interrogatory in the months of discovery leading up to its motion to compel.  Moreover, Moderna's

17

belated attempt to limit the interrogatory within the motion uses phrasing so vague as to be unanswerable.  It is wholly unclear what Moderna means by patents that "cover or discuss material related to the Patents-in-Suit."   Moderna already has answers with respect to BioNTech and Pfizer's knowledge of the actual Patents-in-Suit.  Moderna's request for knowledge relating to other Moderna patents or mere patent applications is overbroad and not proportional to the needs in the case.

## IV.    Conclusion

For the reasons discussed above, Moderna's motion to compel further responses to Interrogatories Nos. 7 and 8 should be denied.

Dated: September 15, 2023

DEFENDANT AND COUNTERCLAIM-PLAINTIFF PFIZER INC.

DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS BIONTECH SE, BIONTECH MANUFACTURING GMBH, AND BIONTECH US INC.

By their Counsel,

By their Counsel,

*/s/ Thomas H. L. Selby*

*/s/ Jeffrey S. Robbins*

Lee Carl Bromberg (BBO # 058480)
Erik Paul Belt (BBO # 558620)
Wyley Proctor (BBO # 666613)
**McCarter & English, LLP**
265 Franklin Street
Boston, MA 02110
P: 617.449.6500
F: 617.607.9200
lbromberg@mccarter.com
ebelt@mccarter.com
wproctor@mccarter.com

Jeffrey S. Robbins, BBO #421910
Jeffrey.Robbins@saul.com
Joseph D. Lipchitz, BBO #632637
Joseph.Lipchitz@saul.com
Gregory M. Boucher, BBO #665212
Gregory.Boucher@saul.com
**Saul Ewing LLP**
131 Dartmouth Street, Suite 501
Boston, MA 02116
Tel: (617) 723-3300

OF COUNSEL:
Thomas H. L. Selby*
Stanley E. Fisher*
Kathryn S. Kayali*
Michael Xun Liu*
D. Shayon Ghosh*
Julie Tavares*
Derrick M. Anderson*
Haylee Bernal Anderson*
**Williams & Connolly LLP**
680 Maine Avenue, S.W
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

OF COUNSEL:
Bruce M. Wexler*
Eric W. Dittmann*
Young J. Park*
Simon F. Kung*
Rebecca A. Hilgar*
Ryan Meuth*
**Paul Hastings LLP**
200 Park Avenue
New York, NY 10166
(212) 318-6000
*Attorneys for Defendants and Counter-Claim Plaintiffs BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US, Inc.*

*Attorneys for Defendant and Counter-Claim Plaintiff Pfizer Inc.*

* Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I filed the foregoing document under seal by email to Arnold Pacho, Docket Clerk, at arnold_pacho@mad.uscourts.gov, and caused true and correct copies of the foregoing document to be served on the following counsel of record by email:

William F. Lee      william.lee@wilmerhale.com

Emily R. Whelan      emily.whelan@wilmerhale.com

Kevin S. Prussia      kevin.prussia@wilmerhale.com

Amy K. Wigmore      amy.wigmore@wilmerhale.com

Andrew J. Danford      andrew.danford@wilmerhale.com

Kevin M. Yurkerwich      kevin.yurkerwich@wilmerhale.com

Annaleigh E. Curtis      annaleigh.curtis@wilmerhale.com

Madeleine C. Laupheimer      madeleine.laupheimer@wilmerhale.com


                                                    */s/ Wyley Proctor*
                                                    Wyley Proctor

20