IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC.,<br><br>    Plaintiffs, Counterclaim-Defendants,<br><br>    v.<br><br>PFIZER INC., BIOTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,<br><br>    Defendants, Counterclaim-Plaintiffs. | Case No. 1:22-cv-11378-RGS |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Plaintiffs' assertions of delay and futility in opposing Defendants' Motion to Amend fail for three reasons: First, Plaintiffs' delay argument depends on a factual error. Second, Plaintiffs misapply applicable precedent on the standards for amendment at this stage of the litigation. Third, Plaintiffs' futility argument relies on disputed factual issues that could not support a finding of futility under the applicable 12(b)(6) standard. Under the liberal Rule 15(a)(2) standard, Defendants respectfully request that their Motion to Amend be granted.

*<u>Plaintiffs' delay argument depends on a factual error</u>*. Plaintiffs argue (at 1, 6–7) that Defendants first asserted a unilateral-contract defense in German proceedings in February 2023 and then "waited nearly eight months" to raise the defense here. But the German pleading Plaintiffs cite *did not* assert a unilateral contract defense. That document addressed waiver and implied license, which are existing defenses in this case. Pls. Ex. G ¶¶ 124–27; Dkt. 138-7 ¶¶ 124–27. Plaintiffs cite a paragraph addressing the Rome Convention, a choice-of-law treaty. *Id.* at ¶ 124. Nothing in the German pleading argued that the Patent Pledge was a unilateral contract under U.S. law. *Id.*

The unilateral contract theory was first raised in European proceedings in a draft responsive pleading in the United Kingdom on August 11, 2023—approximately two months before Defendants raised the issue of amendment with Plaintiffs in this action. Ex. A. During that time, the parties were litigating vigorously in six jurisdictions. And discovery occurred in this case that supported amendment. Plaintiffs, for example, produced internal documents acknowledging that they received benefits from other companies' use of mRNA technology. *E.g.*, Ex. B. Defendants, for their part, acknowledged that they were aware of Plaintiffs' public patent pledge. Ex. C (email illustrating Pfizer's awareness of the Pledge). Defendants have exercised reasonable diligence.

1

<u>*Plaintiffs misapply the Rule 15 standard*</u>.  Under Rule 15, leave to amend "shall be freely given when justice so requires." *Smith & Nephew, Inc. v. Surgical Solutions, Inc.*, 353 F. Supp. 2d 135, 139 (D. Mass. 2004).  That standard focuses on whether the moving party is acting in bad faith and whether there is prejudice to the opposing party.  *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004).  Absent a showing of bad faith or prejudice, alleged delay "is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Carmona v. Toledo*, 215 F.3d 124, 136 (1st Cir. 2000).

Plaintiffs do not and cannot not allege that Defendants' motion is in bad faith.  Defendants' motion does not coincide with a motion to dismiss, summary judgment, trial, or any other significant case event.  There is likewise no prejudice.  As Plaintiffs acknowledge (at 8), two months still remain in fact discovery.  No party has taken a deposition.  Defendants filed this motion within the period Plaintiffs originally proposed in the schedule for motions to amend.  If there were new issues to explore, Plaintiffs still have the opportunity to do so.  Plaintiffs have not, however, identified any such issues in their motion.  While the unilateral-contract theory raises a modicum of additional legal issues, the relevant facts overlap with facts the parties are already litigating.

Defendants' unilateral-contract theory involves Plaintiffs' Pledge (the offer), Defendants' act of bringing an mRNA vaccine to the market (acceptance and consideration), and the benefits Plaintiffs received from Defendants' presence in the market (further consideration).  Each of those factual issues has been part of this case since Plaintiffs' complaint or, at the latest, Defendants' original answer and counterclaim.  *See* Compl. ¶¶ 22, 23, 28; *see also* Defs. General Denial ¶ 6 (regarding the Pledge); Defs. Counterclaims ¶¶ 73, 74 (pleading implied license, which implicates issues of consideration).

In similar circumstances, courts in this district have granted motions to amend, even under the heightened Rule 16 "good cause" standard, which is more demanding than the Rule 15 standard that applies here. *Fed. Ins. Co. v. Bos. Water & Sewer Comm'n*, 551 F. Supp. 2d 117, 119–20 (D. Mass. 2008). Plaintiffs, on the other hand, do not point to a single case where a court found undue delay when (1) the party seeking leave had not previously amended, (2) the party sought leave to amend less than three months after learning of the new claim, and (3) discovery remained open. *Cf.* Opp'n. 6–7 (collecting cases where courts denied leave to amend after "almost a year", four months, and three months (following a prior amendment)). The circumstances of this case do not justify a different outcome.

*Amendment is not futile*. Plaintiffs' futility argument turns primarily on the assertion that Defendants have not adequately pleaded acceptance of an offer because Defendants agreed in discovery responses that they did not rely on Plaintiffs' patent pledge. That argument is incorrect.

