# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MODERNATX, INC. and MODERNA US, INC.,

Plaintiffs,

v.

PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC.,

Defendants.

Case No. 1:22-cv-11378-RGS

**DEFENDANT PFIZER INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the District of Massachusetts, Defendant Pfizer Inc. ("Pfizer") hereby requests that Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Plaintiffs") answer the following interrogatories.

Unless otherwise agreed upon by counsel for the respective parties, service of the requested answers is to be made at the offices of Williams & Connolly LLP, at 680 Maine Avenue, S.W. Washington, DC 20024, within thirty (30) days of service of this Interrogatory.

**DEFINITIONS**

1. Pfizer hereby incorporates by reference the Definitions set forth in Defendants' First Set of Requests for the Production of Documents and Things, dated February 3, 2023.

2. As used herein, the term "Comirnaty®" shall mean any mRNA COVID-19 vaccine developed and sold by Pfizer/BioNTech, regardless of whether such vaccine bore the trade name Comirnaty® at the time it was sold or whether it was sold pursuant to an emergency use authorization or approval by the Food and Drug Administration.

3. As used herein, the term "Spikevax®" shall mean any mRNA COVID-19 vaccine developed and sold by Moderna, regardless of whether such vaccine bore the trade name Spikevax® at the time it was sold or whether it was sold pursuant to an emergency use authorization or approval by the Food and Drug Administration.

## INSTRUCTIONS

1. Plaintiffs must answer each Interrogatory separately and fully in accordance with Federal Rule of Civil Procedure 33. If Plaintiffs object to any interrogatory, they must state their objections with specificity and answer the interrogatory subject to their objections.

2. These Interrogatories are continuing and require Plaintiffs to supplement their responses in accordance with Federal Rule of Civil Procedure 26(e). Such supplemental responses are to be served as soon as reasonably possible after the need therefor is determined.

3. If, in answering any of these Interrogatories, Plaintiffs perceive any ambiguity in construing either the interrogatory or a definition or instruction, Plaintiffs must set forth the matter deemed ambiguous and the definition used in answering the interrogatory.

4. When an interrogatory does not specifically request a particular fact, but when such fact(s) are necessary to make the answer to the interrogatory comprehensible, complete, or not misleading, Plaintiffs must include such fact(s) as part of the answer.

5. In answering these Interrogatories, if Plaintiffs make any assumption of fact or law, Plaintiffs must state each assumption and the basis for such assumption.

6. Each interrogatory must be answered on the basis of Plaintiffs' entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made and a reasonable search has been conducted.

7. If Plaintiffs have a good-faith objection to any interrogatory, or any part thereof,

the specific nature of the objection and whether it applies to the entire interrogatory or to part of the interrogatory must be stated. If there is an objection to any part of an interrogatory, then the part objected to should be identified and a response to the remaining unobjectionable part should be provided.

8. Whenever an answer to these Interrogatories contains information that is not based on personal knowledge, Plaintiffs must state the source and the nature of such information.

9. If Plaintiffs withhold any information, in whole or in part, on the grounds of attorney-client privilege, work-product immunity, or any other privilege or doctrine, Plaintiffs must identify the information withheld in a privilege log.

10. If Plaintiffs elect to utilize the procedure for answering interrogatories authorized by Federal Rule of Civil Procedure 33(d), Plaintiffs must, for each interrogatory so answered, specify the particular documents relating to the subject matter of the specific interrogatory and, separately for each document, specify its source (*e.g.*, the custodian from whom files were obtained or other location from which it was taken) and its author and date of preparation, if not apparent from the face of the document.

11. No part of an interrogatory should be left unanswered merely because an objection is made to another part of the interrogatory. If a partial or incomplete answer is provided, Plaintiffs must state the answer is partial or incomplete.

12. If this action proceeds to trial, Pfizer reserves all rights to exclude as evidence the introduction of any information that Plaintiffs had in their possession and was called for by these Interrogatories, but that Plaintiffs did not produce.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify the person(s) most knowledgeable about and documents sufficient to show, for Spikevax® and any other product as to which Moderna claims any lost profits, from launch until the present: actual and projected donations, unit sales, revenue, profit, profit margin, cost of goods sold, and income (both gross and net); amounts spent on research and development, product advertising and promotion, packaging, regulatory efforts, and manufacturing; and market share analyses, consumer preference surveys, and documents comparing Comirnaty® and Spikevax®.

### INTERROGATORY NO. 2

Identify person(s) most knowledgeable about and documents sufficient to show, for Spikevax® and any other product as to which Moderna claims any lost profits, from launch until present: Moderna's manufacturing capacity, its production, its distribution and supply chain to the market, and its utilization. For avoidance of doubt, this includes: (a) an identification of facilities at which Spikevax® and any other product as to which Moderna claims any lost profits has been manufactured or will be manufactured prior to trial, including any manufacturing contracts from the launch of such products, and restrictions on where products manufactured there can be sold; (b) annual, quarterly, and monthly manufacturing and distribution capacity, production, and utilization from product launch to the present, including any discussions of inability to meet demand for Spikevax®; and (c) projections of future manufacturing and distribution capacity, production, and utilization.

**INTERROGATORY NO. 3**

For each of the Patents-in-Suit, describe in detail, together with the identity of any supporting documents or things, the factual basis for Moderna's allegation that if Pfizer and BioNTech have infringed the Patents-in-Suit, such infringement was willful.

**INTERROGATORY NO. 4**

Identify and describe all interactions between Moderna and Pfizer regarding Moderna's business or work on mRNA, including any meeting(s) occurring in 2012-2013, a Confidential Disclosure Agreement between the parties in 2016, a Confidential Disclosure Agreement between the parties in 2017, any meetings between the parties related to those agreements, and any documents shared by Moderna or Pfizer related to the parties' interactions, the individuals at Moderna involved in interactions between Moderna and Pfizer, and any internal analyses of documents shared by Pfizer or interactions between Moderna and Pfizer.

Dated: October 18, 2023

*/s/ Kathryn S. Kayali*

Lee Carl Bromberg (BBO # 058480)
Erik Paul Belt (BBO # 558620)
Wyley Proctor (BBO # 666613)
**MCCARTER & ENGLISH, LLP**
265 Franklin Street
Boston, MA 02110
P: 617.449.6500
F: 617.607.9200
lbromberg@mccarter.com
ebelt@mccarter.com
wproctor@mccarter.com

OF COUNSEL:

Thomas H. L. Selby
Stanley E. Fisher
Kathryn S. Kayali
Michael Xun Liu
D. Shayon Ghosh
Julie Tavares
Derrick M. Anderson
Haylee Bernal Anderson
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
(202) 434-5000
*Attorneys for Defendant Pfizer Inc.*