# Exhibit 8

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) C.A. No. 1:22-11378-RGS |
| PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., | ) ) ) ) |
| Defendants. | ) ) ) |

## MODERNA'S FIRST SET OF COMMON REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Moderna") hereby request that Defendants Pfizer Inc. ("Pfizer"), BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. ("BioNTech US," together with BioNTech SE and BioNTech Manufacturing GmbH, "BioNTech") each respond to the following requests for production within thirty (30) days of service, in accordance with the Definitions and Instructions below. Documents should be produced at the law offices of WilmerHale LLP: Attn: Kevin S. Prussia, 60 State St., Boston, MA, 02109.

## DEFINITIONS

1.     Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2.      As used herein, "you," "your," and "yours" in the case of Pfizer shall refer, collectively or singly, to Pfizer and all of Pfizer's corporate parents, corporate predecessors, corporate successors, and all past or present subsidiaries, affiliates, divisions, units, departments, officers, directors, principals, agents, employees, representatives, assigns, attorneys, experts, insurers, and each person acting or purporting to act on its behalf.

3.      As used herein, "you," "your," and "yours" in the case of BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US shall refer, collectively or singly, to BioNTech and all of BioNTech's corporate parents, corporate predecessors, corporate successors, and all past or present subsidiaries, affiliates, divisions, units, departments, officers, directors, principals, agents, employees, representatives, assigns, attorneys, experts, insurers, and each person acting or purporting to act on its behalf.

4.      The term "Defendants' BLA" means Biologics License Application No. 125742 and any supplemental BLA submissions.

5.      The term "Defendants' IND" means Investigational New Drug Application No. 19736 and any supplemental IND submissions.

6.      The term "Comirnaty®" means the composition that is Defendants' COVID-19 vaccine product(s).

7.      The term "Spikevax®" means the composition that is Moderna's COVID-19 vaccine product(s).

8.      The term "Patents-in-Suit" means U.S. Patent Nos. 10,898,574 (the "'574 patent"), 10,702,600 (the "'600 patent"), and 10,933,127 (the "'127 patent").

9.      The term "mRNA" means messenger ribonucleic acid or messenger RNA.

10.     The term "betacoronavirus" means the genus of coronaviruses that includes, among others, MERS-CoV, SARS-CoV, and SARS-CoV-2.

11.     The term "COVID-19" means a respiratory disease caused by SARS-CoV-2.

12.     The term "SARS-CoV-2" means severe acute respiratory syndrome coronavirus 2, including all mutants and variants thereof.

13.     "FDA" means the United States Food and Drug Administration, including any of its centers, departments, divisions, offices, subsidiaries, and/or other units.

14.     The term "Project Lightspeed" means Defendants' development program for an mRNA vaccine for COVID-19, which Defendants have referred to publicly as "Project Lightspeed."

15.     The term "prior art" shall mean every publication or fact that you claim to support an invalidity defense under 35 U.S.C. §§ 102, 103.

16.     As used herein, "identify" with respect to persons and documents, "plaintiff" or "plaintiffs," "defendant" or "defendants," "persons," and "state the basis" shall have the definitions set forth in District of Massachusetts Local Rule 26.5.

17.     As used herein, "including" means including but not limited to.

18.     As used herein, "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and specifically includes documents (such as email, word processing files, and other computerized data) that may exist only in electronic form.  A draft or non-identical copy is a separate document within the meaning of this term.

19.     As used herein, "communication" means every contact of any nature, whether oral or written, from one person to another, whether in form of facts, ideas, observations,

inquiries, or otherwise, and any evidence of such contact, including without limitation any correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, computer files, electronic or magnetic media, or other documents containing such contacts.

20.     As used herein, "concerning" means referring to, relating to, reflecting, discussing, describing, showing, commenting on, evidencing, comprising, constituting, or summarizing.

21.     As used herein, "relate to," "relates to," "refers to," or "relating to" means relating to, referring to, mentioning, discussing, reflecting, containing, stating, describing, embodying, evidencing, constituting, dealing with, or making reference to in any way.

