# Exhibit 11

WILMERHALE

June 14, 2023

Madeleine C Laupheimer

+1 617 526 6107 (t)
+1 617 526 5000 (f)
madeleine.laupheimer@wilmerhale.com

**Via E-Mail**

Ryan Meuth
Paul Hastings
200 Park Avenue
New York, NY 10166

Michael Liu
Williams & Connolly
680 Maine Avenue SW
Washington, DC 20024

Re: *ModernaTX, Inc. and Moderna US, Inc., v. Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.*, Case No. 1:22-cv-11378-RGS

Counsel,

On behalf of Plaintiffs ModernaTX, Inc. and Moderna US, Inc. ("Moderna"), I write further to Defendants Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (together, "Defendants")'s Responses and Objections to Moderna's First Set of Common Interrogatories (Nos. 1-10), served March 9, 2023, and Defendants' First Supplemental Responses and Objections to Plaintiffs' First Set of Common Interrogatories (Nos. 1, 2, 4, 5, 8), served May 19, 2023.

More than four months have passed since Moderna served its First Set of Common Interrogatories (Nos. 1-10) without Defendants providing a single adequate response. As described in detail by Moderna in our March 17, 2023 and May 10, 2023 letters and on the parties' April 27, 2023 meet and confer, Defendants' responses to Moderna's Interrogatories contain significant deficiencies that require supplementation. As discussed below, Defendants' nominal First Supplemental Responses to Interrogatory Nos. 1, 2, 4, 5, and 8 served on May 19, 2023, fail to address the full scope of those Interrogatories and the deficiencies raised by Moderna. With respect to Interrogatory Nos. 3, 6, 7, 9, or 10, Defendants have not supplemented their responses at all. Defendants' delay in providing fulsome responses to these interrogatories is unreasonable and prejudicial to Moderna.

**I.  Defendants' First Supplemental Responses (Nos. 1, 2, 4, 5, 8)**

*Interrogatory No. 1. Identify and describe the development history of Project Lightspeed, including but not limited to, all potential vaccine designs, including all mRNA vaccine designs and including without limitation BNT162b1 and BNT162b2, for COVID-19 that you considered,*

WILMERHALE

June 14, 2023
Page 2

tested, or developed; your reasons for selecting vaccine candidates for preclinical and clinical testing; your reasons for selecting BNT162b2 over other vaccine candidates, including without limitation your reasons for selecting BNT162b2 over BNT162b1; the timeline for your development work on Project Lightspeed; and any other formal or informal names given to the project to develop a COVID-19 vaccine.*

This Interrogatory asks for a narrative describing the development history of Project Lightspeed, including the various vaccine designs that Defendants considered and Defendants' reasons for selecting vaccines for preclinical and clinical testing and for selecting BNT1262b over other candidates. This information is relevant at least to infringement and willfulness. Defendants' supplemental response is deficient and fails to address the full scope of this Interrogatory or the deficiencies identified in Moderna's prior correspondence.

Defendants' nominal supplemental narrative response to this Interrogatory merely identifies the month and year work on Project Lightspeed began, alternative project names used, and the names of the four vaccine candidates tested. Defendants' supplemental response does not respond to the full scope of this Interrogatory. The Interrogatory seeks information about the vaccine candidates tested, including Defendants' decision to select those vaccine candidates for preclinical and clinical testing, and why Defendants ultimately selected BNT162b2. As described in Moderna's prior correspondence, the information sought by this Interrogatory is information that should be readily available to Defendants. Accordingly, there is no basis for Defendants' refusal to provide a fulsome narrative response to this Interrogatory.

Defendants' supplemental response pursuant to Rule 33(d) is also deficient. Defendants merely identify a handful of documents in Defendants' supplemental response (e.g., copies of final study reports). The technical reports identified in the response do not respond to the full scope of this Interrogatory because they fail to adequately describe, for example, Defendants' decision-making process with respect to the inclusion or exclusion of vaccine candidates from preclinical and clinical testing or the overall development timeline and process for Project Lightspeed. Many of the reports identified by Defendants also contain hundreds or thousands of pages (*see, e.g.*, PFIZER_COMIR_00001322 - PFIZER_COMIR_00003558), yet Defendants do not identify any specific portions of these documents that are responsive to this Interrogatory. Please confirm that Defendants will supplement their response to identify this information.

