IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br> Defendants. | C.A. No. 22-11378-RGS |

**PLAINTIFFS MODERNATX, INC. AND MODERNA US, INC.'S
MOTION TO SEAL MODERNA'S MOTION FOR PROTECTIVE ORDER AND FOR
COSTS AND ATTORNEY'S FEES AND EXHIBITS THERETO**

Pursuant to Local Rule 7.2, Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Moderna" or "Plaintiffs") hereby move to seal Moderna's Motion for a Protective Order and For Costs and Attorney's Fees ("Motion"), the Memorandum in Support of Moderna's Motion for a Protective Order and for Costs and Attorney's Fees ("Memorandum"), the Declaration of Madeleine Laupheimer in Support of Moderna's Motion for a Protective Order and for Costs and Attorney's Fees ("Declaration"), and Exhibits A-H thereto. The material Moderna proposes to seal has been marked as Highly Confidential, pursuant to the Court's Protective Order (Dkt. 67), and contains personal and sensitive information of Moderna employees.

This Court has broad discretion to permit filings under seal. *See United States v. Kravetz*, 706 F.3d 47, 61 (1st Cir. 2013) (acknowledging that the "trial court enjoys considerable leeway" in making decisions regarding sealing). The decision of whether to allow filing under seal is based on a balance between the need for confidentiality and the public interest in disclosure. *See id.* at 62; *see also United States v. Salemme*, 985 F. Supp. 193, 195-96 (D. Mass. 1997). In making their

decision, courts "should consider the degree to which the subject matter is traditionally considered private rather than public." *Kravetz*, 706 F.3d at 62. "[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and a party seeking to seal materials may "overcome the presumption of public access" by "demonstrat[ing] significant countervailing interests, like the existence of trade secrets in the documents or confidential business information." *Bradford & Bigelow, Inc. v. Richardson,* 109 F. Supp. 3d 445, 448 (D. Mass. 2015). Further, courts have recognized an interest in protecting personal and sensitive information about individual employees. *See Tourangeau v. Nappi Distributors*, No. 2:20-CV-00012-JAW, 2023 WL 2164381, at *5 (D. Me. Feb. 22, 2023) (acknowledging Defendant's "legitimate concern about the misuse of [] private information to embarrass individuals…"); *see also Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll. (Harvard Corp.)*, No. 14-CV-14176-ADB, 2023 WL 3126414, at *4-5 (D. Mass. Apr. 27, 2023) (recognizing the interest of protecting "the privacy and integrity" of individual employees).

Moderna seeks to file its Motion, Memorandum, Declaration and Exhibits A-H under seal due to their confidential and sensitive nature. The deposition transcript (Ex. E) and video (Ex. F) that are the basis for Moderna's Motion have been marked Highly Confidential. Further, as described in Moderna's Motion, the subject matter of the motion and the deposition transcript and video referenced therein is sensitive in view of the emotional distress experienced by the witness during the deposition. There is no public interest apparent in publicly identifying the witness who experienced this distress. *See Kravetz*, 706 F.3d at 62.

Moderna intends to work with Pfizer's counsel to prepare appropriate public versions of Moderna's Motion, Memorandum, Declaration and Exhibits A-H thereto. Moderna respectfully

requests that the Court allow Moderna to file its Motion, Memorandum, Declaration, and accompanying Exhibits A-H under seal.

*   *   *

Pursuant to Local Rules 7.2(a) and (b), the proposed sealed materials should be impounded until further order of the Court, at which time Moderna requests that the Court notify Moderna's counsel so that it may retrieve the impounded materials from the Court's files.

For the foregoing reasons, Moderna respectfully requests that this Court grant this motion.

Date: January 17, 2024

Respectfully submitted,

/s/ Amy K. Wigmore
William F. Lee (BBO# 291960)
Emily R. Whelan (BBO# 646982)
Kevin S. Prussia (BBO# 666813)
Andrew J. Danford (BBO# 672342)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com
andrew.danford@wilmerhale.com

Amy K. Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
amy.wigmore@wilmerhale.com

*Counsel for Plaintiffs ModernaTX, Inc. and Moderna US, Inc.*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), on January 17, 2024, counsel for Moderna conferred with counsel for Defendants to confirm whether Defendants opposed Moderna's motion to seal. On January 17, 2024, Defendants confirmed they did not oppose.

## CERTIFICATE OF SERVICE

I, Amy K. Wigmore, hereby certify that on January 17, 2024, I caused the foregoing Motion to Seal to be electronically filed with the Clerk of the Court using the CM/ECF system, which will simultaneously serve notice of such filing to counsel of record to their registered electronic mail addresses.

/s/ *Amy Wigmore*
Amy Wigmore (BBO# 629275)