# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

MODERNATX, INC. and MODERNA US, INC.,

Plaintiffs,

v.

PFIZER INC., BIONTECH SE, BIONTECH
MANUFACTURING GMBH, and BIONTECH
US INC.,

Defendants.

C.A. No. 22-11378-RGS

JURY TRIAL DEMANDED

███████████

## MODERNA'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS OVER WHICH BIONTECH HAS WAIVED
## PRIVILEGE

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

I.     FACTUAL BACKGROUND ............................................................................... 2

    A.     BioNTech Declined To Claw Back Certain Communications ███████████
█████████████████. ............................................................................... 2

    B.     BioNTech Selectively Clawed Back Communications on the Same Subject Matter. ..... 4

    C.     BioNTech's Counsel Affirmatively Introduced Documents And Elicited Testimony
Regarding ██████████████████████. ............................................. 6

    D.     Moderna Timely Raised Complaints About BioNTech's Approach, And Despite
Conference Of Counsel The Parties Are At Impasse ..................................................... 7

II.     LEGAL STANDARD ......................................................................................... 8

III.     ARGUMENT ................................................................................................... 10

    A.     BioNTech's Waiver Was Intentional. ............................................................ 10

    B.     The Disclosed And Undisclosed BioNTech Documents Concern The Same Subject
Matter—████████████████████████████████ .... 12

    C.     BioNTech's Documents Concerning █████████████████████████
████████████████████████████████████████ Ought
In Fairness To Be Considered Together. ............................................................ 14

IV.     CONCLUSION ................................................................................................ 15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Columbia Data Prod., Inc. v. Autonomy Corp.*,
   C.A. No. 11-12077-NMG, 2012 WL 6212898 (D. Mass. Dec. 12, 2012) ...................9, 10, 11

*Crane Sec. Techs., Inc. v. Rolling Optics AB*,
   337 F. Supp. 3d 48 (D. Mass. 2018) ..........................................................................................8

*In re EchoStar Commc'ns Corp.*,
   448 F.3d 1294 (Fed. Cir. 2006)...................................................................................9, 12, 15

*In re Keeper of the Records*,
   348 F.3d 16 (1st Cir. 2003) .........................................................................................................9

*Roy v. FedEx Ground Package Sys., Inc.*,
   No. 3:17-CV-30116-KAR, 2023 WL 3587305 (D. Mass. May 22, 2023) .............................8

**Other Authorities**

Federal Rule of Evidence 502 ...........................................................................................................9

## I.       INTRODUCTION

Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Moderna") seek to compel Defendants BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc. (collectively, "BioNTech") to produce at least 21 documents improperly clawed back as privileged.

Moderna in this litigation has accused Defendants of willfully infringing three Moderna patents critical to the success of the parties' COVID-19 vaccines. ████████████████ ████████████████████████████████████████████████████ ███████████ In an apparent attempt to rebut Moderna's allegations of willful infringement, BioNTech has deliberately disclosed and affirmatively relied upon ████████████ ████████████████████████████████████████████ ████████████████████████████████. However, BioNTech has sought to shield from disclosure other communications on the same subject matter by asserting attorney-client privilege.

BioNTech cannot have it both ways.  Having disclosed and relied upon certain communications ████████████████████████████████████████████████, BioNTech may not now claim privilege over other communications on the same subject matter. Moderna therefore respectfully requests that the Court order BioNTech to produce its communications ███████████████████ that BioNTech has clawed back or withheld as privileged.

Fact discovery closed on December 13, 2023, and Moderna has been trying to resolve a handful of outstanding fact issues prior to the deadline for opening expert reports on February 16, 2024.  ECF 62, Scheduling Order.  This case is on track for trial in 2024, and to keep the case on track for timely adjudication, Moderna seeks the Court's assistance.

## I.    FACTUAL BACKGROUND

### A.    BioNTech  Declined  to  Claw  Back  Certain  Communications  ███████
███████████████████████████████████████.

On October 12, 2023, counsel for Moderna asked whether BioNTech made any claim of

privilege over five documents identified by Bates number.  Ex. 1, October 18, 2023 Email Chain,

at 1-2.  The five documents are communications to or from ████████████████████████.

