# EXHIBIT 17

# EXHIBIT 14

██████████████████████████

| | |
|---|---|
| **From:** | Curtis, Annaleigh |
| **Sent:** | Wednesday, January 3, 2024 2:36 PM |
| **To:** | Kasaraneni, Karthik; lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas; Fisher, Stanley; Kayali, Kathryn; Liu, Michael; Ghosh, Shayon; Tavares, Julie; Anderson, Derrick; Bernal Anderson, Haylee; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; brucewexler@paulhastings.com; ericdittmann@paulhastings.com; Park, Young J.; Kung, Simon; Minniti, Carl; Meuth, Ryan; COVIDPatentPfizer; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com' |
| **Cc:** | WH_Moderna_Lit |
| **Subject:** | RE: Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech |
| **Attachments:** | 2024-01-03 Correspondence.pdf |

Counsel:

Please see the attached correspondence.

Best,
Annaleigh

---

**From:** Kasaraneni, Karthik <karthikkasaraneni@paulhastings.com>
**Sent:** Friday, December 22, 2023 8:00 PM
**To:** Curtis, Annaleigh <Annaleigh.Curtis@wilmerhale.com>; lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas <TSelby@wc.com>; Fisher, Stanley <SFisher@wc.com>; Kayali, Kathryn <KKayali@wc.com>; Liu, Michael <mliu@wc.com>; Ghosh, Shayon <sghosh@wc.com>; Tavares, Julie <jtavares@wc.com>; Anderson, Derrick <danderson@wc.com>; Bernal Anderson, Haylee <HAnderson@wc.com>; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; brucewexler@paulhastings.com; ericdittmann@paulhastings.com; Park, Young J. <youngpark@paulhastings.com>; Kung, Simon <simonkung@paulhastings.com>; Minniti, Carl <carlminniti@paulhastings.com>; Meuth, Ryan <ryanmeuth@paulhastings.com>; COVIDPatentPfizer <COVIDPatentPfizer@wc.com>; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com'
**Cc:** WH_Moderna_Lit <WH_Moderna_Lit@wilmerhale.com>
**Subject:** RE: Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech

**EXTERNAL SENDER**

Dear Annaleigh,

If you would like to reach out after the holidays to discuss this issue, we will look for a time to do so.

In the meantime, your email below pivots from the problem: the documents BioNTech clawed back at ▮▮▮▮▮ depositions were not among the five that you identified in October. Instead, the particular, different documents that BioNTech clawed back were labeled "Privileged and Confidential." If you were asking in October about five specific documents with the intention of later using the answer about those five documents for <u>other</u> documents you knew about but did not disclose in that October communication, that would be a misleading omission of material fact. We will, therefore, assume that when you asked about the five documents in October and received an answer that was expressly specific and limited to those documents, you genuinely understood it to apply to only those five documents and not others. Accordingly, your October communication had nothing to do with Moderna's later use at deposition of different documents labeled "Privileged and Confidential." If the "Privileged and Confidential" label did not give Moderna pause before using them at ▮▮▮▮▮ deposition without asking us first, as the

Protective Order required, the claw-back of those exhibits at ▮▮▮▮▮ deposition should have stopped <u>the same attorney</u> from using them at ▮▮▮▮▮ without first asking.  That violated the Protective Order.

Preparation of a Rule 30(b)(6) witness with a published patent application, not an internal document marked "Privileged and Confidential," is unrelated, and not a waiver of privilege for the documents at issue.  We do not see a reason to continue discussing this.

Finally, your strawman argument that BioNTech has created a "standard" that it has itself allegedly violated cites unrelated, non-analogous events and falls flat.  Neither of the instances you cite involves using an inadvertently produced document that was labeled "Privileged" on its face, let alone the same attorney doing so twice.  First, Mr. Peachman was entitled to a follow-up question to probe Dr. Schrum's credibility about whether his document included the word "N1-methyl-pseudouridine" after he testified affirmatively that it did not (Schrum Rough Tr. at 74:3-17), and none of Mr. Peachman's questions sought information about communications, let alone privileged ones.  Second, that a different attorney, Dr. Mays-Williams, in a different deposition, presented an exhibit (that was not marked "Privileged") from a previously prepared deposition examination set and inadvertently did not realize that it was connected to a claw-back request made just three business days prior is irrelevant to this discussion.  When Moderna's counsel identified the connection, examination stopped and the document was destroyed.  (December 22 R. Meuth Email to G. Salvatore.)  Counsel discussed that off the record at the deposition itself, and there was no follow up because none was warranted—until your email.  Consistent with that exchange, yesterday, other Moderna counsel acknowledged that this was indeed inadvertent.  (December 21 G. Salvatore Email to Counsel.)

