# EXHIBIT 18

# EXHIBIT 15

████████████████████

# PAUL HASTINGS

1(202) 551-1901
karthikkasaraneni@paulhastings.com

December 22, 2023

**Via E-Mail**

Annaleigh E. Curtis
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**Re:** *Moderna TX, Inc. et al. v. Pfizer Inc. et al.*, 1:22-cv-113878-RGS (D. Mass.)

Dear Annaleigh:

We write in response to your December 12 letter regarding the documents that BioNTech clawed back during the depositions of ▮▮▮▮▮▮▮▮▮▮. (December 12 Letter from A. Curtis to Counsel.)

BioNTech properly clawed back five inadvertently produced privileged documents (grouped by Moderna into three exhibits). Two of these documents were slides expressly labeled "Privileged and Confidential" when they were created by U.S. law firm ▮▮▮▮▮▮▮▮▮▮. The other three were the two emails to which the ▮▮▮▮ slides were attached, which included specific requests from ▮▮▮▮ to BioNTech scientists about those slides, and a third email from a BioNTech scientist in response. Each email was sent at ▮▮▮▮ request to facilitate its provision of legal advice to BioNTech. Accordingly, BioNTech clawed the documents back in accordance with the procedures set out in Paragraphs 9.1-9.3 of the stipulated Protective Order (D.I. 67), to which Moderna agreed, and which Moderna has itself repeatedly used throughout this case (*e.g.*, July 19 Email from N. Xu to Counsel; September 8, October 2, October 16, October 30, November 8, November 9, November 16, November 21, November 30, and December 4 Letters from D. Patel to T. Selby and B. Wexler; December 15 Email from G. Salvatore to Counsel; December 18 Email from A. Curtis to Counsel; December 20 Email from M. Laupheimer to Counsel).

According to the Protective Order, "Upon discovery by a Producing Party (whether by notice from the Receiving Party or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within five business days of such discovery, request the return or deletion of such Privileged Information." (D.I. 67, ¶ 9.2.) The Protective Order also specifically deals with claw-backs during depositions, stating: "If the Producing Party discovers that Privileged Information has been inadvertently produced based upon the Receiving Party's use of such information during a deposition . . . , the Producing Party may orally request the destruction of the information." (*Id.*) Moreover, under the Protective Order, Moderna had a duty to refrain



Via E-Mail

from using the documents in question at any deposition once it had detected that they or their attachments were labeled "Privileged and Confidential," and to instead notify BioNTech of the inadvertent production. (D.I. 67, ¶ 9.3(f); D. Mass. L. R. 83.6.1; Mass. R. Prof. C. 4.4(b).)

You observe that Moderna identified five other documents in October, which were not labeled "Privileged and Confidential" and differ from the documents BioNTech would claw back at the ▮▮▮▮ depositions. There was nothing improper about BioNTech referencing two of the nonprivileged documents Moderna identified in October in response to Moderna's questioning during ▮▮▮▮ deposition. This is not "cherry picking." Instead, it shows only that Moderna knew it could ask whether or not specific documents are privileged, yet chose not to do so for two documents even though they were expressly labeled "Privileged and Confidential," and to instead use them at multiple depositions in conflict with the Protective Order.[1]

To be clear, BioNTech is not relying on privileged documents in this case. We trust that this letter will resolve this issue, and we reserve all rights to the extent Moderna continues to rely on its improper use of documents expressly marked "Privileged and Confidential" at depositions.

I.  THERE HAS BEEN NO WAIVER

On October 12, Moderna sent an email inquiring whether five—and only five—specific documents were privileged. (October 12 Email from A. Curtis to Counsel.) Moderna did not ask about any particular subject matter contained in those five documents. (*Id*.) Upon review, BioNTech promptly responded that it "[did] not presently make a claim of privilege over the five specific documents listed in your email below." (October 18 Email from R. Hilgar to Counsel.) In doing so, BioNTech expressly noted that "[t]his response should not be construed, expressly or impliedly, as stating any position with respect to <u>any other documents</u> or information, including any documents or information that may be related to these documents." (*Id*. (emphasis added).) BioNTech also reserved its rights should additional information or circumstances come to light. (*Id*.) In fact, as noted in Ms. Hilgar's email, to the best of BioNTech's knowledge, no privilege attached to these five specific documents, and thus, no privilege could have been waived.

