# EXHIBIT 24

# EXHIBIT 21

████████████████████

**HIGHLY CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MODERNATX, INC. and MODERNA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PFIZER INC., BIONTECH SE, BIONTECH MANUFACTURING GMBH, and BIONTECH US INC., <br><br> Defendants. | Case No. 1:22-cv-11378-RGS <br><br> ■■■■■■■■ |

**MODERNA'S RESPONSES AND OBJECTIONS TO
PFIZER'S FIRST SET OF INTERROGATORIES (NOS. 1-4)**

Pursuant to Fed. R. Civ. P. 26 and 33, the Local Rules, and the Court's Scheduling Order (Dkt. 62), Plaintiffs ModernaTX, Inc. and Moderna US, Inc. (collectively, "Moderna") hereby respond and object to Pfizer Inc.'s First Set of Interrogatories, served on October 18, 2023 (the "Interrogatories").

**GENERAL OBJECTIONS**

Moderna incorporates each of the following General Objections into its responses to each of the Interrogatories, whether or not each such General Objection is expressly referred to in Moderna's response to a specific Interrogatory.

1. Moderna incorporates by reference its General Objections set forth in Moderna's Second Supplemental Responses and Objections to Defendants' First Set of Common Interrogatories (Nos. 1-11), dated August 3, 2023, as if fully set forth herein.

MOD_001479784; MOD_001479798; MOD_001479809; MOD_001479824; MOD_001479825;

MOD_001479826; MOD_001479827; MOD_001479874; MOD_001479931; MOD_001479968;

MOD_001479989; MOD_001480011; MOD_001480012; MOD_001480013; MOD_001480014;

MOD_001480015; MOD_001480029; MOD_001480033; MOD_001480052; MOD_001480070;

MOD_001480085; MOD_001480086; MOD_001480087; MOD_001480088; MOD_001480103;

MOD_001480113; MOD_001480162; MOD_001480163; MOD_001480164; MOD_001480165;

MOD_001480198; MOD_001480247; MOD_001480278; MOD_001480302; MOD_001480339;

MOD_001480340; MOD_001480342; MOD_001480382; MOD_001480425; MOD_001480426;

MOD_001480443; MOD_001480447; MOD_001480451; MOD_001480452; MOD_001480469;

MOD_001480481; MOD_001480514; MOD_001480563.

Moderna reserves the right to supplement its response to this interrogatory as discovery continues.

**INTERROGATORY NO. 3:**

For each of the Patents-in-Suit, describe in detail, together with the identity of any supporting documents or things, the factual basis for Moderna's allegation that if Pfizer and BioNTech have infringed the Patents-in-Suit, such infringement was willful.

**RESPONSE TO INTERROGATORY NO. 3**

In addition to the General Objections set forth above and incorporated here, Moderna objects to this interrogatory to the extent it calls for premature disclosure of expert opinion.

Moderna further objects to this interrogatory to the extent that it seeks information that is not within Moderna's possession, custody, or control.

Moderna further object to this interrogatory to the extent it seeks information that is subject to an obligation of confidentiality to a third party.

Subject to the foregoing General and Specific Objections, Moderna responds as follows:

**HIGHLY CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER**

Willfulness requires a jury to "find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329-30 (Fed. Cir. 2021); *see also Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). In assessing willfulness, courts look to the totality of the circumstances to determine whether there was "specific intent to infringe at the time of the challenged conduct." *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, No. 18-cv-12029-ADB, 2022 WL 4824318, at 16 (D. Mass. Oct. 3, 2022) (denying summary judgment of no willfulness where the accused infringer admitted knowledge of the Patents-in-Suit at the time of infringement, and still began an "expensive marketing campaign to promote and sell its allegedly infringing product") (internal citations omitted). Knowledge of the patent at issue and evidence of infringement is relevant to willfulness. *Teva Pharms.*, 2022 WL 4824318 at 15. Further, when induced infringement is at issue—as it is here—a jury finding of inducement may suffice to show willfulness. *SRI Int'l*, 14 F.4th 1323 at 1329 (finding jury's unchallenged induced infringement findings, combined with Defendant's lack of reasonable bases for infringement and invalidity defenses, to be sufficient support jury finding of willful infringement).

> Some factors often considered in assessing willfulness include:
>
> (1) Whether or not [alleged infringer] acted consistently with the standards of behavior for its industry;
>
> (2) Whether or not [alleged infringer] intentionally copied a product of [patent holder] that is covered by the [ ] patent;
>
> (3) Whether or not [alleged infringer] reasonably believed it did not infringe or that the patent was invalid;
>
> (4) Whether or not [alleged infringer] made a good-faith effort to avoid infringing the [ ] patent, for example, whether [alleged infringer] attempted to design around the [ ] patent; and
>
> (5) Whether or not [alleged infringer] tried to cover up its infringement.

