# EXHIBIT 39

EXHIBIT "J"

# WILMERHALE

December 6, 2023

**Annaleigh E. Curtis**

**Via E-Mail**

+1 617 526 6694 (t)
+1 617 526 5000 (f)
annaleigh.curtis@wilmerhale.com

Michael X. Liu
Williams & Connolly, LLP
680 Maine Avenue SW
Washington, DC 20024

Re:  *ModernaTX, Inc. v. Pfizer Inc., et al.*, C.A. No. 1:22-11378-RGS (D. Mass.)

Counsel,

We write in response to your November 22, 2023 letter concerning alleged deficiencies and/or improper assertions of privilege on Moderna's privilege log.

## Moderna's Communications with Other Parties

Defendants' November 22, 2023, letter asserts that Moderna must produce withheld documents or lift redactions on documents exchanged with certain other parties, some of whom Defendants identify only by domain name.  We note that Pfizer and BioNTech's privilege logs do not even contain domain name information/email addresses.  Please supplement your privilege logs by December 13, 2023 so that we may assess your claims of privilege over emails identified in your logs.

Defendants' incorrectly assert that Moderna's correspondence with a number of outside consultants commissioned by Moderna to provide information and guidance to facilitate legal analyses are not privileged.  Defendants' position is contrary to well-established law.  Where, as here, outside consultants fill the role of providing specialized information or guidance that "is necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit," privilege is not waived.  *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961).  Moderna's privileged correspondence with outside consultants fall squarely within this exception to the general rule of waiver.

- **Flagship Ventures/Syndestine**.  Moderna was founded initially by Flagship Ventures under the name LS18 or Syndestine.  In the early days of Moderna, Flagship Ventures ███████████████████████████████, including to facilitate legal and specialized guidance regarding intellectual property protection and analysis provided by Mr. Sieczkiewicz, who is an attorney then working for Flagship.  Accordingly, Moderna's correspondence with Flagship Ventures and/or Mr. Sieczkiewicz from the time period in

WilmerHale

Michael X. Liu
Page 2

question is privileged.[1]  We note that Defendants have been aware of Moderna's claim of privilege over such communications since at least September 8, 2023.  *See* September 8, 2023 Letter from D. Patel and accompanying Privilege Log.



WilmerHale

Michael X. Liu
Page 3



WILMERHALE

Michael X. Liu
Page 4



Defendants' November 22, 2023 letter further identifies a small number of non-responsive communications that are not relevant to the issues in this litigation and were inadvertently included on Moderna's privilege log.  Moderna will serve an amended privilege log removing these entries, but will not produce the documents and do not waive any privilege that may apply to them.

WilmerHale

Michael X. Liu
Page 5



**Entries on Moderna's Log For Which No "From" or "Author" Data Exists**

Defendants' November 22, 2023 letter claims that Moderna must provide an amended privilege log identifying "From" and/or "Author" information for "at least 313 entries" that Defendants assert are lacking such information. Pursuant to Paragraph 1(f)(i) of the Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") in this case, Moderna need only include "From (for emails) or Author (for all information other than emails)" information on its privilege log "*to the extent applicable*." ESI Order, ¶ 1(f)(i). To the extent entries on Moderna's privilege log do not include "From" or "Author" information, it is because there is no such "From"/"Author" data for the document. Because there is no "From" or "Author" data for these documents, the "From" and "Author" values in the ESI Order are not "applicable." Moderna has no obligation to manufacture data for documents where it does not exist.

Moreover, Moderna has already gone beyond its obligations under the ESI Order by providing Custodian information for *all documents*, including those for which no "From" or "Author" information is available. The Custodian information provided by Moderna for these documents provides a reasonable substitute for the unavailable "From"/"Author" data as it informs Defendants of the custodians likely to be knowledgeable of the documents. Because the data Defendants seek does not exist and Moderna has already provided a reasonable substitute, Moderna will not supplement its privilege log in this respect. We note that Defendants appear to have taken a similar approach in their privilege logs. *See, e.g.*, Pfizer Privilege Log Entry Nos. 52, 53, 62, 63, 108, 109, 117, 159, 206, 232, 435, 436, 480, 588 (providing "N/A" or "Microsoft Office User" for "From"/"Author" data); BioNTech Privilege Log Entry Nos. 6, 16, 32, 35, 105, 175, 223, 226 (providing no "From"/"Author" data).

WilmerHale

**Moderna's Fifth Supplemental Privilege Log**

Defendants' November 22, 2023 letter raises three purported issues with Moderna's Fifth Supplemental Privilege Log.

*First*, Defendants' assert that four documents described on Moderna's Fifth Supplemental Privilege Log reflect correspondence with Mr. Sieczkiewicz of Flagship Ventures, but that Moderna has not "show[n] a common legal interest" with Flagship Ventures. As explained above, in the timeframe during which those documents or communications were made, Mr. Sieczkiewicz was an in-house attorney at Flagship Ventures who provided Moderna legal advice, including specialized guidance regarding intellectual property protection and analysis provided by Mr. Sieczkiewicz. Accordingly, Moderna correspondence with Flagship Ventures and/or Mr. Sieczkiewicz is privileged. As we noted above, Defendants have been aware of this claim of privilege since at least September 2023.

*Second*, Defendants complain that 33 documents described on Moderna's Fifth Supplemental Privilege Log refer to legal advice or analysis provided by Moderna's legal department without specifying a specific attorney. The fact that Moderna's privilege log does not identify the specific, individual attorneys for these communications does not allow Defendants to invade Moderna's attorney client privilege. Indeed, Defendants have taken the exact same approach with respect to documents they have fully withheld from production. For example, Pfizer's privilege log identifies **over 400** documents that Pfizer withheld in full on the basis that they purportedly involve the [REDACTED] BioNTech's privilege log similarly includes multiple entries that do not identify any specific attorney and instead refer generally to "legal advice" or correspondence with "counsel." *See, e.g.*, BioNTech Privilege Log Entry Nos. 14, 19, 105. Defendants cannot reasonably suggest that Moderna must waive attorney client privilege or else produce such information when Defendants themselves have failed to do the same.

Further, the documents in question are narrowly redacted to remove privileged information, and—where possible—information confirming the privileged status is left unredacted. For example, the sole redaction in MOD_000055812 comes below a heading regarding [REDACTED] and another redaction in MOD_001023204 comes under the heading [REDACTED]. Defendants' complaints are thus misplaced and appear designed to distract the parties from more important matters.

*Third*, Defendants assert that 25 documents described on Moderna's Fifth Supplemental Privilege Log purportedly redact factual information [REDACTED]. Defendants' letter identifies Entry Nos. 3217, 3219-31, 3233, 3251-60. The information in the redacted areas reflects, as our log explains, legal advice or analysis from [REDACTED].

WILMERHALE

Michael X. Liu
Page 7

Sincerely,

*/s/ Annaleigh E. Curtis*

Annaleigh E. Curtis