# EXHIBIT 43

# EXHIBIT "N"

**WILMERHALE**

January 3, 2024

Annaleigh E. Curtis

+1 617 526 6694 (t)
+1 617 526 5000 (f)
annaleigh.curtis@wilmerhale.com

<u>Via E-Mail</u>

Karthik Kasaraneni
Paul Hastings
2050 M Street NW
Washington, DC 20036

Ryan Meuth
Paul Hastings
200 Park Avenue
New York, NY 10166

Counsel:

We write to respond Mr. Kasaraneni's December 22, 2023 Letter and December 22, 2023 email as well as Mr. Meuth's December 22, 2023 email.

**Mr. Kasaraneni's December 22, 2023 Letter and December 22, 2023 email**

BioNTech's December 22, 2023 Letter misconstrued Moderna's concerns regarding BioNTech's select assertion of privilege and raised baseless allegations that Moderna violated the Protective Order in the case.

As outlined in Moderna's December 12, 2023 Letter, Moderna identified documents containing analysis of patents and requested BioNTech's position on whether it made a claim of privilege over any of the documents. BioNTech stated that it made no privilege claim over these documents. ███████████████████████████████████████████████████████████, BioNTech has contended that some emails involving ███████ reaching out to non-lawyers at BioNTech about Moderna's patents do not contain privileged information while others do. According to BioNTech, this is the case regardless of whether documents include any attorneys on them. BioNTech has yet

---

[1] BNT_COMIR_1379496, is Exhibit 26 from the ████ deposition.  BioNTech affirmatively introduced BNT_COMIR_1379496 during ████ deposition. *See* 2023.12.06 ████ Deposition 255:19-23.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Denver   Frankfurt   London   Los Angeles   New York   Palo Alto   San Francisco   Washington

**WilmerHale**

January 3, 2024
Page 2

to provide an explanation for when a communication with ▮▮▮▮ that does not include counsel contains privileged information and when it does not.

Despite the ambiguity of BioNTech's assertion of privilege over some documents involving ▮▮▮▮ while affirmatively relying on other communications involving ▮▮▮▮, BioNTech alleges that Moderna has committed "violations of the Protective Order." 2023.12.22 K. Kasraneni Letter at 6. BioNTech's sole basis for this claim is that during depositions Moderna introduced documents that were purportedly labelled "Privileged and Confidential." 2023.12.22 K. Kasraneni Letter at 5. But in the very same letter BioNTech contends that marking a document privileged and confidential is not enough to constitute privilege alone. *See* 2023.12.22 K. Kasraneni Letter at n.1. Further, BioNTech was aware of its own production of such documents because Moderna cited to the parent email of one of these documents in an interrogatory response prior to ▮▮▮▮ deposition. *See* November 17, 2023 Response to Pfizer Interrogatory No. 3.[2] Moreover, as BioNTech points out, BioNTech had two days from ▮▮▮▮ deposition to search its production for documents similar to the documents it clawed back during ▮▮▮▮ deposition, yet did not notify us of any issue with any other documents during this period. That BioNTech failed to do so is further evidence of its intentional selective waiver of privilege over such documents.

**The Documents Identified in Mr. Meuth's December 22, 2023 Email**

Mr. Meuth's December 22, 2023 email identifies two privileged documents Defendants dispute.

*First*, Defendants are challenging MOD_000332132, a document that counsel for BioNTech attempted to introduce during the December 20, 2023 deposition of Dr. de Fougerolles notwithstanding Moderna's claw back of the document (*see* 2023.12.15 J. Salvatore Email to Counsel) and Pfizer's confirmation that the document was deleted (*see* 2023.12.20 D. Anderson Email to Counsel). As previously explained, this document is "a memorandum requesting or reflecting legal advice or analysis regarding intellectual property analysis or protection. The attorney whose advice was requested was ▮▮▮▮ 2023.12.21 J. Salvatore Email to Counsel). It is Moderna's understanding that the document reflects legal advice from ▮▮▮▮

---

[2] BioNTech cannot contend that it was unaware of Moderna's response to Pfizer's interrogatory which asked Moderna to "describe in detail, together with the identity of any supporting documents or things, the factual basis for Moderna's allegation that if Pfizer and **BioNTech** have infringed the Patents-in-Suit, such infringement was willful." November 17, 2023 Response to Pfizer Interrogatory No. 3 (emphasis added). Not only was the original interrogatory provided to BioNTech on October 18, 2023 by counsel for Pfizer, when Moderna responded to the interrogatory, it served its response on BioNTech as well. Further, though the interrogatory was served by Pfizer, it was clearly a contention interrogatory posed on behalf of both defendants.

WILMERHALE

January 3, 2024
Page 3

while also seeking additional legal advice from ▓▓▓▓▓▓.  The document is thus privileged in full, and Moderna cannot produce a redacted copy of the document.

**Second**, Defendants are challenging Moderna's redactions to MOD_000282515, redactions that counsel for BioNTech asked about during the deposition of Dr. Schrum. The redactions are conveying or reflecting legal advice or analysis of Greg Sieczkiewicz regarding intellectual property analysis or protection. Defendants state that "the deposition of Dr. Schrum of December 19 has shown that Schrum Ex. 13 … was improperly redacted." 12/22/23 Meuth Email. Tellingly, though, Defendants have provided no reason why these redactions are improper, and do not even cite to any particular portion of Dr. Schrum's deposition. To the contrary, Dr. Schrum testified that Greg Sieczkiewicz, a lawyer from whom he received legal advice for Moderna, provided input on the document. *See* Schrum Tr. 353:8-16, 356:17-357:11. If Defendants have some basis for the claim that the redactions are improper, provide it.

We trust that this additional information resolves Defendants' concerns identified in Mr. Meuth's December 22, 2023 email.

Sincerely,

*/s/ Annaleigh E. Curtis*

Annaleigh E. Curtis