# EXHIBIT 45

# EXHIBIT "P"

WILMERHALE

January 11, 2024

Annaleigh E. Curtis

+1 617 526 6694 (t)
+1 617 526 5000 (f)
annaleigh.curtis@wilmerhale.com

<u>Via E-Mail</u>

Karthik Kasaraneni
Paul Hastings
2050 M Street NW
Washington, DC 20036

Counsel:

We write in response to your January 9, 2024 correspondence.

### I. BioNTech Cannot Delay Resolution of Moderna's Concerns Regarding BioNTech's Improper Sword-and-Shield Approach to Privilege

Moderna sent a letter dated December 12, 2023 that addressed its concerns with BioNTech's sword-and-shield approach to privilege. Not until December 22, 2023 did BioNTech substantively respond to Moderna. *See* 2023.12.22 K. Kasaraneni Letter. Also on December 22, 2023, BioNTech raised, for the first time, concerns with Moderna's privilege assertions regarding two documents: MOD_000282515 and MOD_000332132. *See* 2023.12.22 R. Meuth Email. Following subsequent correspondence and a meet and confer on January 4, 2024, Moderna, on January 8, 2024 sent a letter, that, inter alia, stated what was evident from the meet and confer—that the parties are at an impasse on BioNTech's sword-and-shield approach to privilege—and responded to the questions BioNTech raised on the meet and confer regarding MOD_000282515 and MOD_000332132.

On January 9, 2024 BioNTech responded. Instead of addressing Moderna's concerns regarding BioNTech's sword-and-shield approach to privilege or agreeing that the parties are at an impasse on this issue, BioNTech stated that Moderna "has failed to address key questions . . . with regard to Moderna's issue with BioNTech's withholding of privileged documents" that were purportedly raised in BioNTech's December 22 Letter and during the January 4 meet and confer. 2024.01.09 K. Kasaraneni Email. Tellingly, BioNTech did not include any such key questions. BioNTech's email also incorrectly states that Moderna raised "several new assertions" in the meet and confer, yet does not identify any new assertions.

BioNTech, did, however, respond to Moderna's answers regarding MOD_000282515 and MOD_000332132, including requesting another meet and confer on January 10 or January 11 or confirmation that the parties are at impasse on BioNTech's issues. BioNTech has been aware of Moderna's concerns with its sword-and-shield privilege approach since December 12. After nearly a month BioNTech refuses to confirm that the parties are at impasse. Instead, BioNTech has consistently delayed responding and now suggests there is some information it has yet to provide, but will do so soon, yet has demanded prompt responses from Moderna on issues BioNTech has raised. This is improper. BioNTech cannot ignore or deprioritize the concerns Moderna raised

**WILMERHALE**

January 11, 2024
Page 2

while trying to expedite consideration of concerns BioNTech raised subsequently. The parties are at an impasse.

## II.  Moderna's Privilege Assertions

Your January 9, 2024 correspondence also inaccurately characterizes the meet and confer as well as Moderna's January 8, 2024 Letter.

With respect to MOD_000282515, and counter to your assertion, our January 8, 2024 letter does not expressly disclaim any common legal interest privilege between Moderna and Flagship Ventures. Instead, our letter explains that "Moderna was founded by Flagship Ventures under the name LS18 in 2010, at which point it operated as a part of Flagship." A. Curtis January 8, 2024 Letter at 7. The Letter further states [REDACTED] *Id.* It also states that, the "claim of privilege over this document does not rest on a common interest, but rather arises out of the fact that it reflects the legal advice of Mr. Sieczkiewicz to Flagship and the new entity created by Flagship, which ultimately became Moderna." *Id.* Your January 9, 2024 correspondence also appears to question whether MOD_000282515 was created in 2010. MOD_000282515 is titled "***2010* Fellows – RNA Agonism.**" Further evidence that this document was created in 2010 is SCHRUM_00002305, a parallel document of MOD_000282515, with metadata confirming that the document is from August 31, 2010. Your January 8, 2024 letter also seems to suggest there are inconsistencies between Dr. Schrum's testimony and Moderna's privilege redactions. Besides it being improper for BioNTech's attorney to have asked about redactions clearly marked privileged, there is nothing inconsistent about Dr. Schrum's testimony and the redactions. For example, as the testimony before and after what you cite in your correspondence explains, portions of MOD_000282515 reflect feedback from Mr. Sieczkiewicz. *See* Schrum Tr. 353:2-25. As Dr. Schrum further explained, Mr. Sieczkiewicz, "at the time" of MOD_000282515, was the Vice President of Intellectual Property at Flagship Ventures, and Dr. Schrum received "legal advice from Mr. Sieczkiewicz in [his] work for Flagship and Moderna." *Id.* at 356:17-357. Moreover, based on our consideration of other privileged information, communications with Dr. Schrum, and Dr. Schrum's testimony, we have confirmed that the limited redacted information in MOD_000282515 (i.e., Exhibit 13 to the Schrum deposition) is privileged. Moderna reserves the right to submit additional information supporting our privilege claim for in camera review to the extent necessary.

As for MOD_000332132, at BioNTech's request, we provided several contemporaneous privilege entries that support the assertion that that the document is a memorandum requesting or reflecting legal advice or analysis regarding intellectual property analysis or protection from [REDACTED]. These entries, as you point out in your email, are "emails with or without attachments 'conveying or reflecting legal advice or analysis regarding intellectual property analysis or protection,' and the remaining two are listed as emails with attachments 'requesting legal advice or analysis regarding intellectual property analysis or protection.'" K. Kasaraneni January 9, 2024 Email. Each of these entries also involves Dr. de Fougerolles and [REDACTED]. Based on our

WilmerHale

January 11, 2024
Page 3

consideration of other privileged information and communications with Dr. de Fougerolles, we have confirmed that the MOD_000332132 document requests or reflects legal advice or analysis regarding intellectual property analysis or protection from outside counsel, including ███████, and has been appropriately withheld in full.  We are unable to disclose more information beyond what is already disclosed on the privilege log without disclosing privileged information.  Moderna reserves the right to submit additional information supporting our privilege claim for in camera review to the extent necessary.

      To the extent that this correspondence (as well as our prior correspondences on the matter) do not resolve BioNTech's concern, it is Moderna's position that the parties are at an impasse.

Sincerely,

*/s/ Annaleigh E. Curtis*

Annaleigh E. Curtis