Plaintiffs acknowledge (at 9) the hornbook rule that performance with awareness of an offer establishes assent and acceptance in the context of a unilateral contract. Restatement (Second) of Contracts § 53 cmt. (c). Thus, for example, an individual who (a) knows of a police department's offer of a reward for information leading to the arrest of a criminal, and (b) provides that information may collect from the department, even if she provided the requested information for reasons entirely unrelated to the offer. *Id.*

Plaintiffs attempt to avoid that rule by arguing (at 9–11) that specific factual circumstances—like an affirmative intent not to accept an offer—still may negate assent. *Id.* Plaintiffs have not, however, established that that exception applies here under the applicable Rule 12(b)(6) standard. Indeed, it is unclear what facts Plaintiffs argue show that Defendants intended

3

to reject Plaintiffs' promise not to enforce their patents. And the facts surrounding Defendants' acceptance (and the import of those facts) are a merits issue.

The materials Plaintiffs reference (at 10–11) in presenting their futility argument do not change the analysis. Those materials address *reliance*, which is not a necessary element of a unilateral contract claim.[1] Mot. 6 (explaining that reliance is not required for unilateral contract defense). Rather than taking this point on—or identifying any case law that requires reliance—Plaintiffs simply point to documents outside of the pleadings to emphasize that Defendants do not contend they relied on the Pledge. But because reliance is not an element of the unilateral contract theory Defendants seek to add, that is immaterial.

Finally, Plaintiffs claim in passing (at 11) that Defendants failed to plead "other elements" of their defense, like "full performance" and which jurisdiction's laws apply. Those arguments either concern factual questions not susceptible to resolution under the futility standard, are contrary to the plain language of Defendants' proposed Amendment (*see* Am. Answer ¶¶ 23–24 (pleading performance)), or are not elements of a breach-of-contract claim.

\* \* \*

Defendants seek leave to add a single legal theory months before discovery is set to close. Under the liberal Rule 15 standard, the motion should be granted.

---

[1] Plaintiffs make legally incorrect assertions about the elements of other defenses that are not at issue here. *Compare* Opp'n. 4–5 (asserting, without citation, that Defendants' equitable defenses all require reliance) *with Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1019–20 (Fed. Cir. 2008) (listing elements of express waiver and not including reliance); *id.* at 1020 (listing elements of implied waiver and not including reliance); *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1279 (Fed. Cir. 2009) (listing elements of implied license by legal estoppel and not including reliance).

Respectfully submitted,

| | |
|---|---|
| DEFENDANT AND COUNTERCLAIM-PLAINTIFF PFIZER INC. | DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS BIONTECH SE, BIONTECH MANUFACTURING GMBH, AND BIONTECH US INC. |
| By their Counsel, | By their Counsel, |
| /s/ Thomas H.L. Selby | /s/ Gregory M. Boucher |
| Lee Carl Bromberg (BBO # 058480)<br>Erik Paul Belt (BBO # 558620)<br>Wyley Proctor (BBO # 666613)<br>**MCCARTER & ENGLISH, LLP**<br>265 Franklin Street<br>Boston, MA 02110<br>P: 617.449.6500<br>F: 617.607.9200<br>lbromberg@mccarter.com<br>ebelt@mccarter.com<br>wproctor@mccarter.com | Jeffrey S. Robbins, BBO #421910<br>Jeffrey.Robbins@saul.com<br>Joseph D. Lipchitz, BBO #632637<br>Joseph.Lipchitz@saul.com<br>Gregory M. Boucher, BBO #665212<br>Gregory.Boucher@saul.com<br>**SAUL EWING LLP**<br>131 Dartmouth Street, Suite 501<br>Boston, MA 02116<br>Tel: (617) 723-3300 |
| OF COUNSEL: | OF COUNSEL: |
| Thomas H. L. Selby*<br>Stanley E. Fisher*<br>Joshua Podoll*<br>Kathryn S. Kayali*<br>Michael Xun Liu*<br>Michael Mestitz*<br>D. Shayon Ghosh*<br>Julie Tavares*<br>Derrick M. Anderson*<br>Haylee Bernal Anderson*<br>**WILLIAMS & CONNOLLY LLP**<br><br>680 Maine Avenue, S.W<br>Washington, DC 20024<br>Telephone: 202-434-5000<br>Facsimile: 202-434-5029<br>* Admitted *pro hac vice*<br>*Attorneys for Defendant and Counter-Claim Plaintiff Pfizer Inc.* | Bruce M. Wexler*<br>Eric W. Dittmann*<br>Young J. Park*<br>Simon F. Kung*<br>Rebecca A. Hilgar*<br>Ryan Meuth*<br>**PAUL HASTINGS LLP**<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000<br><br>*Attorneys for Defendants and Counter-Claim Plaintiffs BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US, Inc.* |

Dated: November 7, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2023 I filed the foregoing document by email to Arnold Pacho, Docket Clerk, at arnold_pacho@mad.uscourts.gov, and caused true and correct copies of the foregoing document to be served on counsel of record by email.

*/s/ Wyley Proctor*
Wyley Proctor