22.      As used herein, "thing" shall mean any physical specimen or other tangible item other than a document, in your possession, custody, or control.

23.     The terms "all," "each," and "any" shall be construed as all and any.

24.     The use of the singular form of any word shall include the plural form and vice versa.

25.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

26.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

27.     Words in the masculine, feminine, or neuter form shall include each of the other genders.

28.     The use of any definition for the purposes of these requests shall not be deemed to constitute an agreement or acknowledgement on the part of Moderna that such definition is accurate, meaningful, or appropriate for any other purpose in this litigation.

## INSTRUCTIONS

1.     Each request should be construed independently and not with reference to any other request for the purposes of limitation.

2.     If you perceive any ambiguity in construing any request or any applicable definition or instruction, you should set forth the matter deemed too ambiguous and the construction you selected or used in responding to the request.

3.     If you identify a document, you shall identify the custodian of the document.

4.     If you object to any portion of the request, you should identify the portion to which you object, state the basis for the objection, and respond to the remainder.

5.     If you object to any request on the basis of a contention that it is overbroad, you should provide a response that narrows the request in a way that eliminates the purported over-breadth and state the extent to which you have narrowed that request for the purpose of your response.

6.     If any of the requested documents are withheld from production (including by redaction) on the grounds of attorney-client privilege or the work-product doctrine, you shall furnish a log of such documents providing at least the following information for each such document: the document's date, signatory or signatories, author(s), addressee(s), each other person who received a copy, the subject matter of the document, its location and custodian, and the basis for the claim of privilege.  Such information should be supplied in sufficient detail to permit Moderna to assess the applicability of the privilege claimed.

7.      In answering each request, furnish all information that is now available to you regardless of whether the information is possessed directly by you or your agents, employees, representatives, independent contractors, investigators, or unless privileged, by your attorneys or by their agents, employees, representatives, or investigators.

8.      In producing documents, produce the originals if the originals differ in any respect from copies.  Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes and similar recordings, should be produced in their original form or in copies that are exact duplicates of the originals.  Computer files and similar electronic records should be produced in a readable form mutually agreed upon by the parties.

9.      In producing documents, all documents that are physically attached to each other shall be produced in that form.  Documents should be produced either (a) as they are kept in the ordinary course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers), or (b) organized according to the document request(s) to which they are responsive. If you elect the latter mode of production, each document or set of documents from a particular file, binder, or other container should be accompanied by a legible copy of the label from that container or some other reliable indicator of the file from which it was taken.

10.      To the extent any document exists in more than one language, the document shall be produced in English, if available.

11.      Supplemental responses to these requests and associated production should be provided as additional documents become available, in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Defendants' BLA, including all amendments and/or supplements thereto.

**REQUEST NO. 2**

Defendants' IND, including all amendments and/or supplements thereto.

**REQUEST NO. 3**

Documents concerning and/or submitted in connection with Defendants' BLA and/or Defendants' IND, including all amendments and/or supplements thereto.

**REQUEST NO. 4**

Documents related to communications with the FDA concerning Defendants' BLA and/or Defendants' IND, including all amendments and/or supplements thereto.

**REQUEST NO. 5**

Forecasts and analyses of the revenues, profitability, and/or market for Comirnaty® considered in connection with Defendants' decision to file Defendants' BLA and/or Defendants' IND.

**REQUEST NO. 6**

Analyses of the safety and efficacy of Comirnaty® considered in connection with Defendants' decision to file Defendants' BLA and/or Defendants' IND.

**REQUEST NO. 7**

Documents sufficient to show the persons involved in the preparation and filing of Defendants' BLA and/or Defendants' IND, including without limitation (a) persons who participated in the decision to prepare and file Defendants' BLA and/or Defendants' IND, and (b) persons who participated in the preparation, drafting, revision, correspondence with the FDA, and/or filing of Defendants' BLA and/or Defendants' IND.