**Interrogatory No. 2**. *Identify and describe your use of 1-methylpseudouridine in mRNA vaccines, including the date when you first began using 1-methylpseudouridine in mRNA vaccines, and your testing of 1-methylpseudouridine in mRNA vaccines (either in vivo or in vitro).*

This Interrogatory seeks information regarding Defendants' use and testing of 1-methylpseudouridine in mRNA vaccines. Defendants' supplemental response is deficient at least

WilmerHale

June 14, 2023
Page 3

because it fails to provide any substantive response regarding vaccines other than Comirnaty, contrary to Defendants' agreement to provide such information on the parties' April 27, 2023 meet and confer. Defendants' supplemental response merely indicates that Defendants began work on an mRNA flu vaccine that used 1-methylpseudouridine in 2018, and that at least BioNTech also worked on mRNA vaccines for tuberculosis and HIV. Despite identifying these additional mRNA vaccines, Defendants' supplemental response fails to provide any description of Defendants' work on the vaccines, Defendants' testing of the vaccines, whether all of the identified vaccines used 1-methylpseudouridine, or the date work on each of the vaccines began. Defendants' supplemental Rule 33(d) response also fails to identify any documents relating to these vaccines. As explained in Moderna's prior correspondence, information regarding Defendants' use and testing of 1-methylpseudouridine in any mRNA vaccine is relevant to Defendants' validity defenses as well as infringement and willfulness. Please confirm that Defendants will supplement your response to this Interrogatory.

*Interrogatory No. 4. Identify and describe your use of lipid nanoparticles in mRNA vaccines, including but not limited to when you first began using lipid nanoparticles in mRNA vaccines; the composition of the lipid nanoparticles used in your mRNA vaccines; other delivery methods besides lipid nanoparticles that you have tested or used for mRNA vaccines; your reasons for using lipid nanoparticles in mRNA vaccines; all mRNA vaccine candidates for which you have used lipid nanoparticles; and any interaction with third parties, including Acuitas Therapeutics Inc., including without limitation communications, contracts, agreements, assignments, or licenses, related to your use of lipid nanoparticles in mRNA vaccines.*

This Interrogatory requests information on Defendants' use of lipid nanoparticles in mRNA vaccines, including any interactions with third parties related to Defendants' use of lipid nanoparticles. This information is relevant at least to infringement and willfulness. As with Defendants' initial response, Defendants' supplemental response again fails to provide a complete narrative response and improperly narrows the scope of the Interrogatory to the use of lipid nanoparticles in connection with Comirnaty, contrary to Defendants' agreement to provide information regarding mRNA technologies other than Comirnaty on the parties' April 27, 2023 meet and confer. Defendants should clearly state whether they have used lipid nanoparticles in mRNA vaccines other than Comirnaty in response to this Interrogatory.

Defendants' supplemental Rule 33(d) response is also deficient at least because Defendants improperly narrowed the response to only address Comirnaty and otherwise fail to identify documents responsive to the full scope of the Interrogatory, including documents relating to, e.g., when Defendants first began using lipid nanoparticles, other delivery methods Defendants have tested or used for mRNA vaccines, Defendants' reasons for using lipid nanoparticles in mRNA vaccines, and Defendants' interactions and communications with third parties. Please confirm that Defendants will supplement the responses and provide a complete response to this Interrogatory.

WILMERHALE

June 14, 2023
Page 4

**Interrogatory No. 5**. *Identify and describe your development or attempted development of any mRNA vaccine product(s) for infectious diseases prior to Comirnaty®, including the individuals involved in the development work and the time period of each individual's involvement.*