While ████████████ does not appear to have had a legal degree, he apparently ███████████

████████████████████████████████████████████████, and counsel for

BioNTech have stated that ████████████ worked with outside counsel for the purposes of providing

legal advice.  Ex. 2, ████████ Dep. Tr. at 277:19-23; *see also infra* § I.B.  Counsel for BioNTech

responded that "BioNTech does not presently make a claim of privilege over the five specific

documents listed in your email below."  Ex. 1 at 1.  Nor has BioNTech made any claim of privilege

over those five documents since October 2023.

Four of the five documents relevant to this motion are described here:[1]

- 

---

[1] The fifth document involved ██████████████████████████████████████
████████████████████.



**B.**   **BioNTech Selectively Clawed Back Communications on the Same Subject Matter.**



BioNTech clawed several documents back during depositions of BioNTech's corporate representatives ████████████████████████ on December 4 and 6, 2023, respectively. ████████ is ███████████████████████████████████████████ and was designated by BioNTech as a corporate representative on a number of 30(b)(6) topics, including topics related to pre-clinical testing, BioNTech's development of alternative COVID-19 vaccine candidates, and BioNTech's selection of the candidate used in Comirnaty®, among others. *See* Ex. 2, ████ Dep. Tr. at 10:8-10, 13:1-22:12. During ████████ deposition on December 4, 2023, counsel for Moderna marked an email communication with ████ ████, BNT_COMIR_1380677, and questioned the witness about it.[2] *Id.* at 270:20-273:3. Counsel for Moderna then marked as an exhibit another email communication with ███████████, BNT_COMIR_1420474, and following questions regarding the document, counsel for BioNTech clawed both documents back on the record. *Id.* at 273:15-278:19.[3] When asked for justification—particularly in light of BioNTech's prior position that the communications with ████████ identified in October 2023 were not privileged, *see supra* § I.A—counsel referred to unnamed

---

[2] BioNTech should have been aware of this document prior to ████████ deposition. Moderna's contention interrogatory response regarding willfulness cited several documents showing that ████████████████████████████████████████████████████████████. Ex. 21, Moderna's Response to Pfizer's Interrogatory No. 3. Among the documents cited were BNT_COMIR_1380657 (which was cited with a parenthetical describing and quoting the document), BNT_COMIR_1380677, and BNT_COMIR_1378166. *Id.* at 13-14. Despite their citation and quotation in Moderna's interrogatory response, BioNTech did not claw the documents back until the week of December 4, 2023. *See* Ex. 12, BioNTech's Third Supplemental Privilege Log.

[3] Moderna has redacted portions of this testimony at BioNTech's request and seeks an unredacted version if the Court grants this motion with respect to the document(s) discussed in that portion of the transcript.

counsel who had "asked ███████████████████ so that they can provide legal advice." *Id.* at 276:17-278:19.

   Two days later, on December 6, 2023, ███████ was deposed. ███████ is █████████ ████████████████████████████████, and was designated as BioNTech's corporate representative on a number of 30(b)(6) topics, including topics related to, among other things, BioNTech's awareness of a publication in the priority chain of the asserted '574 patent, BioNTech's response to Moderna's Interrogatory No. 8, ████████████ █████████████████████, and certain topics related to validity arguments.  Ex. 8, ████ Ex. 1; Ex. 9, ████ Ex. 3; Ex. 10, ████ Dep. Tr. 14:24-25:4, 193:6-15.  During ████████ deposition, counsel for Moderna marked BNT_COMIR_1388847.  *Id.* at 220:7-9.  Counsel for BioNTech clawed the document back, stating that it reflected legal advice of unnamed outside counsel.  *Id.* at 220:10-222:8.  Counsel for BioNTech confirmed that BioNTech's claim of privilege over the document was not based on the involvement of ███████, but rather the belief that the document reflected the input of outside counsel for BioNTech.  *See id.*