There has been no cherry-picking by BioNTech of "good" documents for disclosure versus "bad" ones to be withheld.  Moderna raised the documents and we are responding.  You are attempting to fabricate a narrative that does not exist.  Or perhaps you are confusing BioNTech's good-faith privilege claims with Moderna's privilege strategy.  In any case, if we do meet and confer about this issue after the holidays, we will look to continue discussing your intent with the October communication and the serial use of documents marked "Privileged and Confidential" at depositions.

Litigation aside, we wish you all a good and restful holiday break.

Best wishes,
Karthik


**From:** Curtis, Annaleigh <Annaleigh.Curtis@wilmerhale.com>
**Sent:** Friday, December 22, 2023 1:19 PM
**To:** Kasaraneni, Karthik <karthikkasaraneni@paulhastings.com>; lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas <TSelby@wc.com>; Fisher, Stanley <SFisher@wc.com>; Kayali, Kathryn <KKayali@wc.com>; Liu, Michael <mliu@wc.com>; Ghosh, Shayon <sghosh@wc.com>; Tavares, Julie <jtavares@wc.com>; Anderson, Derrick <danderson@wc.com>; Bernal Anderson, Haylee <HAnderson@wc.com>; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; Wexler, Bruce M. <brucewexler@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Park, Young J. <youngpark@paulhastings.com>; Kung, Simon <simonkung@paulhastings.com>; Minniti, Carl <carlminniti@paulhastings.com>; Meuth, Ryan <ryanmeuth@paulhastings.com>; COVIDPatentPfizer <COVIDPatentPfizer@wc.com>; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com'
**Cc:** WH_Moderna_Lit <WH_Moderna_Lit@wilmerhale.com>
**Subject:** [EXT] RE: Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech

Karthik:

We are reviewing your letter and will reach out after the holidays on this issue.

In the meantime, your suggestion that we violated the Protective Order by marking in ▮▮▮▮▮ deposition a document BioNTech ultimately clawed back is not well taken.  Given BioNTech's inconsistent treatment of its own information, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Moderna did not have reason to believe that BioNTech maintained a claim of privilege over the document marked with ▮.  Indeed, BioNTech had already at that point in ▮▮▮▮▮ deposition unquestionably waived privilege over

████████████████████████████████████████. *See* ███ Tr. 182:20-184:8.  The central conceit of privilege waiver is that BioNTech cannot use privilege to shield from discovery documents and facts while at the same time relying on related or similar documents and facts in this case.  It is BioNTech's obligation in the first instance to protect its privilege, not ours.  We will make and have made more than reasonable efforts to comply with our obligations under the PO and professional rules in this regard, but cannot be expected to account for BioNTech's selective waiver.  We further note that when BioNTech clawed the document back during the deposition, Moderna complied and did not examine the witness further on the document (and in fact instructed the witness and remote tech to destroy the document, *see* ███ Tr. 222:12-19).

By contrast, by the standard you propose, counsel for BioNTech has violated or at minimum attempted to violate that provision of the PO **twice** in the past week.  First, in Dr. Schrum's deposition, Mr. Peachman attempted to question Dr. Schrum on what/whether content had been redacted from documents.  *See* Schrum Rough Tr. 75:3-17, 350:21-352:14 ("Q.  And the text that's redacted here, does any of this text refer to Kariko and Weissman's patent application? … Q Does any of this text refer to N1-methyl-pseudouridine?").  Second, in Dr. de Fougerolles' deposition, Ms. Mays-Williams marked as an exhibit a document Moderna had clawed back several days before the deposition.  *See* de Fougerolles Rough Tr. 150:5-8.

Best,
Annaleigh

---

**From:** Kasaraneni, Karthik <karthikkasaraneni@paulhastings.com>
**Sent:** Friday, December 22, 2023 9:01 AM
**To:** Curtis, Annaleigh <Annaleigh.Curtis@wilmerhale.com>; lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas <TSelby@wc.com>; Fisher, Stanley <SFisher@wc.com>; Kayali, Kathryn <KKayali@wc.com>; Liu, Michael <mliu@wc.com>; Ghosh, Shayon <sghosh@wc.com>; Tavares, Julie <jtavares@wc.com>; Anderson, Derrick <danderson@wc.com>; Bernal Anderson, Haylee <HAnderson@wc.com>; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; brucewexler@paulhastings.com; ericdittmann@paulhastings.com; Park, Young J. <youngpark@paulhastings.com>; Kung, Simon <simonkung@paulhastings.com>; Minniti, Carl <carlminniti@paulhastings.com>; Meuth, Ryan <ryanmeuth@paulhastings.com>; COVIDPatentPfizer <COVIDPatentPfizer@wc.com>; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com'
**Cc:** WH_Moderna_Lit <WH_Moderna_Lit@wilmerhale.com>
**Subject:** RE: Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech

**EXTERNAL SENDER**

Counsel,

Please see the attached letter.  As noted therein, we are available to meet and confer today, other than 2:30-4 pm EST.