Moderna's December 12 letter is wrong to assert that BioNTech's response waived attorney-client privilege over any ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* December 12 Letter from A. Curtis to Counsel at 3-4.) It ignores the limited request of Moderna's October

---

[1] Privilege does not depend on documents being marked as such, but these particular documents were, which should have prompted Moderna to refrain from using them without first inquiring with BioNTech about their status.



Via E-Mail

Annaleigh E. Curtis
December 22, 2023
Page 3

12 email, and the content of BioNTech's October 18 reply. If your intent was to ask about these specific documents in October in anticipation of using different documents labelled "Privileged and Confidential" at depositions in December, and to then argue that the October communication implicated those later documents, that would raise serious questions of engaging in misleading omissions of material facts.

The privilege analysis, as you know, involves both determining the involvement of legal counsel, and the content of the particular communication itself. As your letter notes, each of the five specific documents you identified in October were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (October 12 Email from A. Curtis to Counsel at 1-2.[2]) ▮▮▮▮▮▮▮▮▮▮▮▮▮, and from an investigation into the available facts about whether these communications relayed an attorney's legal advice, or a request from an attorney to facilitate provision of legal advice, BioNTech determined that a privilege claim was not warranted for those five specific documents. BioNTech did not "cherry pick" the five documents that Moderna itself identified to BioNTech.

II.   THE DIFFERENT DOCUMENTS BIONTECH CLAWED BACK AT THE ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ DEPOSITIONS

BioNTech disagrees that the exhibits clawed back at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ depositions had "content similar to" the ones Moderna identified in October. In particular, as noted above, they are documents created by outside counsel or communications requested by outside counsel to facilitate the provision of legal advice, and were expressly labeled "Privileged and Confidential."

At ▮▮▮▮▮▮▮▮ December 4 deposition, BioNTech clawed back two privileged exhibits, comprising an email thread dated August 17-19, 2020 and its attachment. (▮▮▮▮ Tr. 270:20-

---

[2] Moderna states that it relies on certified translations of BNT_COMIR_1339967 and BNT_COMIR_1379459. (*Id.* at 1-2 nn.1-2.) Please provide those translations.



Via E-Mail

Annaleigh E. Curtis
December 22, 2023
Page 4

278:19; BNT_COMIR_1380677[3]; BNT_COMIR_1420474-76.)[4]  Notably, and as stated by BioNTech's counsel on the record during the deposition, these documents were marked by attorneys as "Privileged and Confidential."[5]  As further noted on the record, in the clawed-back exhibits, ▇▇▇ emailed ▇▇▇ and fellow BioNTech scientist ▇▇▇ a request and slides from outside counsel.  (▇▇ Tr. 277:11-23 (Counsel for BioNTech: "I'm looking at this attached line which says, 'Privileged and Confidential.' . . . [I]t looks like this was a document . . . where outside counsel has asked ▇▇▇ so that they can provide legal advice.  It's reflecting . . . a request for legal opinion."))  On December 8, BioNTech further explained to Moderna that the exhibits were ▇▇▇ and ▇▇▇ (BioNTech's Third Supplemental Privilege Log at Entry Nos. 25-27.)  In August 2020, ▇▇▇

---

[3] Moderna suggests that, because it cited BNT_COMIR_1380677 among "several" documents on November 17 in response to a Pfizer interrogatory, BioNTech should have clawed it back before ▇▇▇ December 4 deposition.  But Moderna cited the document in response to a Pfizer interrogatory, not a BioNTech interrogatory.  And Moderna's citation of a document among many others in an interrogatory response is not notice pursuant to Paragraph 9.3(f) of the Protective Order.  Moreover, the string-cited BNT_COMIR_1380677 did ***not*** contain the "Privileged and Confidential" marking that prompted the claw-back; it was the slides attached to the previous email in the thread that did.  In other words, Moderna appears to have picked pages to cite that did not contain the "Privileged and Confidential" designation.  When Moderna introduced BNT_COMIR_1380677 at ▇▇▇ deposition, followed by the email and attachment—labeled "Privileged and Confidential"—to which BNT_COMIR_1380677 was responding, BioNTech recognized that all three were inadvertently produced privileged communications and immediately clawed them back in accordance with the Protective Order. (D.I. 67, ¶ 9.2.)