**HIGHLY CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER**

Federal Circuit Bar Association Model Patent Jury Instruction 3.10 Willful Infringement (May 2020). *See also L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126–27, 25 U.S.P.Q.2d 1913 (Fed. Cir. 1993) (reversing finding that infringement was not willful where infringer was warned prior to issuance of patent by patentee and copied the patented design); *Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 320CV02390RSHMSB, 2023 WL 2127994, at *17 (S.D. Cal. Feb. 10, 2023) (pre-issuance conduct relevant to finding of willfulness).

Defendants' infringement has been willful, e.g., deliberate and intentional, as shown by the totality of the circumstances, which include Defendants' copying of Moderna's mRNA platform technology.



■■■■■■■■■■■■■■■■ *Crane Sec. Techs., Inc. v. Rolling Optics AB*, 337 F. Supp. 3d 48, 57 (D. Mass. 2018), *aff'd*, 784 F. App'x 782 (Fed. Cir. 2019). ■■■■■■■■■■

BNT_COMIR_1295406 (■■■■■■■■■■); BNT_COMIR_1380657; ■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

BNT_COMIR_1380677;    BNT_COMIR_1378166;    BNT_COMIR_1379251;

BNT_COMIR_1379419;    BNT_COMIR_1379452;    BNT_COMIR_1379459;

BNT_COMIR_1379493;    BNT_COMIR_1379496;    BNT_COMIR_1379526;

13

HIGHLY CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER

BNT_COMIR_1379546; BNT_COMIR_1379559; BNT_COMIR_1379560; BNT_COMIR_1378186. Plaintiffs maintain a patent marking website (https://www.modernatx.com/patents), which is identified in their product labeling for Spikevax®. Plaintiffs' patent marking website identified the '600 patent by at least October 8, 2020, MOD_000664919, and the '574 patent by at least March 10, 2022, MOD_000664920. There is no requirement to mark with respect to the '127 patent, which contains only method claims. In addition to their constructive notice through Plaintiffs' patent marking,

Dated: November 17, 2023						Respectfully submitted:


							*/s/ Kevin S. Prussia*
							William F. Lee (BBO# 291960)
							Emily R. Whelan (BBO# 646982)
							Kevin S. Prussia (BBO# 666813)
							Andrew J. Danford (BBO# 672342)
							WILMER CUTLER PICKERING
							  HALE AND DORR LLP
							60 State Street
							Boston, MA 02109
							(617) 526-6000
							william.lee@wilmerhale.com
							emily.whelan@wilmerhale.com
							kevin.prussia@wilmerhale.com
							andrew.danford@wilmerhale.com

							Amy K. Wigmore (BBO# 629275)
							WILMER CUTLER PICKERING
							  HALE AND DORR LLP
							2100 Pennsylvania Avenue NW
							Washington, DC 20037
							(202) 663-6000
							amy.wigmore@wilmerhale.com

							*Counsel for Plaintiffs ModernaTX, Inc. and Moderna US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2023, I caused true and correct copies of the foregoing Moderna's Responses and Objections to Pfizer's First Set of Interrogatories (Nos. 1-4) to be served on the following counsel by email:

| | |
|---|---|
| Lee Carl Bromberg<br>Erik Paul Belt<br>Wyley Proctor<br>MCCARTER & ENGLISH, LLP<br>265 Franklin Street<br>Boston, MA 02110<br>(617) 449-6500<br>lbromberg@mccarter.com<br>ebelt@mccarter.com<br>wproctor@mccarter.com | Jeffrey S. Robbins<br>Joseph D. Lipchitz<br>Gregory M. Boucher<br>SAUL EWING ARNSTEIN & LEHR LLP<br>131 Dartmouth Street, Suite 501<br>Boston, MA 02116<br>(617) 723-3300<br>Jeffrey.Robbins@saul.com<br>Joseph.Lipchitz@saul.com<br>Gregory.Boucher@saul.com |
| Thomas H. L. Selby<br>Stanley E. Fisher<br>Kathryn S. Kayali<br>Michael Xun Liu<br>D. Shayon Ghosh<br>Julie Tavares<br>Derrick M. Anderson<br>Haylee Bernal Anderson<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue, S.W.<br>Washington, DC 20024<br>(202) 434-5000<br>tselby@wc.com<br>sfisher@wc.com<br>kkayali@wc.com<br>mliu@wc.com<br>sghosh@wc.com<br>jtavares@wc.com<br>danderson@wc.com<br>handerson@wc.com | Bruce M. Wexler<br>Eric W. Dittmann<br>Young J. Park<br>Simon F. Kung<br>Rebecca A. Hilgar<br>Carl J. Minniti, III<br>Michael Ryan Meuth<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 318-6000<br>brucewexler@paulhastings.com<br>ericdittmann@paulhastings.com<br>youngpark@paulhastings.com<br>simonkung@paulhastings.com<br>rebeccahilgar@paulhastings.com<br>carlminniti@paulhastings.com<br>ryanmeuth@paulhastings.com |

*/s/ Annaleigh E. Curtis*

Annaleigh E. Curtis
WILMER CUTLER PICKERING
   HALE & DORR LLP
60 State Street
Boston, MA 02128
526-617-6694