**REQUEST NO. 8**

Documents relating to testing, analyses, or studies performed by any Defendant, or by a third-party working on Defendants' behalf, of any nucleoside-modified mRNA or composition containing nucleoside-modified mRNA, including but not limited to any chemical, biochemical, biological, structural, or functional analyses or comparisons, e.g., sequence, structure, natural expression, recombinant expression, epitope mapping, antigenic properties, immunogenic properties, effect on and response by a test subject's immune system, clinical effectiveness, and/or performance, and including without limitation documents identifying the dates when they were performed, the individuals involved, and all results.

**REQUEST NO. 9**

Documents relating to testing, analyses, or studies performed by any Defendant, or by a third-party working on Defendants' behalf, of mRNA modified with 1-methylpseudouridine, any chemically modified mRNA, or any composition containing chemically modified mRNA or mRNA modified with 1-methylpseudouridine, and including without limitation documents identifying the dates when they were performed, the individuals involved, and all results.

**REQUEST NO. 10**

Documents related to Defendants' awareness of Moderna's research, data, or results related to nucleoside-modified mRNA.

**REQUEST NO. 11**

Documents related to Defendants' use of Moderna's research, data, or results in developing any COVID-19 vaccine product.

**REQUEST NO. 12**

All documents and things related to Defendants' awareness or tracking of Moderna's development of a COVID-19 vaccine product.

**REQUEST NO. 13**

Documents related to Spikevax®, including any comparisons of Comirnaty® to Spikevax®.

**REQUEST NO. 14**

Documents concerning efforts by Defendants to discover or develop any vaccine for treating coronaviruses, including SARS-CoV-2, and including but not limited to Comirnaty®.

**REQUEST NO. 15**

Documents sufficient to identify each person who participated, at or on behalf of Defendants, in the research, development of proposed research, conception, and/or design of any preventative or therapeutic treatment for coronaviruses, including SARS-CoV-2, and the specific role of each such person.

**REQUEST NO. 16**

Documents relating to any work done by any Defendant, or at the direction of any Defendant, to develop any immunogenic composition that could be used to prevent infection by coronaviruses, including SARS-CoV-2, including without limitation all invention disclosures, invention records, inventors' notebooks, comparisons of any such compositions, other laboratory notebooks or records, and/or testing records.

**REQUEST NO. 17**

Documents sufficient to identify persons responsible for, at or on behalf of Defendants, the development, testing, manufacture, production, pricing, marketing, and/or sales of any preventative or therapeutic treatments for coronaviruses, including SARS-CoV-2 and including Comirnaty®, and the specific role of each such person.

**REQUEST NO. 18**

Documents concerning Defendants' reliance, in developing any COVID-19 vaccine product, including Comirnaty®, on any research or data not developed by or on behalf of Defendants.

**REQUEST NO. 19**

Documents related to Defendants' decision to develop a nucleoside-modified mRNA vaccine for SARS-CoV-2 over other potential alternatives, including a viral vector vaccine or a protein subunit vaccine.

**REQUEST NO. 20**

Documents related to any alternative vaccine candidates considered by Defendants as a part of Project Lightspeed, including without limitation all records, notebooks, comparisons of compositions, and communications relating to the same.

**REQUEST NO. 21**

Documents related to the use of chemically modified mRNA in a betacoronavirus vaccine candidate.

**REQUEST NO. 22**

Documents related to the use of mRNA modified with 1-methylpseudouridine in a betacoronavirus vaccine candidate.

**REQUEST NO. 23**

Documents related to encoding for a full-length spike protein in a betacoronavirus vaccine candidate.

**REQUEST NO. 24**

Documents related to the use of a lipid nanoparticle formulation in a betacoronavirus vaccine candidate.

**REQUEST NO. 25**

Documents sufficient to identify each person who participated in the research, development of proposed research, conception, and/or design of Comirnaty®, and the specific role of each such person.