This Interrogatory requests information regarding Defendants' development or attempted development of mRNA vaccines prior to Comirnaty. This Interrogatory is relevant at least to infringement, validity, and willfulness. Defendants' nominal supplemental response provides little additional information over Defendants' initial deficient response. For example, Defendants' supplemental response again fails to provide any details regarding to the 2018 collaboration to develop an mRNA-based flu vaccine identified in Defendants' initial response, including, for example, whether the mRNA was modified or unmodified, whether it was encapsulated in a LNP, what type of flu it was designed to address, and whether it was ever tested in vivo. BioNTech's brief response also references efforts to develop tuberculosis and HIV vaccines, but the response does not describe any actual work on such vaccines. BioNTech further references research by Dr. Karikó related to an mRNA vaccine, but BioNTech does not provide any description of that research or even identify the publications in which the results were allegedly published. Defendants must supplement to provide a full narrative response to this Interrogatory. Further, Defendants' supplemental response again fails to identify the specific portions of the Answer and Counterclaims incorporated into your initial response that Defendants contend are responsive to this Interrogatory. Please confirm Defendants will supplement Defendants' response with specific citations to relevant supporting documents.

**Interrogatory No. 8**. *Identify and describe your awareness or tracking of the prosecution or issuance of the patent applications leading to the Patents-in-Suit or any other Moderna patent or patent application, including when, where, and how you first became aware of such patent or patent application, and identify all persons with knowledge of those circumstances and all documents (by Bates range) relating to those circumstances.*

This Interrogatory seeks information on Defendants' tracking or awareness of Moderna's patent prosecution or patents, which is relevant at least to infringement and willfulness. As a preliminary matter, Defendants' supplemental response to Interrogatory No. 8 is categorically deficient with respect to Pfizer, for whom Defendants did not provide any supplemental response. Please confirm that Defendants will provide a supplemental response from Pfizer addressing the deficiencies raised by Moderna.

BioNTech's nominal supplement to its response to Interrogatory No. 8 is also deficient. BioNTech's supplemental response is provided with the caveat that it is pursuant to BioNTech's "understanding that this Interrogatory does not seek information protected by the attorney-client privilege and attorney work product doctrine." BioNTech ambiguously raises the specter of a privilege claim caveat without identifying whether it is withholding information on privilege

WilmerHale

June 14, 2023
Page 5

grounds or the bases for any such privilege claims, which it is obligated to do pursuant to Fed. R. Civ. P. 26 (b)(5), Local Rule 33.1(e), and Instruction No. 6 to Moderna's First Set of Interrogatories. As explained in Moderna's March 17, 2023 letter, Defendants' general awareness of Moderna's patents and patent applications is not, by definition, privileged, so to the extent "Defendants only became aware of any of Moderna's patents or patent applications through communications pertaining to legal advice, Defendants should state as much." 3/17/23 Letter at 5.

Further, BioNTech improperly refuses to provide information regarding its awareness or tracking of Moderna's patents or patent applications beyond the Patents-in-Suit. Information regarding BioNTech's awareness or tracking of *any* of Moderna's patents or patent applications is relevant at least to willfulness and damages.

Please confirm that Defendants will supplement both Pfizer and BioNTech's response as requested.

## II.     Defendants' Outstanding Deficiencies (Nos. 3, 6, 7, 9, 10)

**Interrogatory No. 3**. *Identify and describe your use of chemically modified nucleosides in mRNA vaccines other than 1-methylpseudouridine, including date when you first began using such chemically modified nucleosides in mRNA vaccines, and your testing of such chemically modified nucleosides in mRNA vaccines (either in vivo or in vitro).*

Contrary to your agreement to do so on the parties' April 27, 2023 meet and confer, Defendants have not yet supplemented Defendants' deficient initial response to this Interrogatory to identify specific documents pursuant to Rule 33(d) or to provide responsive information relating to your mRNA technologies other than Comirnaty. Based on Defendants' agreement to supplement, we understand that Defendants do not dispute the relevance of the information sought, for example its relevance to infringement, validity, and willfulness. Please confirm Defendants will promptly supplement the response to this Interrogatory to provide this information.

**Interrogatory No. 6**. *Identify and describe the collaboration between Pfizer and BioNTech relating to a COVID-19 vaccine product, including but not limited to the circumstances leading to the collaboration, the scope of the collaboration, the status of the collaboration, any payments, funding, or other consideration exchanged between Pfizer and BioNTech relating to the collaboration, and any agreements between Pfizer and BioNTech relating to the collaboration.*

Contrary to your agreement to do so on the parties' April 27, 2023 meet and confer, Defendants have not yet supplemented their deficient initial response to this Interrogatory to

WilmerHale

June 14, 2023
Page 6

identify specific documents pursuant to Rule 33(d), including at least any collaboration agreements between Pfizer and BioNTech relating to a COVID-19 vaccine product, or to identify the portions of your Answer and Counterclaims, Dkt. No. 45, that you intend to rely on in response to this Interrogatory. Based on Defendants' agreement to supplement, we understand that Defendants do not dispute the relevance of the information sought, for example its relevance to infringement, willfulness, and damages. Please confirm Defendants will promptly supplement Defendants' response to this Interrogatory to provide this information.