   Several days after the depositions, on December 7, 2023, BioNTech formally clawed back the three documents clawed back during ██████████████████ deposition, as well as 24 additional documents on December 8, 2023, many of which involved ████████ as a sender or recipient.  Ex. 11, December 8, 2023 Email at 1-3; Ex. 12, BioNTech's Third Supplemental Privilege Log.  The entries for the three documents clawed back during ██████████████ depositions were given essentially the same description on BioNTech's privilege log: ████ ████████████████████████████████████████████████ ██████████████████████████████████ Ex. 12, BioNTech's Third Supplemental Privilege Log at Entry Nos. 19, 25, 27.  At the time of the

documents' creation (August 2020), ███████████████ were all attorneys at

███████████. Their names do not appear in the Author/From, To, CC, or BCC fields of

any email communications on BioNTech's third privilege log.  *Id.*  BioNTech's privilege log

instead identifies them as authors on PowerPoint presentations attached to certain of the emails on

BioNTech's log.  Ex. 12, BioNTech's Third Supplemental Privilege Log.

     Moderna seeks production of at least Entry Nos. 7-27 on BioNTech's Third Supplemental

Privilege Log.  Those entries are highlighted in Exhibit 12.  These 21 entries are the

communications with ████████ that Moderna can identify from the information provided on

BioNTech's privilege log, but relief should extend to any other documents clawed back or withheld

that involve, but do not list, ████████ in the log.  For example, if a BioNTech employee

forwarded ████████ request for information to another BioNTech employee, that document

should likewise be produced, though Moderna would be unable to identify it as a communication

involving ████████ through BioNTech's privilege log because the parties are only required to

identify the From/Author, To, CC, and BCC fields of the most recent email in a given document.

    **C.**    **BioNTech's Counsel Affirmatively Introduced Documents And Elicited
Testimony Regarding ████████████████████████.**

    During ████████ deposition, counsel for BioNTech conducted a re-direct examination

on, among other things, ███████████████████████████████

██████████████████████████████████████████

███████.

    Counsel first questioned ████████ on █████████████████████

█████████████████████.  *See* Ex. 10, ████

Dep Tr. at 254:21-255:18.  Counsel for BioNTech elicited testimony suggesting that ████████

██████████████████████████████████████:



*Id.* at 262:21-263:17 (objection omitted).

Counsel also marked as Exhibit 26 BNT_COMIR_1379492, discussed above. *See supra* § I.A; Ex. 10, ███ Dep. Tr. at 255:22-256:14. Counsel for BioNTech elicited testimony regarding ████████████████████████████████████████████████ ████████████████████████████████████████████████. Ex. 10, ███ Dep. Tr. at 256:5-23. Counsel next marked as Exhibit 27 BNT_COMIR_1379496, discussed above. *See supra* § I.A; Ex. 10, ███ Dep. Tr. at 257:2-259:11. Counsel elicited testimony from ████████ suggesting that ████████████████████████████████████████████ ████████████████, which is a key aspect of Moderna's claimed inventions in the patents-in-suit. Ex. 10, ███ Dep. Tr. at 258:11-259:11. Finally, counsel for BioNTech returned to BNT_COMIR_1379492 and elicited further testimony that ████████████████████ ████████████████████████████████████████████████. *Id.* at 259:12-260:2.

### D. Moderna Timely Raised Complaints About BioNTech's Approach, and Despite Conference of Counsel the Parties are at Impasse.

Counsel for Moderna opposed each deposition clawback in real time, noting that Moderna's position was that BioNTech was "taking inconsistent positions on privilege," Ex. 2, ███ Dep. Tr. at 278:9-15, and "selectively clawing things back, waiving privilege over other

things.  You've made a subject matter waiver over all of this material," Ex. 10, ███ Dep. Tr. at 221:4-9.  Moderna also held ███████ deposition open based on the documents clawed back because he was designated as BioNTech's corporate witness on ████████████████ ████████████████.  *Id.* at 221:10-14.