Thank you,
Karthik

---

**From:** Kasaraneni, Karthik <karthikkasaraneni@paulhastings.com>
**Sent:** Thursday, December 21, 2023 12:47 PM
**To:** Curtis, Annaleigh <Annaleigh.Curtis@wilmerhale.com>; lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas <TSelby@wc.com>; Fisher, Stanley <SFisher@wc.com>; Kayali, Kathryn <KKayali@wc.com>; Liu, Michael <mliu@wc.com>; Ghosh, Shayon <sghosh@wc.com>; Tavares, Julie <jtavares@wc.com>; Anderson, Derrick <danderson@wc.com>; Bernal Anderson, Haylee <HAnderson@wc.com>; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; Wexler, Bruce M.

<brucewexler@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Park, Young J. <youngpark@paulhastings.com>; Kung, Simon <simonkung@paulhastings.com>; rebeccahilgar@paulhastings.com; Minniti, Carl <carlminniti@paulhastings.com>; Meuth, Ryan <ryanmeuth@paulhastings.com>; COVIDPatentPfizer <COVIDPatentPfizer@wc.com>; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com'
**Cc:** WH_Moderna_Lit <WH_Moderna_Lit@wilmerhale.com>
**Subject:** RE: Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech

Annaleigh,

We intend to respond to your December 12 letter tonight or tomorrow.

Thank you,
Karthik

**From:** Curtis, Annaleigh <Annaleigh.Curtis@wilmerhale.com>
**Sent:** Tuesday, December 19, 2023 8:18 PM
**To:** lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas <TSelby@wc.com>; Fisher, Stanley <SFisher@wc.com>; Kayali, Kathryn <KKayali@wc.com>; Liu, Michael <mliu@wc.com>; Ghosh, Shayon <sghosh@wc.com>; Tavares, Julie <jtavares@wc.com>; Anderson, Derrick <danderson@wc.com>; Bernal Anderson, Haylee <HAnderson@wc.com>; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; Wexler, Bruce M. <brucewexler@paulhastings.com>; Dittmann, Eric W. <ericdittmann@paulhastings.com>; Park, Young J. <youngpark@paulhastings.com>; Kung, Simon <simonkung@paulhastings.com>; rebeccahilgar@paulhastings.com; Minniti, Carl <carlminniti@paulhastings.com>; Meuth, Ryan <ryanmeuth@paulhastings.com>; COVIDPatentPfizer <COVIDPatentPfizer@wc.com>; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com'
**Cc:** WH_Moderna_Lit <WH_Moderna_Lit@wilmerhale.com>
**Subject:** [EXT] RE: Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech

Counsel:

Please provide your availability this week to meet and confer on our December 12 letter.

Best,
Annaleigh

**From:** Curtis, Annaleigh <Annaleigh.Curtis@wilmerhale.com>
**Sent:** Tuesday, December 12, 2023 5:53 PM
**To:** lbromberg@mccarter.com; ebelt@mccarter.com; wproctor@mccarter.com; Selby, Thomas <TSelby@wc.com>; Fisher, Stanley <SFisher@wc.com>; Kayali, Kathryn <KKayali@wc.com>; Liu, Michael <mliu@wc.com>; Ghosh, Shayon <sghosh@wc.com>; Tavares, Julie <jtavares@wc.com>; Anderson, Derrick <danderson@wc.com>; Bernal Anderson, Haylee <HAnderson@wc.com>; Jeffrey.Robbins@saul.com; Joseph.Lipchitz@saul.com; Gregory.Boucher@saul.com; brucewexler@paulhastings.com; ericdittmann@paulhastings.com; youngpark@paulhastings.com; simonkung@paulhastings.com; rebeccahilgar@paulhastings.com; carlminniti@paulhastings.com; ryanmeuth@paulhastings.com; COVIDPatentPfizer <COVIDPatentPfizer@wc.com>; 'BioNTech-Moderna-PH@paulhastings.com'; 'APodoll@wc.com'
**Cc:** WH_Moderna_Lit <WH_Moderna_Lit@wilmerhale.com>
**Subject:** Moderna v. Pfizer and BioNTech, 22-cv-11378--Correspondence to BioNTech

Counsel:

Please see the attached correspondence.

Best,

Annaleigh

**Annaleigh E. Curtis | WilmerHale**
She/Her/Hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6694 (t)
+1 617 526 5000 (f)
<annaleigh.curtis@wilmerhale.com>

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.


*******************************************************************************
This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more information about Paul Hastings' information collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.