[4] Except to the extent necessary to examine the basis of the privilege claim, Moderna should not be discussing the content of the clawed-back documents, just as BioNTech refrains from doing for Moderna's claw-backs.  (D.I. 67, ¶ 9.3.)

[5] In a footnote, your letter suggests that, because these attorneys "do not appear in the 'Author or From,' 'To,' 'CC,' or 'BCC' fields of the privilege log," that the privilege claim is somehow improper.  (December 12 Letter from A. Curtis to Counsel at 4 n.4.)  Elsewhere you suggest that "numerous" other entries on BioNTech's privilege log do not identify an attorney, but cite no examples.  (*Id*. at 5.)  BioNTech has conducted a careful investigation to ensure that its privilege log entries are accurate.  BioNTech's log is far more robust than Moderna's, and we reserve the right to apply any criticism of BioNTech's log to Moderna's.  (*See, e.g.*, November 22 Letter from M. Liu to A. Curtis.)



were attorneys at the U.S. law firm ▮▮▮▮▮▮▮▮▮▮ who provided legal advice to BioNTech.

At ▮▮▮▮▮ deposition just two days after ▮▮▮▮▮, despite being fully aware that BioNTech did indeed claim privilege over the outside counsel slides marked "Privileged and Confidential" that were attached to ▮▮▮▮▮ August 17, 2020 emails, the same Moderna attorney nonetheless attempted to introduce another August 17, 2020 email from ▮▮▮▮▮ to three BioNTech scientists with an attached slide labeled "Privileged and Confidential." (▮▮ Tr. 219:24-222:8; BNT_COMIR_1388847-48.) BioNTech's counsel again noted on the record: "[I]t's clearly marked 'privileged and confidential,' and I am aware of discussions that BioNTech was having with outside counsel at this time period regarding ▮▮▮▮▮." (▮▮ Tr. 220:23-221:3.) Moderna's counsel should not have tried to seek testimony from ▮▮ ▮▮ on a document that Moderna's counsel knew was marked "Privileged and Confidential," and over which Moderna's counsel knew BioNTech would assert a claim of privilege. In doing so, Moderna violated the Protective Order by not refraining from using documents labeled with a claim of privilege. (D.I. 67, ¶ 9.3(f).)

III. **BIONTECH IS NOT USING PRIVILEGE AS BOTH A SWORD AND A SHIELD**

BioNTech's reference to two of ▮▮▮▮▮ nonprivileged communications from 2018 during ▮▮▮▮▮ redirect has no bearing on whether different communications from 2020 that are attributable to outside counsel are privileged. Nor do other documents that fail to involve a lawyer, or provide or reflect advice of a lawyer, such as various documents Moderna has used for examinations. *E.g.,* BNT_COMIR_1379559. There is nothing inconsistent about BioNTech's treatment of nonprivileged email threads—each of which Moderna first identified—nor can it support Moderna's new narrative that BioNTech was "selectively cherry-picking documents it views as helpful while withholding others."[6]

If Moderna wishes to purse this meritless issue any further, we are available to meet and confer today, other than from 2:30 pm to 4 pm EST. At such meet and confer, please be prepared to

---

[6] There is no dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was an item of public information known or reasonably available to BioNTech, and BioNTech denies that it was improper to prepare its Rule 30(b)(6) representative for the broad topic of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with ▮▮▮▮▮▮▮▮▮. *See* Fed. R. Civ. P. 30(b)(6). This does not and cannot constitute a waiver of attorney-client privilege. Nor would this be a waiver with regard to unrelated privileged documents referring or relating to ▮▮▮▮▮.



Via E-Mail

Annaleigh E. Curtis
December 22, 2023
Page 6

discuss Moderna's violations of the Protective Order by using specific documents marked "Privileged and Confidential" at depositions without first providing notice of its intent to do so.

Sincerely,

*/s/ Karthik R. Kasaraneni*

Karthik R. Kasaraneni
for PAUL HASTINGS LLP


KRK