**REQUEST NO. 26**

Documents concerning all proposed, contemplated, or actual research, development, experiments, testing, data collection, and/or studies done or considered by anyone at or on behalf of Defendants, that concern or relate to Comirnaty®, including without limitation laboratory notebooks, notes, reports, invention disclosures, internal memoranda, test reports, technical specifications, inventor workbooks, inventor notebooks, inventor files, inventor documents, correspondence, articles, or other publications.

**REQUEST NO. 27**

Documents sufficient to show the design, structure, function, operation, and formulation of Comirnaty®.

**REQUEST NO. 28**

Documents related to the identification of the COVID-19 strains used to develop any COVID-19 vaccine product, including Comirnaty®.

**REQUEST NO. 29**

Documents related to the selection of the COVID-19 variants used to develop any COVID-19 vaccine product including, but not limited to, Comirnaty® and any bivalent vaccine product.

**REQUEST NO. 30**

Documents sufficient to identify with particularity each location in which Comirnaty®, and any component thereof, is or was manufactured, and from which any component of Comirnaty® is or was supplied.

**REQUEST NO. 31**

Documents sufficient to explain the manufacturing, packaging, and assembly process for the manufacture of Comirnaty® and of any component thereof.

**REQUEST NO. 32**

Documents that describe, refer, or relate to the immunological properties of Comirnaty®.

**REQUEST NO. 33**

Documents sufficient to show that Comirnaty® induces an immune response when administered to a subject.

**REQUEST NO. 34**

Documents concerning any comparison of properties by Defendants, or by any other entity or person at the direction of Defendants, between Comirnaty® and any other coronavirus vaccine product, including a COVID-19 vaccine product, including but not limited to physical structure, chemical composition, translational efficiency, potency, toxicity, preparation of dosage forms, storage stability, product and by-product, release profile, and bioavailability.

**REQUEST NO. 35**

Documents sufficient to show actual administration of Comirnaty® to humans or animals, whether to inoculate any human or animal against coronaviruses, including SARS-CoV-2, or for any other purpose.

**REQUEST NO. 36**

Documents sufficient to show instructions, directions, or guidance given by Defendants to medical professionals regarding the administration of Comirnaty®.

**REQUEST NO. 37**

Documents related to the first public use, first public disclosure, first offer for sale, and first sale of Comirnaty®.

**REQUEST NO. 38**

Documents related to communications with the FDA or any other regulatory body concerning Comirnaty®, including regarding any contemplated methods of making, using, and/or administering Comirnaty®, and/or regarding any clinical trials involving Comirnaty®.

**REQUEST NO. 39**

Documents sufficient to show any clinical trial or other clinical testing of Comirnaty®, including documents sufficient to identify with particularity each location in which Comirnaty® was tested in any clinical trial.

**REQUEST NO. 40**

Documents sufficient to show the immune response, safety, and tolerability results collected from any clinical trial that was submitted by Defendants to the FDA as part of a marketing authorization application for Comirnaty®.

**REQUEST NO. 41**

Documents concerning the basis for the indications and usage for Comirnaty® that Defendants have proposed to the FDA.

**REQUEST NO. 42**

Documents related to any funding or support from the U.S. Government, or any department or agency thereof, for Comirnaty® or any SARS-CoV-2-related research conducted or sponsored by Defendants.

**REQUEST NO. 43**

Documents related to any involvement of the U.S. Department of Health and Human Services, including without limitation the National Institutes of Health, in the development of Comirnaty® or in any SARS-CoV-2-related research conducted or sponsored by Defendants.

**REQUEST NO. 44**

Documents related to Comirnaty®'s market entry, including related to being the first approved COVID-19 vaccine in the United States.

**REQUEST NO. 45**

Documents concerning or considered in connection with Defendants' marketing, advertising, sales, or offers for sale of Comirnaty® or any COVID-19 vaccine product, including but not limited to all documents and things relating to the market for Comirnaty®, business plans, regulatory plans, product or project proposals and approvals, meeting minutes, patent clearance or infringement reviews or investigations, strategic plans or forecasts, market studies, surveys, market or sales projections or forecasts, marketing plans, and competitive analyses.