      ***Interrogatory No. 7****. Identify and describe your knowledge of Moderna's development of mRNA vaccines, including but not limited to your knowledge of Moderna's use of 1-methylpseudouridine; your knowledge of Moderna's use of lipid nanoparticles in mRNA vaccines; your knowledge of Moderna's development of mRNA vaccines for infectious diseases; your knowledge of Moderna's development of mRNA vaccines for coronaviruses; your knowledge of Moderna's development of an mRNA vaccine for COVID-19; and how, when (including the first awareness of such development work), and who had such knowledge of Moderna's development work.*

      Contrary to your agreement to do so on the parties' April 27, 2023 meet and confer, Defendants have not yet supplemented their deficient initial response to this Interrogatory to provide responsive information relating to Defendants' mRNA technologies other than Comirnaty. Further, Defendants agreed to supplement Defendants' responses to Moderna's Requests for Production Nos. 10 and 12 with documents relating to their knowledge of Moderna's development of mRNA vaccines. Because Defendants' initial response did not rely on Rule 33(d), Defendants must supplement the response to identify, via Rule 33(d) or otherwise, the documents it contends provide all information responsive to the Interrogatory. As described in Moderna's prior correspondence, Defendants should also supplement your deficient narrative response. Based on Defendants' agreement to supplement, we understand that Defendants do not dispute the relevance of the information sought, for example its relevance to infringement, validity, and willfulness. Please confirm Defendants will promptly supplement Defendants' response to this Interrogatory to provide this information.

      ***Interrogatory No. 9****. Describe the factual and legal bases and supporting evidence for Defendants' contention that the Patents-in-Suit are unenforceable including by implied license, waiver, implied waiver, and acquiescence.*

      Contrary to your agreement to do so on the parties' April 27, 2023 meet and confer, Defendants have not yet supplemented their deficient initial response to this Interrogatory to identify the specific portions of Defendants' Answer and Counterclaims, Dkt. No. 45, that they intend to rely on in response to this Interrogatory. Nor have Defendants supplemented to provide a narrative response. The Parties are now well into fact discovery in this case. There is no basis for Defendants' continued refusal to respond to this Interrogatory on the grounds that it is

WILMERHALE

June 14, 2023
Page 7

premature.  Based on Defendants' agreement to supplement, we understand that Defendants do not dispute the relevance of the information sought, for example its relevance to Defendants' own defenses as well as to infringement, willfulness, and damages.  Please confirm Defendants will promptly supplement the response to this Interrogatory.

*Interrogatory No. 10. Identify on a quarterly and annual basis (inside and outside the United States separately) the gross unit sales, net unit sales, gross revenue, net revenue, cost of goods sold, gross profit, net profit, gross profit margin, net profit margin, and analysis, forecast or projection of sales, including but not limited to projected revenues, projected gross and net profits, and projected prices and costs, including development, manufacturing, marketing and selling expenses, of all Comirnaty® made at least in part in the United States, and identify the person(s) most knowledgeable about such financial information (and the subject matter(s) known by them) and all documents (by Bates range) setting forth or otherwise reflecting such financial information.*

Contrary to your agreement to do so on the parties' April 27, 2023 meet and confer, Defendants have not yet supplemented their deficient initial response to this Interrogatory to identify specific documents pursuant to Rule 33(d).  Based on Defendants' agreement to supplement, we understand that Defendants do not dispute the relevance of the information sought, for example its relevance to damages.  Further, we understand from your June 6, 2023 letter that Defendants agree to withdraw the baseless objection to providing sales information prior to March 8, 2022, and will supplement Defendants' response to this Interrogatory accordingly.

Sincerely,

/s/ Madeleine C Laupheimer

Madeleine C Laupheimer