BioNTech provided its privilege log on December 8, 2023.  Ex. 11, December 8, 2023 Email from Kasaraneni; Ex. 12, BioNTech's Third Supplemental Privilege Log.  Moderna followed up in written correspondence challenging BioNTech's apparently inconsistent approach to privilege in correspondence on December 12, 2023.  Ex. 13, December 12, 2023 Letter. BioNTech did not respond until Friday, December 22, 2023, and the parties agreed to meet and confer following the holidays on January 4, 2024.  *See* Ex. 14, December 22, 2023 Email; Ex. 15, December 22, 2023 Letter; Ex. 16, January 3, 2024 Letter; Ex. 17, January 9, 2024 Email at 5-7. During the meet and confer, counsel for BioNTech would not agree to produce the improperly withheld documents.  *See* Ex. 18, January 8, 2024 Letter at 1-2; *see also* Ex. 19, January 11, 2024 Letter at 1-2.  Counsel for BioNTech asserted for the first time on January 9, 2024 that BioNTech would respond to "new assertions you made for the first time [in Moderna's January 8, 2024 letter]."  Ex. 17, January 9, 2024 Email at 3.  Moderna did not make any "new" statements in its January 8, 2024 Letter, but merely summarized the prior correspondence and meet and confer.  Ex. 19, January 11, 2024 Letter.  BioNTech sent further correspondence late in the evening on January 17, 2024, but did not agree to produce the documents requested.  Ex. 20, January 17, 2024 Letter at 1-3.  The parties are at impasse.

## II.   LEGAL STANDARD

A party seeking to compel information in discovery has the burden of showing its relevance.  *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2023 WL 3587305, at *1 (D. Mass. May 22, 2023).  BioNTech's withheld ████████████████

████████████████████████████ is relevant to Moderna's claim of willfulness and for enhancement of damages. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████ *Crane Sec. Techs., Inc. v. Rolling Optics AB*, 337 F. Supp. 3d 48, 57 (D. Mass. 2018), *aff'd*, 784 F. App'x 782 (Fed. Cir. 2019).  Such analysis is also potentially relevant to Defendants' claims of invalidity.

Under Federal Rule of Evidence 502, waiver extends to undisclosed communications or information where "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."  Fed. R. Evid. 502(a).  Put simply, a party cannot use privilege as both a sword and a shield.  *See, e.g.*, *In re Keeper of the Records*, 348 F.3d 16, 24 (1st Cir. 2003).  "Were the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process."  *Id.*  "A waiver occurs when a document otherwise privileged or protected as work product is disclosed to an adversary" or where "a party is attempting to use otherwise protected information as 'both a sword and a shield' in order to gain an unfair tactical advantage over the opposing party."  *Columbia Data Prod., Inc. v. Autonomy Corp.*, C.A. No. 11-12077-NMG, 2012 WL 6212898, at *16-17 (D. Mass. Dec. 12, 2012).  Waiver may also occur where disclosure is inadvertent if the holder of the privilege does not take "reasonable steps to prevent disclosure" or does not take "reasonable steps to rectify the error."  Fed. R. Evid. 502(b).  Where an accused infringer relies on communications with an in-house legal department to rebut claims of willful infringement, the waiver of privilege extends to the work of outside counsel on the same subject matter.  *In re EchoStar Commc'ns*

*Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006) (denying mandamus on order finding waiver of privilege).

BioNTech, as the party asserting the privilege, has the burden to establish the existence of a privilege and that the privilege was not waived.  *Columbia Data*, 2012 WL 6212898, at *11.

## III.    ARGUMENT

BioNTech's assertion of privilege over the communications sought by this motion is a classic case of selectively relying on privileged communications as a sword while simultaneously seeking to assert privilege to shield other communications from disclosure on the same subject matter.   BioNTech has deliberately disclosed ██████████████████████████████████ ██████████████████████████████████.  *See supra* § I.A.  And BioNTech has affirmatively elicited testimony from its witnesses about their communications with ████████ ██████████████████████.   *See supra* § I.C.   Having affirmatively relied on certain communications with ██████████████████████, BioNTech may not shield others from disclosure as privileged.

### A.      BioNTech's Waiver Was Intentional.

BioNTech's waiver of privilege over documents involving ██████████████████████ ████████████████████████████████ is clear from the facts that (1) BioNTech has not clawed back documents that include, ██████████████████████████████ ████████████████████████; and (2) BioNTech's counsel affirmatively introduced documents and elicited testimony regarding ████████████████████████ during the re-direct examination of one of BioNTech's corporate witnesses regarding willfulness related topics, ████████.