**REQUEST NO. 46**

Documents concerning the impact of Comirnaty® or any COVID-19 vaccine product on Defendants' pharmaceutical development pipelines.

**REQUEST NO. 47**

Documents related to Defendants' historical and current mRNA products in development from 2010 to present, including business plans, regulatory plans, product or project proposals

and approvals, meeting minutes, patent clearance or infringement reviews or investigations, strategic plans or forecasts, market studies, surveys, market or sales projections or forecasts, marketing plans, and competitive analyses.

## REQUEST NO. 48

Documents concerning any proposed, contemplated, or actual advertisement, labeling, publication, promotion, or description of Comirnaty®, including without limitation any proposed, contemplated, or actual package insert and labeling (including drafts, versions, and/or amendments thereto), marketing memorandum, promotional material, or sales literature.

## REQUEST NO. 49

Documents related to communications with any customer, agent, dealer, wholesaler, distributor, or purchaser of Comirnaty®, including governmental or regulatory bodies.

## REQUEST NO. 50

Documents sufficient to show the number of units of Comirnaty®, however packaged and sold, that Defendants (or any person or business entity acting on Defendants' behalf) have manufactured or sold, or expect to manufacture or sell, or have forecasted to be manufactured or sold.

## REQUEST NO. 51

Documents related to communications, contracts, negotiations, and relationships relating to the provision and sale of Comirnaty®.

## REQUEST NO. 52

Documents comprising or concerning executed licenses, sublicenses, assignments, covenants, or other agreements granting any right under (or covenanting not to assert) any patent relating to Comirnaty®, any other COVID-19 vaccine product, any other mRNA vaccine product, any process or component used to make any COVID-19 vaccine product, including without

limitation lipid nanoparticles and modified nucleobases, or Defendants' research on any mRNA vaccine for COVID-19.

**REQUEST NO. 53**

Documents sufficient to show the organization of each department involved in the research, development, or testing of nucleoside-modified mRNA, Comirnaty®, or any other COVID-19 vaccine product, and of each department involved in any aspect of filing Defendants' BLA Application, including, but not limited to, organizational charts and lists or directories of personnel from the first date on which Defendants began research relating to an mRNA vaccine for COVID-19 to the present.

**REQUEST NO. 54**

Documents sufficient to identify each of the Defendants' predecessors-in-interest, subsidiaries, parents, related corporations, partnerships, joint ventures, and affiliates that relate in any way to Comirnaty® or any other COVID-19 vaccine product.

**REQUEST NO. 55**

Documents concerning any meeting of the Boards of Directors of Pfizer Inc. or of BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. discussing nucleoside-modified mRNA, Comirnaty®, or any other COVID-19 vaccine product, including without limitation, any minutes of meetings.

**REQUEST NO. 56**

Documents related to the collaboration between Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc., including without limitation any partnerships, agreements, licenses, or assignments relating to the development of any coronavirus vaccine product.

**REQUEST NO. 57**

Documents related to compensation, monetary or otherwise, exchanged between or among Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.

**REQUEST NO. 58**

Documents exchanged between or among any Defendants, or between any Defendant and any third party, concerning nucleoside-modified mRNA, compositions containing nucleoside-modified mRNA, carriers for nucleoside-modified mRNA, Comirnaty®, or any other COVID-19 vaccine product.

**REQUEST NO. 59**

Communications between or among Defendants concerning this action.

**REQUEST NO. 60**

Communications between or among Defendants concerning any Moderna patent or patent application.

**REQUEST NO. 61**

Documents related to interactions between or among any of the Defendants and Acuitas Therapeutics Inc., including without limitation any partnerships, agreements, licenses, or assignments relating to the development of any coronavirus vaccine product.

**REQUEST NO. 62**

Documents comprising or concerning any executed sales contracts or other sales agreements, including all amendments thereto, that relate to Comirnaty® or any other COVID-19 vaccine product, including with governmental or regulatory bodies, including without limitation all contracts or agreements, including documents relating to their negotiation, that Defendants have negotiated with any health care provider, pharmacy chain, or governmental, regulatory, or similar entity relating to the sale or reimbursement of Comirnaty® in any country.