***First***, BioNTech has affirmatively stated that it is not clawing back several documents that ████████████████████████████████ *See supra* § I.A, Ex. 3 at 2.  Not only did BioNTech

confirm that it did not intend to claw the documents back in October 2023, BioNTech has made no effort to claw the documents back in the time since then and has affirmatively introduced two of the documents on re-direct examination. *See supra* §§ I.A-C. "A waiver occurs when a document otherwise privileged or protected as work product is disclosed to an adversary." *Columbia Data*, 2012 WL 6212898, at *16.[4] All of these communications about █████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████ *See supra* § I.A. BioNTech has asserted that the clawed back communications reflect requests for the advice of legal counsel. But that does not distinguish those communications from those that BioNTech has deliberately disclosed and affirmatively relied upon. Indeed, the documents that BioNTech deliberately disclosed reflect ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████.

*See supra* § I.A. To the extent that BioNTech is now claiming privilege over communications with ██████████████████████████, then there is no question that BioNTech has intentionally waived privilege over them. And if the communications that BioNTech deliberately disclosed are not privileged, then there is no basis for BioNTech to withhold other communications with ███████ on the same subject matter.

---

[4] A further fact in support of BioNTech's waiver of the documents it has clawed back is that BioNTech knew by November 17, 2023 that Moderna had cited the documents in support of Moderna's claim that ████████████████████████████████████████████████████████████
████████████████████████████ Ex. 21 at 13.

**Second**, BioNTech's re-direct examination during ███████ deposition affirmatively elicited testimony on ████████████████████████. *See supra* § I.C. BioNTech's re-direct examination put at issue ███████████████████████████████████ ████████████████████████████████. *See supra* § I.C. BioNTech elicited from ████████—BioNTech's corporate representative on willfulness-related topics—testimony suggesting that █████████████████████████████████████ ████████████████████. *See supra* § I.C. In doing so, BioNTech used three communications among ████████, ████████, and others at BioNTech. *See supra* § I.C. There is no question that this questioning was deliberate; it was conducted by BioNTech's own counsel. *See supra* § I.C.

> **B.    The Disclosed and Undisclosed BioNTech Documents Concern the Same Subject Matter—**████████████████████████████████████ ████████████████.

BioNTech's decision to disclose and rely upon certain communications with ███████ ████████████████████ forecloses BioNTech from claiming privilege over the communications with ████████ on the same subject matter. "The overarching goal of waiver in such a case is to prevent a party from using the advice he received as both a sword, by waiving privilege to favorable advice, and a shield, by asserting privilege to unfavorable advice." *EchoStar*, 448 F.3d at 1303.

The four documents described above in §§ I.A and I.C that BioNTech has deliberately disclosed and affirmatively relied upon have the following features in common. They are communications between ████████████████████████████████████████████ and employees at BioNTech without any counsel present on the email. *See supra* § I.A. They are also communications in which ████████████████████████████████████████ ████████████████:

-12-



Similarly, the documents clawed back by BioNTech during and after the depositions of

████████████████ concern (1) communications between ████████ and BioNTech employees

with no lawyers present, (2) and involve ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████. Ex. 12, BioNTech's Third Supplemental Privilege

Log.

     ***First***, each of the email communications clawed back by BioNTech at privilege log entries

7-27 are between ████████ and others at BioNTech.  Ex. 12, BioNTech's Third Supplemental

Privilege Log.  None of the people copied on these communications are lawyers.  Although

BioNTech has asserted through its privilege log that certain PowerPoint presentations attached to

some clawed back emails were authored by outside counsel, BioNTech has offered no evidence

that counsel were involved in preparing the presentations.  Even assuming the presentations

themselves are subject to an unwaived privilege, BioNTech cannot show that the emails attaching

them are separately subject to an unwaived privilege.  Nor do any communications from ████████

████████████████ appear elsewhere on BioNTech's original, second, or third supplemental

privilege logs in the same timeframe as the documents clawed back (August 14-20, 2020).  Ex. 22,

BioNTech's Privilege Log; Ex. 23, BioNTech's Second Supplemental Privilege Log, Ex. 12, BioNTech's Third Supplemental Privilege Log.  In any event, BioNTech has affirmatively put at issue documents regarding ████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████ .  *See supra* § I.A.