**REQUEST NO. 63**

Documents constituting, referring to, or evidencing any patent or patent application, including but not limited to any PCT patent application, that Defendants presently contend or have ever contended is practiced by Comirnaty® or covers methods of making or using Comirnaty®, including any patent with which Comirnaty® has ever been marked pursuant to 35 U.S.C. § 287.

**REQUEST NO. 64**

Documents sufficient to show financial information for Comirnaty®, including Defendants' sales, net sales, revenues, costs, margin, gross margin, operating margin, costs of goods sold, and profits.

**REQUEST NO. 65**

Documents sufficient to show Defendants' time and monetary investment in Comirnaty®, including investment in research and development, headcount, costs on research and development by department, including costs for research, development, marketing, and regulatory approval.

**REQUEST NO. 66**

Documents sufficient to show agreements Defendants believe are or would be comparable to a reasonable license to the Patents-in-Suit.

**REQUEST NO. 67**

Documents concerning any reasonable royalty for any infringing activity by Defendants, including, without limitation, documents on which Defendants intend to rely for any analysis of each of the factors identified in *Georgia-Pacific v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

**REQUEST NO. 68**

Documents concerning (1) demand for a COVID-19 vaccine product in the United States, (2) the existence or absence of alternative COVID-19 vaccine products that would not infringe the Patents-in-Suit, (3) the market size for a COVID-19 vaccine product in the United States, and (4) any comparison of the demand for Comirnaty® to the demand for other COVID-19 vaccine products available in the United States.

**REQUEST NO. 69**

Documents concerning competition between Moderna and Defendants.

**REQUEST NO. 70**

Documents concerning Defendants' pricing of their COVID-19 vaccine.

**REQUEST NO. 71**

Documents concerning the effects of competition between Moderna and Defendants on the pricing of COVID-19 vaccines.

**REQUEST NO. 72**

Documents concerning sales wins or losses for Defendants' COVID-19 vaccine.

**REQUEST NO. 73**

Documents concerning the market and market share for COVID-19 vaccines in the United States, including any analyses of the past, present, or forecasted market share.

**REQUEST NO. 74**

Documents related to communications with the FDA or other regulatory body concerning the Patents-in-Suit.

**REQUEST NO. 75**

Documents related to communications between or among Defendants and the United Stated Patent and Trademark Office concerning the Patents-in-Suit.

**REQUEST NO. 76**

Communications and/or agreements between or among any Defendant and any third party (other than Moderna) regarding this lawsuit or the Patents-in-Suit.

**REQUEST NO. 77**

Documents that Defendants claim are prior art to any claim of the Patents-in-Suit.

**REQUEST NO. 78**

Documents related to the infringement or the alleged non-infringement of any of the Patents-in-Suit by Defendants or by any other person or entity, including without limitation, any investigations, tests, analyses, or claim charts referring or relating thereto.

**REQUEST NO. 79**

Documents related to the validity or the alleged invalidity of any of the Patents-in-Suit by Defendants or by any other person or entity, including without limitation, any investigations, tests, analyses, or claim charts referring or relating thereto.

**REQUEST NO. 80**

Documents related to any prior art cited in Defendants' invalidity contentions.

**REQUEST NO. 81**

Documents related to any objective consideration of validity or invalidity of the Patents-in-Suit as alleged by Defendants.

**REQUEST NO. 82**

Documents related to Defendants' proposed construction or interpretation of any claim of any of the Patents-in-Suit, including but not limited to, any extrinsic evidence or material on which Defendants may rely to support any claim construction in this litigation.

**REQUEST NO. 83**

Documents relating to Defendants' awareness or tracking of the Patents-in-Suit or any Moderna patents, including, but limited to, documents concerning the dates and circumstances on which Defendants, or any of their officers, directors, employees, or agents, first learned of each of the Patents-in-Suit.

**REQUEST NO. 84**

Documents supporting or concerning any of the Defendants' affirmative defenses in this action.