     ***Second***, as evident from BioNTech's privilege log, each of the clawed back communications concern ████████████████████████████████████████

████████████████████████ Ex. 12, BioNTech's Third Supplemental Privilege Log.  While Moderna does not have and could not rely on further information about the subject matter of each clawed back document, the Court could conduct an in camera review of the documents in question to confirm that—like the documents BioNTech has put at issue in the case, *see supra* §§ I.A and I.C—they each concern ██████████████████████████████████████

███████████████████████████████ .

    **C.**    **BioNTech's Documents Concerning ███████████████████████████**

                       **Ought in Fairness to be Considered Together.**

     BioNTech's strategy with respect to its privilege claims over ██████████ emails appears simple:  produce documents that BioNTech likes and withhold all other documents as "requesting and providing information for the purpose of facilitating legal advice[.]"  Ex. 12, BioNTech's Third Supplemental Privilege Log.  This is improper.

     ***First***, BioNTech cannot in fairness shield from discovery documents showing ███████

████████████████████ while also affirmatively relying on documents related to the same subject matter.  BioNTech's failure to claw back the documents discussed above, which include ████████

████████████████████████████████████ , as well as its decision to elicit testimony on ████████████████████████████ from ████████ as BioNTech's corporate

representative on willfulness-related topics, suggest that BioNTech plans to use ██████████

emails in support of both validity and willfulness arguments.  *See supra* §§ I.A and I.C.   If

BioNTech intends to offer evidence or argument in this case that its infringement was not willful

or that Moderna's patents are invalid by relying on ████████████████████████

█████████████████████, then Moderna must in fairness be permitted to know the full

scope of such analyses.

     ***Second***, BioNTech cannot use emails involving ██████████████████████

██████ defense to willfulness.  BioNTech did not disclose its intent to rely on any ██████

█████ in the timeframe set forth by the Local Rules and is thus foreclosed from such reliance.

Given that failure to disclose, BioNTech should not be able to introduce what amount to ██████

██████████████████████ by laundering them through ██████████ emails and the

testimony of fact witnesses based on those emails.  In sum, BioNTech cannot selectively waive

privilege over ████████ emails to elicit from ████████ testimony that ████████████

████████████████████████████████████████████████████████████

█████████████████████████████████ without in fairness

providing ██████████ other communications on the same subject matter.  *See supra* §§ I.A-C;

*see also EchoStar Commc'ns Corp.*, 448 F.3d at 1304.  Moderna is entitled to the full picture—

not just the portions that BioNTech prefers.

## IV.    CONCLUSION

     For the foregoing reasons, Moderna respectfully requests an order from the Court

compelling production of all documents clawed back or withheld by BioNTech concerning

████████████████████████████████████████████████████████████

█████████████████████████, including at least Entry Nos. 7-27 on BioNTech's Third

Supplemental Privilege Log, Exhibit 12.

Moderna also respectfully requests that, if the Court orders production of documents improperly clawed back or withheld by BioNTech, that the Court order BioNTech to produce a corporate witness competent to testify about the documents.  The deposition could be completed in two hours or fewer.

Date:  January 19, 2024

Respectfully submitted,

*/s/ Kevin S. Prussia*
William F. Lee (BBO# 291960)
Emily R. Whelan (BBO# 646982)
Kevin S. Prussia (BBO# 666813)
Andrew J. Danford (BBO# 672342)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
william.lee@wilmerhale.com
emily.whelan@wilmerhale.com
kevin.prussia@wilmerhale.com
andrew.danford@wilmerhale.com

Amy K. Wigmore (BBO# 629275)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
amy.wigmore@wilmerhale.com

*Counsel for Plaintiffs ModernaTX, Inc. and Moderna US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 19, 2024, I filed the foregoing document with the United States District Court for the District of Massachusetts and caused it to be served on all registered participants via email.

<u>/s/ *Kevin S. Prussia*      </u>

Kevin S. Prussia (BBO# 666813)