**REQUEST NO. 85**

Documents related to any of the allegations, contentions, defenses, counterclaims, and requested relief of either party in this action.

**REQUEST NO. 86**

Indemnification agreements or insurance policies that Defendants contend require any Defendant or any third party to indemnify or defend any Defendant in this action.

**REQUEST NO. 87**

Documents responsive to any Request that were produced in any other litigation or legal proceeding related to betacoronavirus vaccine products, including any litigation against CureVac N.V., and including without exception deposition transcripts and exhibits and trial transcripts and exhibits.

**REQUEST NO. 88**

Documents produced to you from any third party (in the same format as you received them) in connection with this lawsuit.

**REQUEST NO. 89**

All documents upon which Defendants intend to rely at trial or any hearing in this action.

**REQUEST NO. 90**

All documents and things referred to in your responses to Moderna's interrogatories or relied upon by you in responding to Moderna's interrogatories, including, but not limited to, all documents and things the identification of which is sought by Moderna's interrogatories to Defendants.

**REQUEST NO. 91**

All documents and things identified in any initial or supplemental disclosures made by Defendants pursuant to Federal Rule of Civil Procedure 26(a)(1).

Date:  January 20, 2023                          Respectfully submitted,

                                                 */s/ Andrew J. Danford*
                                                 William F. Lee (BBO# 291960)
                                                 Emily R. Whelan (BBO# 646982)
                                                 Kevin S. Prussia (BBO# 666813)
                                                 Andrew J. Danford (BBO# 672342)
                                                 WILMER CUTLER PICKERING
                                                   HALE AND DORR LLP
                                                 60 State Street
                                                 Boston, MA  02109
                                                 (617) 526-6000
                                                 william.lee@wilmerhale.com
                                                 emily.whelan@wilmerhale.com
                                                 kevin.prussia@wilmerhale.com
                                                 andrew.danford@wilmerhale.com

                                                 Amy K. Wigmore (BBO# 629275)
                                                 WILMER CUTLER PICKERING
                                                   HALE AND DORR LLP
                                                 1875 Pennsylvania Avenue NW
                                                 Washington, DC  20006
                                                 (202) 663-6000
                                                 amy.wigmore@wilmerhale.com

                                                 *Counsel for ModernaTX, Inc. and Moderna
                                                 US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I caused true and correct copies of the

foregoing document to be served on the following counsel in the manner indicated:

**<ins>VIA EMAIL</ins>**

Lee Carl Bromberg
Erik Paul Belt
Wyley Proctor
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
P: 617.449.6500
lbromberg@mccarter.com
ebelt@mccarter.com
wproctor@mccarter.com

Thomas H. L. Selby
Stanley E. Fisher
Kathryn S. Kayali
Michael Xun Liu
D. Shayon Ghosh
Julie Tavares
Derrick M. Anderson
Haylee Bernal Anderson
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029
tselby@wc.com
sfisher@wc.com
kkayali@wc.com
mliu@wc.com
sghosh@wc.com
jtavares@wc.com
danderson@wc.com
handerson@wc.com

**<ins>VIA EMAIL</ins>**

Jeffrey S. Robbins
Joseph D. Lipchitz
Gregory M. Boucher
SAUL EWING ARNSTEIN & LEHR LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Tel: (617) 723-3300
Jeffrey.Robbins@saul.com
Joseph.Lipchitz@saul.com
Gregory.Boucher@saul.com

Bruce M. Wexler
Eric W. Dittmann
Young J. Park
Simon F. Kung
Rebecca A. Hilgar
Carl J. Minniti, III
Michael Ryan Meuth
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000
brucewexler@paulhastings.com
ericdittmann@paulhastings.com
youngpark@paulhastings.com
simonkung@paulhastings.com
rebeccahilgar@paulhastings.com
carlminniti@paulhastings.com
ryanmeuth@paulhastings.com

*/s/ Gillian T. Farrell*
Gillian T. Farrell
WILMER CUTLER PICKERING
   HALE & DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800